## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,

                    Plaintiff,

        v.

CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
the   BOARD   OF   EDUCATION   OF
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
SHEILA BOOZER, and KEN KLEBER,

                    Defendants.

Case No. 2:24-cv-02240-CSB-EIL

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the District"), BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the Board"), SHELIA BOOZER, and KEN KLEBER submit this Memorandum of Law in support of their Motion to Dismiss certain claims in Plaintiff's First Amended Complaint.

Plaintiff's First Amended Complaint contains six counts, alleging claims under federal and Illinois state law. Counts I and II assert claims of retaliation and hostile work environment under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/101 *et seq.*; Counts III and IV assert claims of retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; Count V asserts violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*; and Count VI asserts a common law claim for negligent hiring and negligent retention. The First Amended Complaint is pled so that all four named Defendants are defendants to all six counts.

3378346.5

For the reasons detailed below, this is improper. Neither Title VII nor the IHRA provide for individual liability, and therefore individual defendants Boozer and Kleber must be dismissed from the IHRA and Title VII claims in Counts I, II, III, and IV.

The discrimination and hostile work environment claims asserted under the IHRA and Title VII in Counts II and IV must also be dismissed against all Defendants because those claims are outside the scope of the underlying administrative charge dually filed with the Illinois Department of Human Rights ("IDHR") and U.S. Equal Employment Opportunity Commission ("EEOC"). Further, to the extent that Plaintiff's IHRA and Title VII claims (Counts I, II, III, and IV) complain of discrete acts occurring more than 300 days before Plaintiff filed her IDHR/EEOC Charge, such claims are time-barred.

As for Plaintiff's negligent hiring and negligent retention claim (Count VI), that claim fails for the additional reasons that it is time-barred under the one-year limitations period in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1–101 *et seq.*, and is preempted by the IHRA under the Illinois Supreme Court's *Geise v. Phoenix Co. of Chicago, Inc.*[1] decision. According, Count VI should be dismissed as both untimely and preempted.

## I.    FACTUAL ALLEGATIONS[2]

### A.  Allegations from the First Amended Complaint

Plaintiff has been employed with Defendant District since 2001. First Amended Complaint, ¶1. Defendant Boozer is Superintendent of the District, and Defendant Kleber is Assistant Superintendent of Human Resources and Organizational Effectiveness for the District. First Amended Complaint, ¶¶4, 5.

---

[1] 159 Ill.2d 507 (1994).
[2] Defendants assume Plaintiff's well-pleaded allegations are true solely for purposes of this Motion to Dismiss.

3378346.5

In Plaintiff's First Amended Complaint, she alleges that approximately twenty years ago, she was in a relationship with co-worker Scott Savage. First Amended Complaint, ¶15. At that time, Savage was a teacher. First Amended Complaint, ¶15. Plaintiff alleges that Mr. Savage subjected her to severe physical and emotional abuse and stalked her at home and work. First Amended Complaint, ¶16. According to Plaintiff, the relationship ended in 2003 and Savage ultimately left the District and taught elsewhere for several years. First Amended Complaint, ¶¶16, 17.

In April, 2022, Plaintiff learned that Savage was a finalist for the position of Principal at Centennial High School in the District. First Amended Complaint, ¶19. Upon learning that Savage was being considered for a high school principal position, Plaintiff spoke to Defendants Boozer and Kleber about her concerns about having to work with Savage. First Amended Complaint ¶¶22, 23. Savage was ultimately hired, but resigned after a physical incident with a student in April, 2023. First Amended Complaint, ¶¶25, 45.

### B. Allegations from Plaintiff's Charge of Discrimination

Plaintiff filed a Charge of Discrimination ("Charge") with the IDHR on May 23, 2023, IDHR Charge No. 2023SE1707. First Amended Complaint, ¶9. The Charge was dually filed with EEOC and assigned EEOC Charge No. 440-2022-05048. First Amended Complaint, ¶9.

Plaintiff did not attach a copy of the Charge or either agency dismissal to her original or First Amended Complaint. A copy of the Charge is attached hereto in support of Defendants' Motion to Dismiss is attached hereto as Exhibit A. The Court may appropriately take judicial notice of the Charge, particularly when it forms the basis of Plaintiff's IHRA and Title VII claims. *See Mitchell v. B-Way Corp.*, 2021 WL 83735 at *1, fn. 1, 3 (N.D. Ill. Jan. 21, 2021) (in evaluating a motion to dismiss in an employment discrimination action, court took judicial notice of EEOC

notice of charge, IDHR notice of dismissal, IDHR investigation report, and other agency documents where the plaintiff referenced the investigation report and administrative agency process in his complaint).

The Charge is a sworn statement. In it, Plaintiff identifies "retaliation" as the sole basis for the Charge and identifies the earliest date of discrimination as April 11, 2023.

## II.    LEGAL STANDARD

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on such a motion, the Court accepts as true all well-pled allegations but is not constrained by the legal characterizations placed upon those allegations by the plaintiff. *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992); *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 182-83 (7th Cir. 1986). To survive a motion to dismiss, a complaint must state sufficient factors or inferential allegations to support every material element necessary for recovery under the relevant legal theory. *Papapetropoulous v. Milwaukee Transp. Svcs.*, 795 F.2d 591, 594 (7th Cir. 1986). A complaint must also "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In the wake of the Supreme Court's decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Seventh Circuit set forth the standards for a pleading to survive a Rule 12(b)(6) motion to dismiss:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

3378346.5

### III.    ARGUMENT

#### A.  Because Defendants Boozer and Kleber Are Not "Employers" Under Title VII, They Must Be Dismissed as Parties to the Title VII Claims in Counts III and IV

Plaintiff's Title VII retaliation and discrimination and hostile environment claims (Counts III and IV) should be dismissed as to Defendants Boozer and Kleber because supervisors cannot be held individually liable under Title VII. Title VII prohibits employers from discriminating against employees and applicants based upon race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a). The statute defines "employer" as a person engaged in an industry affecting commerce who has fifteen or more employees, and "any agent of the employer". 42 U.S.C. §2000e(b). For nearly thirty years, the Seventh Circuit has held that the language "any agent of the employer" is intended only to provide for *respondeat superior* liability against employers for the acts of their agents. *See Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995). However, "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer". *Id.* at 555 (affirming dismissal of plaintiff's Title VII claim against an individual supervisor); *see also Passananti v. Cook County*, 689 F.3d 655, 677 (7th Cir. 2012) (holding that individual supervisor may not be held individually liable under Title VII).

Taking the allegations of the Complaint as true, Defendants Boozer and Kleber are employed with the District as its Superintendent and Assistant Superintendent of Human Resources and Organizational Effectiveness, respectively. First Amended Complaint, ¶¶4, 5. Boozer and Kleber do not meet the statutory definition of "employer" under Title VII. Accordingly, Plaintiff cannot assert Title VII claims against these two individual Defendants and they should be dismissed as parties to Counts III and IV of Plaintiff's First Amended Complaint.

3378346.5

**B. Because the IHRA Does Not Assess Individual Liability, Defendants Boozer and Kleber Should Be Dismissed As Parties to Plaintiff's IHRA Claims (Counts I and II)**

Plaintiff's retaliation and discrimination hostile work environment claims under the IHRA (Counts I and II) must likewise be dismissed as against Defendants Boozer and Klieber because IHRA claims cannot proceed against individual employees.

As pled by Plaintiff in her First Amended Complaint, the IHRA makes it a civil rights violation "for any *employer* to refuse to hire, to segregate, to engage in harassment ... or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination ....". 775 ILCS 5/2-102 (emphasis added). The IHRA defines "employer" in a number of ways, including the following:

> (a) Any person employing one or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the alleged violation;
>
> (b) Any person employing one or more employees when a complainant alleges civil rights violation due to unlawful discrimination based upon his or her physical or mental disability unrelated to ability, pregnancy, or sexual harassment;
>
> (c) The State and any political subdivision, municipal corporation or other governmental unit or agency, without regard to the number of employees;

775 ILCS 5/2-101(B)(1)(a)-(c). The IHRA's anti-retaliation provision likewise prohibits any "person" from retaliating against another person for engaging in protected activity under the IHRA. 775 ILCS 5/6-101(A).

Though the IHRA uses the term "person" in both its anti-discrimination and anti-retaliation provisions, the Illinois Appellate Court has rejected the argument that the term authorizes individual liability against individual supervisors. Rather, alleged retaliatory actions taken by an employee acting within the scope of their employment may only form the basis of an IHRA retaliation claim against the employer, not the individual employee. *Watkins v. Office of State*

6

3378346.5

*Appellate Defender*, 2012 IL App (1st) 111756, ¶37 (2012); *Anderson v. Modern Metal Productions*, 305 Ill. App. 3d 91, 102 (2d Dist. 1999); *Kozlowski v. Greenridge Farm, Inc.*, 338 F. Supp. 3d 828 (N.D. Ill. 2018) (granting motion to dismiss IHRA retaliation claim against supervisor); *Robinson v. City of Evanston*, 2017 WL 201374, *5 (N.D. Ill. Jan. 18, 2017) (same).

In *Watkins*, the Illinois Appellate Court affirmed the dismissal of the plaintiff's IHRA retaliation claims against an employee individually. *Watkins*, 2012 IL App (1st) 111756, ¶38. The plaintiff, a former employee of the Office of the Appellate Defender, alleged that the State Appellate Defender retaliated against the plaintiff for filing a grievance opposing what the plaintiff viewed to be unlawful discrimination. *Id.* at ¶¶7, 37.  The appellate court noted that the IHRA "does not provide for liability against individual employees ... at least in cases where the individual was acting within the scope of their employment". *Id.* at ¶37 (citing *Anderson*, 305 Ill. App. 3d at 102) (supervisor's suspension of plaintiff and threats to terminate plaintiff in retaliation for filing earlier discrimination charges against employer were actions taken by the employer). Accordingly, the IHRA claims against Boozer and Kleber should be dismissed.

### C.  Those Aspects of Plaintiff's Title VII and IHRA Claims Based on Actions Occurring Before July 27, 2022 Are Time-Barred

Before filing suit under Title VII or the IHRA, a plaintiff must timely file a charge of discrimination with the EEOC or IDHR. *See Salas v. Wisconsin Dept. of Corrections*, 493 F.3d 913, 921 (7th Cir. 2007); *Whitaker v. Illinois Human Rights Comm'n*, 184 Ill. App. 3d 356, (1st Dist. 1989). Under the applicable provisions of Title VII and the IHRA, Plaintiff was required to file her Charge no later than 300 days after the alleged unlawful employment practice at issue in her Charge. 42 U.S.C. §2000e-5(e); 775 ILCS 5/7A-102(A)(1)."[E]ach discrete discriminatory act 'starts a new clock for filing charges alleging that act,' and charges not filed within 300 days of

the act in question are not actionable". *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 860 (7th Cir. 2005).

Plaintiff filed her charge with the EEOC on May 23, 2023. First Amended Complaint, ¶9. Therefore, any allegations of wrongdoing occurring before July 27, 2022 (300 days before May 23, 2023) are time-barred. *Brown v. Illinois Dept. of Natural Resources*, 499 F.3d 675, 681 (7th Cir. 2007) ("discrete acts" that occurred more than 300 days before the filing of the charge were time-barred); *Mull v. Abbott Laboratories*, 563 F. Supp. 2d 925, 929-30 (N.D. Ill. June 30, 2008) (dismissing claims premised on discrete acts that occurred outside the 300-day window). This would include the alleged hostile environment created by Scott Savage's April, 2022 hire and any alleged discrimination or retaliation manifested as reprimands and scrutiny of her work (First Amended Complaint, ¶34) that occurred before July 27, 2022.

### D. Plaintiff's Negligent Hiring and Negligent Retention Claim (Count VI) Is Barred Under the Illinois Tort Immunity Act's One-Year Limitations Period

Count VI of Plaintiff's First Amended Complaint purports to state a common law claim for negligent hiring and negligent retention in connection with the hiring of Scott Savage as Principal. As established below, any such claim is time-barred under the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1–101 *et seq*.

Under Illinois law, tort claims against a government entity or its employees are governed by the Tort Immunity Act's one-year statute of limitations, 745 ILCS 10/8–101(a). *See Halleck v. Cnty. of Cook*, 264 Ill.App.3d 887 (1994) (holding that the one-year bar applies to a retaliatory discharge claim against county); *see also Cherry v. Davis*, No. 12 C 4070, 2013 WL 1628236, at *2–3 (N.D. Ill. Apr. 15, 2013) (finding conspiracy and intentional infliction of emotional distress claims were barred by the Tort Immunity Act).

The Seventh Circuit has made clear that the statute of limitations begins to run from the date of the plaintiff's injury, and in this case, the very last such injury could have been no later than April, 2023, when Savage resigned his employment with Defendant Board. *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). The allegations in the First Amended Complaint state that Plaintiff suffered harm by being required to attend meetings and work with Savage. First Amended Complaint, ¶¶32, 33, 36, 37, 87. If Savage resigned as a result of the April, 2023 incident with the student, then any harm that Plaintiff suffered ended with his resignation. Accordingly, the statute of limitations began running no later than the date of Savage's resignation and expired one year later. Plaintiff's Charge, which was filed on May 23, 2023, references Savage's resignation, so that his resignation must have occurred before the Charge's filing date. Plaintiff did not file her original Complaint in state court until July 7, 2024, more than a year later. By operation of the Tort Immunity Act's one-year limitations period, her negligent hiring and negligent retention claim is barred, and for this reason, the Court should dismiss Count VI of the First Amended Complaint.

### E. Plaintiff's Negligent Hiring and Retention Claim (Count VI) Is Preempted by the IHRA

Plaintiff's negligent hiring and negligent retention claim should be dismissed for the additional reason that it is preempted by the IHRA. The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act". 775 ILCS § 5/8-111(D). To determine whether the IHRA preempts a tort claim, the court asks "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself". *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997).

In her First Amended Complaint, Plaintiff alleges that Defendants violated the IHRA by creating or permitting the creation of a hostile work environment, and more specifically that they

3378346.5

required her to work with Savage despite being aware of her past experiences with Savage and how those experiences affected her. First Amended Complaint, ¶¶56, 57, 58. Those same allegations are incorporated into the negligent hiring and negligent retention claim in Count VI; there are no separate facts pled in support of that claim. Defendant Board's duty to protect Plaintiff from a hostile work environment "exists, from an Illinois law perspective, because the IHRA prohibits sexual harassment". *See Brownlee v. Catholic Charities of the Archdiocese of Chicago*, 2017 WL 770997, at *8 (N.D. Ill. 2017).

The Illinois Supreme Court's decision in *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507 (1994), is on point and requires dismissal of Plaintiff's negligent hiring and retention claim. In *Geise*, the plaintiff alleged that her employer negligently hired and retained a manager who sexually harassed the plaintiff. *Id.* at 511–12. The court observed that, but for the IHRA's proscription against sexual harassment, the plaintiff would have had no legally cognizable claim against her employer. *Id.* at 517. The *Geise* court noted that while the plaintiff may have styled her claims as "negligent hiring" and "negligent retention", the allegations of negligence on the part of the employer were premised on the allegation that the employer hired and retained a manager who engaged in sexual harassment. *Id.* at 518. Absent the IHRA's prohibition of sexual harassment, the employer's hiring and retention of an employee whose conduct created a hostile work environment would not have been an actionable tort. The IHRA furnished the legal duty that the employer was alleged to have breached. The *Geise* court held that such tort claims were in essence claims of a "civil rights violation" and, accordingly, could only be brought before the Illinois Human Rights Commission. *Id.*

As in *Geise*, Plaintiff's negligent hiring and negligent retention claim depends upon and is "inextricably intertwined" with the IHRA's statutory prohibition against harassment, such that any

common law claim based solely on her employer's hiring and retention of an alleged harasser has a remedy under the IHRA. Accordingly, dismissal of Count VI is appropriate on this basis as well as untimeliness.

> **F.  Plaintiff's IHRA and Title VII Discrimination and Hostile Environment Claims (Counts II and IV) Are Outside the Scope of Her Charge and Must Be Dismissed**

It is well-settled that a plaintiff may not raise a discrimination claim in a lawsuit that she did not assert in an administrative charge. *Jackson v. Urbana School Dist. No. 116*, 2013 WL 718666 at *6 (C.D. Ill. 2013); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005) ("claims brought in judicial proceedings must be within the scope of charges filed with the EEOC; '[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination'").

A plaintiff may proceed on claims not explicitly raised in her administrative charge only if the claim is "like or reasonably related to" the charge, such that it "reasonably could be expected to grow out of an EEOC investigation of the charge". *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). The purpose of this requirement is to provide the party against whom the charge is filed adequate notice of the charge and an opportunity to conciliate the charge before it becomes a lawsuit. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

Here, the *sole* basis for Plaintiff's May 23, 2023 Charge was retaliation for filing prior discrimination charges with IDHR. In the Charge, Plaintiff maintains that she was demoted in retaliation for filing those charges. In her First Amended Complaint, however, Plaintiff asserts discrimination and hostile work environment claims under both the IHRA (Count II) and Title VII (Count IV). While those allegations may have formed the basis of Plaintiff's earlier IDHR charges,

they are not part of her May 23, 2023 Charge. As such, Plaintiff's discrimination and hostile environment claims are not like or reasonably related to the allegations in the May 23, 2023 Charge upon which her lawsuit is premised. In similar cases, courts have not hesitated to dismiss such claims on a motion to dismiss. *See Harden v. Board of Trustees Eastern Illinois Univ.*, 2013 WL 6248500 at *1-2 (C.D. Ill. 2013) (dismissing the plaintiff's wrongful termination, hostile environment, harassment, and discriminatory pattern or practice claims with prejudice because they were not reasonably related to the plaintiff's EEOC charge asserting a failure to promote); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir. 1992) (holding "it will not suffice to file general charges with the EEOC . . . and then to expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit").

## IV.    CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court dismiss Defendants Boozer and Kleber as parties to Plaintiff's IHRA and Title VII claims in Counts I, II, III, and IV; dismiss the discrimination and hostile work environment claims in Counts II and IV as outside of the scope of Plaintiff's Charge; limit Plaintiff's IHRA and Title VII claims to only those events occurring after July 27, 2022; and dismiss the negligent hiring and retention claim in Count VI as both untimely under the Tort Immunity Act and preempted by the IHRA.

Dated:  December 5, 2024                Respectfully submitted,

**CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, SHELIA BOOZER, and KEN KLEBER**, Defendants.


By: */s/ Tracey L. Truesdale*
    One of Their Attorneys

12

3378346.5

Caroline K. Kane
ckk@franczek.com
Tracey L. Truesdale
tlt@franczek.com
Hailey M. Golds
hmg@franczek.com
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

3378346.5

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 5th day of December, 2024, she caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be filed with the Clerk of the Court using the CM-ECF Filing system which electronically serves a copy upon the following counsel of record:

> Jamie S. Franklin
> C-K Law Group
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu

> _/s/ Tracey L. Truesdale_

14

3378346.5