IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KATINA WILCHER, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, )<br>the BOARD OF EDUCATION OF )<br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, )<br>SHEILA BOOZER, and KEN KLEBER, )<br>)<br>*Defendants.* ) | Case No. 2:24-cv-02240-CSB-EIL |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS**

Defendants filed a partial motion to dismiss on December 5, 2024 (Dkt. No. 16). Plaintiff Katina Wilcher respectfully responds as follows.

**I.    ARGUMENT**

    **A.    The plaintiff does not seek individual liability under Title VII.**

The plaintiff does not allege that defendants Boozer or Kleber are individually liable under Title VII.

    **B.    Defendants Boozer and Kleber can be individually liable under the IHRA.**

Defendants misstate the law regarding individual liability under the Illinois Human Rights Act (IHRA). They argue broadly that individuals cannot be sued under the IHRA, citing *Watkins v. Office of State Appellate Defender*, 2012 IL App (1st) 111756, ¶37 (2012). *Watkins* involves only a *retaliation* claim. Here, Ms. Wilcher alleges both retaliation and hostile work environment claims against Boozer and Kleber.

1.  **Hostile work environment claim**

Individual supervisors and decision makers can be liable under the IHRA for creating a hostile work environment. The IHRA explicitly states that it is a civil rights violation for any "employer, employee, or agent of any employer" to engage in sexual harassment, which includes creating a hostile work environment. 775 ILCS 5/2-102(D). As such, "an individual may be held liable for sexual harassment under the IHRA." *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 923 (N.D.Ill. 2021) (quoting *Stokes v. John Deere Seeding Group*, No. 4:12-cv-04054-SLD-JEH, 2014 U.S. Dist. LEXIS 136694, 2014 WL 4901765, at *13 n.6 (C.D. Ill. Sept. 29, 2014); *see also Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017). Defendants cite no case law to the contrary, and *Watkins* does not apply to hostile work environment claims.

Ms. Wilcher has alleged that Kleber and Boozer were decision makers regarding the hiring of Scott Savage. 1st Am. Cplt. ¶¶ 4, 5 (Dkt. No. 11). She alleges that she complained to both Kleber and Boozer about hiring Savage and explained that he had abused her in the past but that they hired him anyway. *Id.* at ¶¶ 22, 23. She alleges that she asked that she not be forced to attend meetings or share space with Savage – but the individual defendants forced her do so. *Id.* at ¶¶ 28, 29. She has adequately pled that defendants Kleber and Boozer engaged in activities that created a hostile work environment.

2.  **Retaliation claim**

The Illinois Supreme Court has not issued a decision regarding individual liability for retaliation under the IHRA. However, the Seventh Circuit held in an unpublished decision that the prohibitions in 775 ILCS 5/6-101 apply to *any person*, not just to employers. *Nieman v. Hale*, 541 Fed. Appx. 693, 695, (7th Cir. 2013), a holding that is contrary to the *Watkins* case cited by defendants. In *Bryant v. SPARC*, Case No. 22-3193-JES-JEH, 2023 U.S. Dist. LEXIS 91712, *9

2

(C.D.Ill. May 25, 2023), the court acknowledged the disagreement between *Watkins* and *Nieman* and noted that individual supervisors may be liable if they are found to have been personally involved in the retaliatory action. *Id*. at * 9-10.

Here, Ms. Wilcher alleges that both Kleber and Boozer were involved in employment decisions, including the decision to demote her after she complained about the hostile work environment created by the presence of Mr. Savage and that she was demoted by Mr. Kleber. 1st Am. Cplt. ¶¶ 4, 5, 40. She has adequately pled that the individual defendants retaliated against her in violation of the IHRA. She respectfully suggests that this Court follow the reasoning in *Nieman* regarding individual liability under the IHRA for retaliation claims.

    **C.**    **The plaintiff's discrimination and retaliation claims are not untimely.**

Defendants next argue that because Ms. Wilcher filed her EEOC charge on May 23, 2023, any claims based on acts that occurred prior to 300 days before that date (or July 27, 2022) are time-barred. However, Ms. Wilcher brings a hostile work environment claim that is based on a series of events that, taken together, constitute harassment. Such claims are timely if just one of the events creating the hostile work environment falls within the 300-day time period. *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct …. Thus, a hostile-work-environment charge is timely as long as 'any act falls within the statutory time period,' even if the charge encompasses events occurring prior to the statutory time period.") (Quoting *Amtrak v. Morgan*, 536 U.S. 101, 115 (2002).

Here, Ms. Wilcher alleged acts that took place within 300 days of filing her charge. She was required to work with Scott Savage the entire time he was employed – from April 2022 until he was fired in April 2023. All but three months of that time period falls within 300 days of

filing the charge. And Ms. Wilcher was demoted in April 2023 – well within the 300 days. Defendants' timeliness argument fails on both counts.

    **D.**    **Plaintiff will dismiss her negligent hiring and retention claims.**

    **E.**    **Plaintiff's IHRA and Title VII hostile work environment claims are within the scope of her charge.**

Lastly, the defendants argue that because Ms. Wilcher checked only the box for "retaliation" on her EEOC charge, she should be barred from proceeding with hostile work environment claims. This argument has been rejected in cases where the plaintiff explains her claims in an attached statement of facts – exactly as Ms. Wilcher did here. See Exhibit A, EEOC Charge.

As long as the defendants are put on notice of the potential claims in the charge – including the statement of facts – the claims are not waived. "The Seventh Circuit has adopted a liberal standard for reviewing the scope of an EEOC charge and has held that [a]ll claims of discrimination are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Lietz v. Vill. of Schiller Park,* Case No. 18-cv-4139, 2019 U.S. Dist. LEXIS 250314, *10 (N.D.Ill. Mar. 26, 2019) (cleaned up); *Oglesby v. Coca-Cola Bottling Co.*, 620 F. Supp. 1336, 1344 (N.D. Ill. 1985) ("What controls is not what the EEOC did but what it was given the opportunity to do.").

Here, Ms. Wilcher's statement of facts clearly indicates that she is alleging that she suffered a hostile work environment. She alleged that she reached out with a "safety concern" about her work environment; that she was forced to participate in meetings with Scott Savage and that she did not feel safe in the same space as him; that she informed the defendants but they continued to require her to be in meetings with Savage; and that she was "discriminated against" by defendants. Her charge puts defendants on notice that she suffered a hostile work

4

environment. That is all that is required, because charges must be interpreted liberally in favor of the charging party. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) ("The standard is a liberal one in order to effectuate the remedial purposes of Title VII."). Unlike the plaintiff in *Harden v. Bd. of Trs. E. Ill. Univ.*, Case No. 12-2199, 2013 U.S. Dist. LEXIS 170252, *1 (C.D.Ill. Oct. 9, 2013), Ms. Wilcher described her hostile work environment claim in her statement of facts, allowing defendants ample notice.

## II.   CONCLUSION

For the reasons stated above, plaintiff respectfully requests that this Court deny defendants' motion to dismiss plaintiff's IHRA claims against Boozer and Kleber, deny defendants' motion to dismiss her hostile work environment and retaliation claims on the issue of timeliness, and deny defendants' motion to dismiss her hostile work environment claims on the issue of the scope of the EEOC charge.

Respectfully Submitted this 19th day of December 2024

*/s Jamie S. Franklin*

Jamie S. Franklin
C-K Law Group
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 19th day of December 2024, she caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Partial Motion to Dismiss to be filed with the Clerk of the Court using the CM-ECF Filing system, which electronically serves a copy upon the following counsel of record.

/s/ Jamie S. Franklin

Jamie S. Franklin

Service List:

Tracey L. Truesdale
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606
tlt@franczek.com

# Exhibit A

EEOC Form 5 (11/09)

**EEOC RECEIVED: May 23, 2023**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 440-2023-05048 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Katina Wilcher | 217-390-2268 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 609 Crestwood Dr., Champaign, IL 61822 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Champaign Unit 4 Schools | 100+ | 217-351-3822 |

| Street Address | City, State and ZIP Code |
|---|---|
| 703 South New Street, Champaign, IL 61820 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest — Latest
April 11, 2023

☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

Ms. Wilcher was hired by the Respondent on or around August of 2001, resulting in a tenure of about 23 years. Her position began as school social worker. Since then, she has been promoted at various times, most recently in July 2021 as Director of Leading Individuals & Family Transformation ("LIFT"). In April of 2022, Ms. Wilcher reached out to Human Resources and her director supervisor regarding a safety concern she had with her work environment. She had learned that the District was re-hiring her former abusive partner and that she would need to be in the same space as him on a regular basis. This is a man with a history and propensity towards violence- so much so that he has a reputation in the community. After she informed them of this, they continued to insist that she participate in those meetings where he would be present. They considered her complaint not yet ripe; however, she did not feel safe sharing space with him. They hired him 7 days after she informed them of the history. She began to receive reprimands and was constantly scrutinized in her work after she refused to attend these in person meetings. She filed two complaints with IDHR. This complaint follows as she was retaliated against after filing those complaints and has now been demoted to a lower position as of April 24, 2023. We understand her former partner has been recently fired for physically assaulting a student, further confirming Ms. Wilcher's concerns. Ms. Wilcher believes that she was discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

May 23, 2023
Date — Charging Party Signature
*Katina Wilcher (May 23, 2023 07:56 CDT)*

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)