IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KATINA WILCHER,<br><br>    Plaintiff,<br><br>  v.<br><br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, the BOARD OF EDUCATION OF CHAMPAIGN UNIT 4 SCHOOL DISTRICT, SHEILA BOOZER, and KEN KLEBER,<br><br>    Defendants. | Case No. 2:24-cv-02240-CSB-EIL |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSE TO
DEFENDANTS' INITIAL DISCOVERY REQUESTS**

  Defendants Champaign Unit 4 School District, Board of Education of Champaign Unit 4 School District, Sheila Boozer, and Ken Kleber (collectively "Defendants") by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, moves to compel Plaintiff to supplement her response to Defendants' Interrogatory Requests and Requests to Produce. In support, the Defendants state as follows:

**Background Regarding Plaintiff's Allegations**

  1. Plaintiff Katrina Wilcher, who has been employed at the District since August 2001, has filed a lawsuit seeking to hold the Defendants liable for a hostile work environment and retaliation under the Illinois Human Rights Act and Title VII of the Civil Rights Act of 1964. Plaintiff also asserts a claim for negligent hiring and retention.

  2. Plaintiff claims that the District subjected her to a hostile work environment and retaliated against her by hiring Scott Savage. Approximately 20 years ago, Plaintiff alleges that she was in a relationship with Mr. Savage, while both were employed at the District. Am. Compl.

¶ 15, 20. Plaintiff further alleges that Mr. Savage subjected her to severe physical and emotional abuse and stalked her at home and work, and the relationship ended in 2003. Am. Compl. ¶16. According to Plaintiff, she continued to work with Mr. Savage at the District until 2006, when he left the District to teach elsewhere. Am. Compl. ¶ 17.

3. In April of 2022, Plaintiff learned that Mr. Savage applied for employment at the District. Am. Compl. ¶ 17. Plaintiff objected to Mr. Savage's hiring, citing to abuse that she allegedly endured twenty years prior. Am. Compl. ¶ 21. The District met with Ms. Wilcher to discuss her concerns and conducted a full background check of Mr. Savage, including a reference check. Am. Compl. at ¶ 23. Plaintiff alleges that the District moved forward with hiring Mr. Savage "with full knowledge of his history of allegedly abusing women." Am Compl. at ¶ 25. Plaintiff claims she was damaged by the District's conduct, including being forced to work with her alleged abuser. Am. Compl. ¶ 65.

4. Plaintiff seeks damages for the emotional distress she allegedly endured as a result of Savage's presence at work. Am. Compl. ¶ 36.

5. In support of her negligent hiring and retention claim, Plaintiff alleges that the District knew or should have known that Savage was unfit for the position so as to create a danger of harm to third persons and that Savage's unfitness caused her injuries. Am. Compl. ¶ 85, 88.

6. Plaintiff also asserts claims that the Defendants retaliated against her and violated the Family Medical Leave Act.

**Background Regarding Discovery and Rule 37 Communications with Plaintiff's Counsel**

7. On November 22, 2024 Defendant issued written discovery requests to Plaintiff, which included a release for medical records. *See* Exhibits 1 and 2. Plaintiff also issued discovery requests to Defendants on this date.

8. The parties mutually agreed to respond to the discovery requests by February 6, 2025. Defendants submitted their discovery responses to Plaintiff on February 6, 2025.

9. On February 10, 2025, Plaintiff's counsel sought an additional two weeks to respond to Defendants' discovery requests. Defendants' counsel agreed to this request for an extension of time. *See* Exhibit 3.

10. On February 28, 2025, Defendants' counsel emailed Plaintiff's counsel because Plaintiff failed to submit her responses to Defendants' discovery requests by the agreed deadline. Plaintiff's counsel responded, stating that Plaintiff will send her responses by the end of next week. *See* Exhibit 3.

11. On March 6, 2025, Plaintiff provided initial responses to Defendants' requests for production. *See* Exhibit 4.

12. On March 11, 2025, Plaintiff provided her unverified answers to Defendants' interrogatory requests. *See* Exhibit 5.

13. Not included in Plaintiff's responses was a signed release for medical records.

14. On April 1, 2025, Defendants' counsel requested the signed release for medical records from Plaintiff's counsel. *See* Exhibit 6.

15. One week later, on April 7, 2025, Plaintiff's counsel responded, stating Plaintiff believed the release was too broad and provided red-line edits to the release. Plaintiff's counsel further indicated she believed the release for medical records should be limited only to October 2021 to the present. *See* Exhibit 6.

16. That same day, on April 7, 2025, Defendants' counsel asked for the significance of limiting the medical release to October 2021 to the present given the nature of Plaintiff's claims. *See* Exhibit 6.

17. On Friday, April 11, 2025, Plaintiff's counsel replied, stating that October 2021 was the date Plaintiff filed her complaint with the Illinois Department of Human Rights. *See* Exhibit 6.

18. On Monday, April 14, 2025, Defendants' counsel sent an email to Plaintiff's counsel explaining Defendants' position. In short, based on the allegations in the First Amended Complaint, all medical records related to alleged abuse that Plaintiff allegedly endured by Scott Savage and any medical records related to any emotional distress she experienced as a result of the alleged abuse are directly relevant to her claims as well as the damages she is seeking. The relevant timeframe is from the time she alleges that she was abused by Mr. Savage to the present. Defendants' counsel offered to discuss further so that the parties could come to an agreement and issue subpoenas. *See* Exhibit 6.

19. On April 23, 2025, Defendants' counsel followed up with Plaintiff's counsel after receiving no response, and reiterating Defendants wanted to move forward with discovery given the current deadlines in place. *See* Exhibit 6.

20. It was not until May 2, 2025 that Plaintiff's counsel responded to Defendant's counsel stating she was available to speak. *See* Exhibit 6.

21. The Parties spoke on Microsoft Teams on May 5, 2025 to discuss the outstanding requests and the signed release for medical records. Defendants' counsel indicated that the changes Plaintiff's counsel proposed to the medical release were agreeable except for the timeframe issue. The parties agreed that Defendants are entitled to Plaintiff's mental health records from at least October 2021 until the present. However, they disagreed that Defendants are entitled to any records prior to October 2021 related to any abuse and emotional distress Plaintiff allegedly endured. Plaintiff's counsel asked Defendants' counsel to provide case law in support of Defendants' position, which she would consider.

4

22.     On May 15, 2025, Defendants' counsel sent Plaintiff's counsel a letter pursuant to Federal Rule of Civil Procedure 37 setting forth Defendants' position with regards to the outstanding discovery requests and asking Plaintiff to supplement her discovery responses to include (1) any medical records related to Plaintiff's alleged physical and emotional abuse by Scott Savage, (2) any and all medical records related to Plaintiff's mental health damages from 2001, when the alleged abuse occurred to the present, and (3) any previously withheld communications between Plaintiff and Scott Savage from January 1, 2022 to present. *See* Exhibit 7.

23.     This letter reiterated Defendants' position, which was previously discussed with Plaintiff's counsel and provided case law in support of Defendants' position, pursuant to the request of Plaintiff's counsel.

24.     The letter indicated that if Plaintiff did not respond by May 23, 2025, Defendants' counsel would move forward with filing a motion to compel.

25.     Plaintiff did not respond by May 23, 2025.

26.     Plaintiff's counsel emailed counsel for Defendants on June 3, 2025 stating that Plaintiff will respond shortly. *See* Exhibit 8.

27.     On June 13, 2025, prior to filing this motion, Defendants' counsel reached out to Plaintiff's counsel to notify Plaintiff's counsel that Defendants would be moving forward with a motion to compel given Plaintiff's lack of response and failure to supplemental her discovery responses. *See* Exhibit 10.

28.     On June 13, 2025, Plaintiff's counsel responded providing Plaintiff's unsigned answers to pending requests for admission. *See* Exhibit 9.

29.     On June 16, 2025, Plaintiff's counsel provided the signed verified answers to the request for admission. *See* Exhibit 10.

30. Defendants issued the requests for admission in an attempt to clarify whether there were any documents that would be subject to the outstanding requests in dispute. The Plaintiff's responses indicate that there are medical records in existence that would be responsive to the outstanding discovery requests. *See* Exhibit 10.

31. As of the filing of this motion, Plaintiff has not provided her response to the Rule 37 letter, nor has Plaintiff supplemented her responses to Defendants' discovery requests. Plaintiff has not even provided a signed release for the records that the parties agree are relevant to Plaintiff's claims.

**Deficient Discovery Responses and Support for Defendants' Motion:**

32. Plaintiff seeks to hold the District liable for emotional distress damages she alleged incurred as a result of the hostile work environment caused by Mr. Savage. Her claim is based on her allegation that she was physically and emotionally abused by Mr. Savage from 2001-2003, during which time both Plaintiff and Mr. Savage were employed by the District. In order to recover damages for a hostile work environment, the Plaintiff is required to prove that the District had actual or constructive knowledge of the alleged abuse. *See Knox v. State of Ind.*, 93 F.3d 1327, 1334 (7th Cir. 1996) (citing *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir. 1994)).

33. Plaintiff's physical and mental health medical records from 2001 to at least 2006, during which time Plaintiff was in a relationship and worked with Scott Savage at the District, are evidence upon which the parties may judge the truth or falsity of Plaintiff's claims. It is relevant both to Plaintiff's claims of a hostile work environment as well as Defendants' defense in this matter.

34. Based on Plaintiff's own allegations, she continued to work with Mr. Savage at the time she allegedly endured abuse, without issue and without notifying the District. If that is the

case, there is no basis to hold the District liable for Mr. Savage's hiring and retention 20 years later. Defendants are entitled to all records which show the Plaintiff's alleged ongoing emotional distress from the time she was first exposed to working with Savage in 2001 to present. *See Krueger v. Petrak*, 2025 WL 354990, at *23 (C.D. Ill. 2025) (finding plaintiff was required to provide authorization to the physicians for medical records which would be used to prove their emotional distress damages); *see also, Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 518 (N.D. Ill. 2018) (recognizing that a defendant is entitled to discover any records of a plaintiff's mental health when that plaintiff seeks damages for emotional distress, stating "the judges on the Seventh Circuit are careful writers: they say what they mean and mean what they say. The broad language hedges no bets."); *Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006) ("[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.").

35. By alleging that she endured abuse for which the Defendants should be liable and seeking emotional distress damages for the same, Plaintiff has put her medical records at issue in this case and Defendants are entitled to discover those records. *Id*.

36. Defendants are entitled to Plaintiff's physical and mental health records from 2001 to the present as they show the ongoing damage, either physical, mental, or emotional distress, that Plaintiff alleges to have suffered in her First Amended Complaint.

37. Plaintiff's physical and mental health records may also provide Defendant with information upon which to argue it could not have known about alleged abuse or there were other causes of any alleged emotional distress Plaintiff experienced. This information is relevant to both the issue of liability and mitigation of damages.

38.     Defendants are therefore entitled to discovery regarding the underlying claims of alleged abuse by Mr. Savage towards Plaintiff. If the alleged abuse did not occur or Plaintiff did not experience emotional distress, then the Defendants could not have knowledge of Plaintiff's harm, retaliate against her in the manner alleged, or otherwise subject her to ongoing emotional distress. Nor could Defendants have negligently hired or retained Mr. Savage. This is part of Defendant's arguments against liability for which they are entitled in discovery as well as the issue of damages. Fed. R. Civ. P. 26(b)(1).

39.     Therefore, Defendants request Plaintiff supplement her responses to Defendant's interrogatory requests No. 6 and No. 8 as well as requests for production No. 19 and No. 20. Specifically, Defendants request Plaintiff execute a release of medical records for any and all medical providers who provided Plaintiff medical or mental health treatment from 2001 to present, including all medical and mental health providers who may have treated Plaintiff for her alleged abuse by Mr. Savage. Although Plaintiff has already provided information regarding her current providers, information regarding past providers has not been produced and we have yet to receive a signed release, even for providers Plaintiff agrees are relevant.

40.     Additionally, Defendant asks Plaintiff to supplement her response to request to produce No. 13, which includes any outstanding communications that may exist between Plaintiff and Mr. Savage.

41.     Plaintiff provided in her discovery responses Facebook messages with Mr. Savage indicating that they were in touch prior to his re-hiring at the District. Plaintiff represented in her responses that she provided communications that she deems relevant to her lawsuit; however, it is Defendants' position that all communications with Mr. Savage from January 1, 2022 to the present

would be relevant to Defendants' defense, which would include social media messages and any text messages or emails that may have been exchanged between Mr. Savage and Plaintiff.

42. It appears from the communications produced that Plaintiff and Mr. Savage had been in touch prior to his re-hiring at the District and that their communications were cordial, undercutting Plaintiff's allegations that the District negligently hired and retained Mr. Savage and created a hostile work environment.

43. Defendants seek an order compelling Plaintiff to provide supplemental responses to Defendant's Interrogatory Requests No. 6 and 8 and Requests for Production No. 13, 19 and 20 which substantively include:

   a. Any medical or other records which show Plaintiff did suffer abuse from Scott Savage from 2001 to the present;

   b. Any medical, mental health, or other records related to Plaintiff's alleged emotional distress damages from 2001 to the present;

   c. Any communications not previously produced between Plaintiff and Scott Savage from January 1, 2022 to the present; and

   d. Attorney's fees pursuant to Fed. R. of Civ. P. 37

44. In accordance with Federal Rule of Civil Procedure 37 and Local Rule 37.2, the undersigned counsel certifies that she has in good faith attempted to confer with Plaintiff's counsel on multiple occasions to secure the above information without Court action. Plaintiff has not provided a signed release for records she agrees are relevant and has further delayed providing a response in order resolve this dispute.

WHEREFORE, for the reasons stated above, the Defendants respectfully request the Court enter an Order compelling Plaintiff to respond to Defendant's Requests for Interrogatories and

Production, grant attorney's fees to the Defendant pursuant to Fed. R. of Civ. P. 37 and grant any further relief that the Court deems appropriate and just.

| | |
|---|---|
| Dated:  June 20, 2025 | Respectfully submitted,<br><br>**CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, SHELIA BOOZER, and KEN KLEBER**, Defendants.<br><br>By: */s/ Caroline K. Kane- 6324144*<br>      One of Their Attorneys |

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 20th day of June, 2025, she caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO COMPEL RESPONSES TO DEFENDANTS' INITIAL DISCOVERY REQUESTS** to be filed with the Clerk of the Court using the CM-ECF Filing system which electronically serves a copy upon the following counsel of record:

> Jamie S. Franklin
> C-K Law Group
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu

>             /s/ Caroline K. Kane - 6324144