E-FILED
Friday, 20 June, 2025  03:50:29 PM
Clerk, U.S. District Court, ILCD

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,

               Plaintiff,

v.

CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
the BOARD OF EDUCATION OF
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
SHEILA BOOZER, and KEN KLEBER,

               Defendants.

Case No. 2:24-cv-02240-CSB-EIL

### DEFENDANTS' FIRST SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendants CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the District"), BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the Board"), SHELIA BOOZER, and KEN KLEBER (collectively referred to herein as "Defendants"), by and through their attorneys, Franczek P.C., and pursuant to Rule 34 of the Federal Rules of Civil Procedure, request that Plaintiff Katina Wilcher ("Plaintiff") to produce the following documents and/or tangible items for inspection and copying at the offices of Franczek P.C., 300 S. Wacker Drive, Suite 3400, Chicago, Illinois 60606, within 30 days after service of this document.

### DEFINITIONS AND INSTRUCTIONS

A.     Except as amended or augmented here, the Definitions and Instructions set forth in Defendants' First Set of Interrogatories to Plaintiff are incorporated as if fully set forth here.

B.      These requests are addressed to Plaintiff. If Plaintiff knows that the requested information exists, but is not in Plaintiff's possession or custody, please respond to the requests accordingly and identify the name of the person who has possession of the document(s) requested.

C.      The term "documents" as used below means all documents and electronically stored information ("ESI") subject to discovery under the Federal Rules of Civil Procedure. This includes, without limitation, all paper documents, letters, memos, notes, calendars, diaries, journals, contracts, checks, statements, receipts, faxes, e-mail messages, text messages, messages exchanged through any Internet-based messaging service or application, files produced by any office or productivity software such as Microsoft Word, PowerPoint, or Excel, .pdf files, printed photographs or drawings, digital image files, audio or video recordings, voicemail messages, and posts, comments, replies, or messages on any blog or social media platform (*e.g.,* Facebook, Instagram, Snapchat, Twitter).

D.      When producing scanned hard copy documents, please produce all such documents in text-searchable .pdf format.

E.      Please produce all ESI in either its original, native format, or in another reasonably useable format that preserves all relevant metadata including, but not limited to: dates of creation and modification, author, sender, recipient, "cc," "bcc," date and time sent, date and time received, track changes and edit history, comments, hidden text, spreadsheet formulas, links, and parent / child relationships. If Plaintiff converts any ESI to an image (e.g., .tiff or .pdf) format prior to production, Plaintiff is specifically requested to preserve the original file and all associated metadata. Defendants reserve the right to request production in a format that renders such metadata accessible and useable for any documents not produced in their native format. Please consult with

Defendants' undersigned counsel prior to production to discuss the appropriate format for production of any ESI responsive to the following requests.

     F.     In responding to these requests:

     a.  If any document relevant to any request has been lost, mutilated or destroyed, please indicate that and identify each request to which such document would have been relevant.

     b.  If you have no documents that respond to a particular request, please indicate that in response to the applicable request.

     c.  If you believe any documents are privileged and, therefore, not required to be produced, please provide a written list of the documents you believe are privileged that includes the following information for each document:

          1.  Its date (if any);

          2.  The name(s) and job title(s) or capacity(ies) of the provider(s) of the information or author(s)of the document;

          3.  The name(s) and job title(s) or capacity(ies) of each recipient of the information or document;

          4.  The date the information was learned or the date the document was prepared and, if different, the date(s) on which it was sent to, or shared with, persons other than its provider(s) or author(s);

          5.  The name(s) of the person(s) or other entity(ies) to whom the information or document is addressed;

          6.  The name(s) of the person(s) or other entity(ies) to whom the information or document or any copy was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed;

          7.  The title and/or description of the information or document;

          8.  The subject matter addressed in the information or document;

          9.  The purpose(s) for which the information or document was prepared or communicated;

         10. The specific basis for the claim that such information or document is privileged or protected from production, and

         11. Any documents, including but not limited to affidavits, deposition testimony, other sworn statements or other evidence upon which you rely to support each element of each asserted privilege or protection, organized so that these documents are specifically correlated with the information or document to which they apply.

     G.     Any document responsive to any request should be identified as being responsive to the specific request involved. If the same document is responsive to more than one request, all requests to which it is responsive should be identified.

H.    All requests are continuing in nature and must be supplemented in accordance with the Federal Rules of Civil Procedure if you obtain or become aware of documents that are responsive to these requests after providing your initial responses.

## REQUESTS FOR PRODUCTION

1.    All documents that relate to or you believe support any allegations set forth in your First Amended Complaint.

2.    All documents identified or referenced in your answers to Defendants' First Set of Interrogatories, or that you or your attorneys relied upon, referred to, considered, reviewed, or used in preparing your answers to Defendants' First Set of Interrogatories.

3.    All documents that relate to your employment by the District or Board. This includes, but is not limited to, documents such as: your application materials (resume, employment application, etc.); employment agreements; employee handbooks; memoranda; policies; agreements regarding computation of compensation; your job assignments and duties; promotions sought or received, transfers, previous grievances or complaints filed against the District or Board; any correspondence between you and any of the Defendants and/or their employees; complaints; and any other documents relating to such employment, including business records.

4.    All documents relating to communications by you and any current or former employee of the District or Board relating to any allegations in the First Amended Complaint or Defendants' Answer and Affirmative Defenses to your original Complaint.

5.    All correspondence or other communications (including but not limited to mail, e-mail, instant messages, text messages, social media postings or messages, and any notes or other documents that reflect or relate to verbal communications) between you and any person or entity that relate to this lawsuit or the allegations in your First Amended Complaint.

6.      All e-mail messages that you forwarded from any District e-mail account to any non-District e-mail account owned or controlled by you.

7.      All documents you contend contradict any part of any answer filed by Defendants in this lawsuit.

8.      Statements of any witness regarding the allegations in the First Amended Complaint or Defendants' Answer and Affirmative Defenses.

9.      All documents relating to any statement or action that you contend constitutes evidence of discrimination, hostile work environment, harassment or retaliation against you by Defendants, including all documents pertaining to any action you took in response to that alleged statement or action.

10.     All documents that relate to any complaint, internally or externally, either filed or communicated by you alleging discrimination, hostile work environment, harassment, or retaliation.

11.     All documents that relate to or support the allegation in your First Amended Complaint that you were demoted while you were on FMLA leave.

12.     All documents that relate to your request for FMLA leave, including but not limited to doctor's notes, certification of healthcare provider forms, and approval forms provided by Defendants District or Board.

13.     To the extent not already produced in response to another Request, all communications between you and Scott Savage between January 1, 2022 and the present.

14.     All documents other than privileged communications with your attorneys relating to any court case (civil or criminal), lawsuit, administrative proceeding, grievance, or arbitration to which you have been a party in the last 10 years, including but not limited to all documents

relating to any Charge of Discrimination that you filed with the Equal Employment Opportunity Commission, the Illinois Department of Human Rights or any other governmental agency.

15.     All files, calendars, diaries, notes, emails, memoranda or other documents that you have compiled or prepared that relate to or discuss the allegations in the First Amended Complaint or the damages or remedies that you seek in this lawsuit.

16.     All documents relating to lost wages, costs, expenses, and other financial harm or other damages you claim to have suffered resulting from the allegations in the First Amended Complaint.

17.     All documents relating to your federal and state income tax returns from tax years 2019 to the present, including, without limitation, all forms W-2 and 1099, schedules, and worksheets.

18.     If you have, at any time from January 1, 2022 to present, held any position of employment or have obtained any income as a result of any services you provided for anyone other than the District or Board, please provide all documents relating to such employment. Relevant documents include, but are not limited to, those that show the starting and, if applicable, ending dates of such employment, any compensation and benefits you received or to which you may be entitled, and, if applicable, the reason(s) for any discharge or termination of employment.

19.     All documents relating to any claims that you have incurred or suffered emotional distress, embarrassment, humiliation or other physical and mental injuries due to some act or conduct of one or more of the Defendants, including all documents relating to medical, psychiatric or psychological treatment you have received or expenses you have incurred, such as medical records, insurance statements, medical bills, notes and correspondence.

20.     Please provide a signed Authorization to Release Medical Records (attached) for each health care provider or medical professional identified in your Answers to Defendants' First Set of Interrogatories.

21.     For each Facebook or other social media account maintained by you, please produce your account data for the period of January 1, 2022 through present. (Instructions on how to download your data from Facebook.com are currently available in the Facebook Help Center at the following address: https://www.facebook.com/help/302796099745838, visited August 15, 2023; instructions on how to download your data from Twitter.com are currently available in the Twitter Help Center at the following address https://support.twitter.com/articles/20170160-downloading-your-twitter-archive#, visited August 15, 2023; instructions on how to download your data from Linkedin.com are currently available in the LinkedIn Help Center at the following address  https://help.linkedin.com/app/answers/detail/a_id/50191/~/accessing-your-account-data, visited August 15, 2023). Please provide this data in its original electronic format as downloaded without alteration.

22.     All documents, objects, or tangible items that you intend to introduce at trial in this matter or use as an exhibit in any deposition or any court filing in this case.

23.     All documents you have given to, or received from, any expert contacted, interviewed, or engaged for this case who you intend to call at trial or in connection with a dispositive motion in this case.

24.     To the extent that you claim entitlement to the recovery of attorneys' fees and litigation costs, provide all non-privileged documents relating to the fee and/or compensation arrangements you have made with any attorney, consultant or expert regarding this matter.

25.     Any and all documents not already disclosed that relate to or support in any way the claims and allegations in your First Amended Complaint that relate to Defendants, the relief you seek in connection with those claims and allegations, or your answers to any of Defendants' First Set of Interrogatories.

Respectfully submitted,

CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, SHELIA BOOZER, and KEN KLEBER, Defendants.

By: */s/ Tracey L. Truesdale*
          One of Their Attorneys

Caroline K. Kane (ckk@franczek.com)
Tracey L. Truesdale (tlt@franczek.com)
Hailey M. Golds (hmg@franczek.com)
Franczek P.C.
300 South Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300

Dated: November 22, 2024

8

3375253.1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that she caused a true and correct copy of the

foregoing **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF**

**DOCUMENTS TO PLAINTIFF** to be served upon the following counsel of record by electronic

mail on this 22nd day of November, 2024:

> Jamie S. Franklin
> C-K LAW GROUP
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu


> */s/ Tracey L. Truesdale*
> tlt@franczek.com

9

3375253.1

## **AUTHORIZATION TO RELEASE MEDICAL RECORDS**

I, Katina Wilcher, hereby authorize the following health care provider:

Name: _____

Address: _____

_____

_____

to use and/or disclose to the law firm of Franczek P.C. certain medical information for use in a lawsuit entitled *Katina Wilcher v. Champaign Unit 4 School District, et al.*, 24-cv-02240, filed in the United States District Court for the Central District of Illinois, Urbana Division.

The medical information for which I am authorizing disclosure is: all medical, health, hospital, mental health, disability benefits, and insurance records pertaining to me, Katina Wilcher. This authorization includes, but is not limited to, all admission or intake forms; records of office visits; consents; summaries; charts; physicians', psychologists', psychiatrists', nurses' or others' notes; order sheets; all x-ray films and reports; all lab requisitions and reports; protocols; prescription records; reports of all referrals and non-surgical procedures, any specimens generated as a result thereof; reports of therapy and treatments; any records regarding telephone communications, examinations, evaluations, treatments or hospitalization; and any application for disability benefits or medical records submitted in support of an application for disability benefits. This authorization includes any and all records received by you from any other physician or medical or mental health professional. The authority shall extend to the right to inspect any original document in the event deemed necessary by the reviewer.

I authorize the above-described information to be disclosed to the law firm Franczek P.C., its employees, and its representatives, as well as other persons, organizations, and/or entities directly connected with the above captioned lawsuit, including but not limited to the court, court reporter(s), copy services, and others. I understand that disclosure shall be limited to the minimum necessary amount of such information to accomplish the intended purpose(s) described in the preceding paragraphs.

I understand that I have the right to inspect and copy the information to be used or disclosed. I further understand that medical treatment, payment, enrollment or eligibility for benefits may not be withheld from me based on failure to sign this Authorization. I understand that the medical information used or disclosed pursuant to this authorization may be subject to limited re-disclosure by the recipient for purposes of the above-captioned lawsuit only and will no longer be protected by the Privacy Policy of the physician or heath care facility to whom this authorization is directed.

I understand that I retain the right to revoke this Authorization in writing at any time by delivery of a written notice to the health care provider identified above and that such revocation shall be effective for future uses and disclosures of my protected health information, but such revocation shall not be effective for information already used or disclosed. I understand that written revocation of this Authorization must be sent to the health care provider identified above.

This Authorization shall expire one year from the date signed below.

_____

Katina Wilcher

Social Security #: _____

Address: _____

_____

Executed this _____ day of _____, 2024

3375254.1

**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,

               Plaintiff,

     v.

CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
the BOARD OF EDUCATION OF
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
SHEILA BOOZER, and KEN KLEBER,

               Defendants.

Case No. 2:24-cv-02240-CSB-EIL

### **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendants CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the District"), BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 ("the Board"), SHELIA BOOZER, and KEN KLEBER, by and through their attorneys, Franczek P.C., and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories and requests that they be answered by Plaintiff KATINA WILCHER ("Plaintiff") under oath in accordance with the instructions set forth below within 30 days after service of this document.

### DEFINITIONS AND INSTRUCTIONS

A.    "Document" means and refers to originals, and copies or reproductions of originals, whether that copy or reproduction is handwritten, printed, or otherwise recorded. "Document" includes all written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including but not limited to, all reports, memoranda, letters, minutes, correspondence, notes, notebooks, books, forms, drawings, sketches, graphs, maps, charts, photographs, and other writings or data of any kind on

1

which information is stored or from which information can be obtained. "Document" includes "electronically stored information."

      B.      "Electronically stored information" includes all "electronically stored information" as that term is used in Federal Rules of Civil Procedure 26(a)(1)(B) and 34(a)(1). "Electronically stored information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. Without limitation of the foregoing, "electronically stored information" includes email with attachments, word processing documents, spreadsheets, graphics and presentation documents, instant messages, audio and visual files, and voicemail. As used herein, a request for "electronically stored information" calls upon you to produce such information, without deletion or alteration of metadata, in its native form, and to indicate the computer hardware and the software program(s) needed to translate the information into usable form in the information's native format.

      C.      "Plaintiff," "you," and "your" refers to Plaintiff KATINA WILCHER, her counsel and any consultants, experts, investigators, agents or other persons acting on her behalf.

      D.      For purposes of these Interrogatories, the term "Amended Complaint" means the First Amended Complaint that was filed in this case on November 21, 2024, and any subsequent amendments. Where reference is made to specific paragraph numbers, the term "Amended Complaint" refers to the most recent pleading on file at the time these Interrogatories are served.

      E.      "Person" and "individual" means and includes a natural person, individual, partnership, firm, corporation, or any kind of business or legal entity, his/her/its agents or employees.

3375251.1

F.    "Describe" as applied to conversations means stating the date, time, place, person making the statement, the content of the statement, the person(s) to whom the statement was made, other persons present, and the reaction and/or response, if any, to the statement.

G.    "Relate to" or "relating to" means consisting of, referring to, reflecting, supporting or having any factual or logical connection to the subject matter mentioned.

H.    "Identity" and "identify" mean:

1) When used in conjunction with persons or entities, that you must provide the person or entity's full name, job title, last known business or residential address, and telephone number. Once the person or entity is identified in this manner, it is sufficient for you to state only the person's or entity's name in subsequent interrogatory responses.

2) When used in conjunction with documents, that you must identify the document's author or originator, its date, its subject matter or title, the name of every recipient (including those receiving copies), the document's last known location or custodian, its disposition if no longer in your possession, custody or control, and the substance of its contents.

3) When used in conjunction with communications or conversations, that you must provide the date of the communication or conversation, the identity of the person(s), entity or entities making the communication, the identity of the person(s), entity or entities who witnessed or have knowledge of the communication, the identity of all documents relating to the communication, and a description of the nature and substance of the communication.

4) When used in conjunction with complaints made, charges filed, lawsuits, or administrative proceedings, that you must provide the case number or other number identifying the complaint, the date of the complaint, the forum in which it was brought, and the name and address of each party involved.

I.    "Social Media" means any form of Internet-based electronic communication through which people create online communities to share information, ideas, personal messages, etc. "Social Media" includes all websites used for social networking and blogging.

3

J.      If you are unable to answer any of the following Interrogatories in full after reasonable investigation, provide all responsive information reasonably available to you and specify how or why you are unable to answer the remainder.

K.      If you object to answering any of the following interrogatories as calling for information regarding a privileged communication, provide a written description of each such communication including:

1) its date (if any);
2) The name(s) and job title(s) or capacity(ies) of the provider(s) of the information or author(s) of the document;
3) The name(s) and job title(s) or capacity(ies) of each recipient of the information or document;
4) The date the information was learned or the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its provider(s) or author(s);
5) The name(s) and job title(s) or capacity(ies) of each person;
6) The name(s) of the person(s) or other entity(ies) to whom the information or document is addressed;
7) The name(s) of the person(s) or other entity(ies) to whom the information or document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed;
8) The title and/or description of the information or document;
9) The subject matter addressed in the information or document;
10) The purpose(s) for which the information or document was prepared or communicated;
11) The specific basis for the claim that such information or document is privileged or protected from production; and
12) Any documents, including but not limited to affidavits, deposition testimony, other sworn statements or other evidence upon which you rely to support each element of each asserted privilege or protection, organized so that these documents are specifically correlated with the information or document to which they apply.

L.      These Interrogatories are continuing in nature. If after serving your initial responses you discover any information that requires you to modify or add to your responses to any of these interrogatories, you must promptly supplement your responses as required under the Federal Rule of Civil Procedure.

4

3375251.1

## **INTERROGATORIES**

1.     Identify the person(s) answering each of these Interrogatories on Plaintiff's behalf. If more than one person provided information in response to these Interrogatories, state the precise Interrogatories for which each person supplied information.

2.     State the full name and current address of each person known to Plaintiff who has knowledge or information pertaining to the facts and/or allegations set forth in the Amended Complaint and/or Answer filed in this case, and for each such individual describe his/her knowledge and state whether it is personal knowledge.

3.     If you, or anyone acting on your behalf, communicated with any individual concerning your allegations against Defendants, please identify the following for each individual:

   a.  The date and location of the communication;
   b.  Whether the communication was oral or written;
   c.  The name, address, telephone number and relationship to you of each person present for the communication, what each person said or, if you cannot recall, the substance of what each person said, any witnesses to the communication; and
   d.  All documents that relate or refer to the communication.

4.     If you, or anyone acting on your behalf, obtained any statements (oral or written) from any person relating to the allegations in your Amended Complaint, please identify by name, address, and phone number each person who gave a statement and state the dates on which each statement was obtained.

5.     Identify, with specificity, all damages, monetary relief or other relief that you seek (including attorney's fees) and explain in detail the manner of calculation of the amounts sought, and the nature of and factual basis for any injunctive or other non-monetary relief sought. State whether you have any documents to substantiate your claims for damages and if so, identify every such document.

3375251.1

6.     Are you claiming any physical, psychiatric, psychological, and/or emotional injuries as a result of the acts or omissions described in the Complaint? If so, please state:

    a. The name of any physical, psychiatric, psychological, and/or emotional injury claimed;

    b. The name, address and telephone number of each health care provider that you consulted or received treatment from, including, but not limited to, any psychologist, psychiatrist or therapist, for any such injuries;

    c. The date(s) of each consultation and treatment;

    d. The diagnosis provided by the health care provider, if any;

    e. The nature of any treatment received;

    f. Whether you suffered any physical, psychiatric, psychological, and/or emotional injury or illness before the acts or omissions described in the Complaint; and

    g. If (f) is in the affirmative, please state when the injury or illness arose and the nature of any physical, psychiatric, psychological, and/or emotional injury and the name, address, and telephone number of each health care professional who diagnosed or treated each such injury.

7.     Please describe any efforts you have may made since April 1, 2022 to obtain employment outside of your employment with the District/Board, and for each job that you were offered or for which you applied, please state:

    a. If you applied, the date on which you submitted your application;

    b. The name, address, and telephone number of the employer;

    c. The name of each person with whom you communicated about the job or your application;

    d. The job title or position that you were offered or for which you applied;

    e. Whether you were interviewed, and if so, when and by whom;

    f. The date of any offer of employment that you received;

    g. Whether you accepted the offer, and, if so, the date on which you did so; and

    h. If the offer was declined, reason for the rejection of the offer.

8.     Do you contend that you incurred any medical expenses as a result of the acts or omissions described in the Amended Complaint? If so, for each hospital, clinic, or health care provider to whom you have paid or owe such expenses:

    a. State the name and address of all hospitals, clinics, or health care providers;

    b. State the date or inclusive dates of the services provided;

    c. State the total amount billed by the health care provider for the services;

    d. State whether you have paid this amount in whole or in part; and

3375251.1

     e.  State whether you possess documents relating to the alleged expenses and, if so, identify those documents.

9.     Identify all income you received from any source (other than Defendants District and Board) for the period from January 1, 2022 to the present, including without limitation any amounts received in the form of self-employment, unemployment compensation, workers compensation, social security, life insurance, veteran's disability or any disability benefits of any sort, and other compensation not previously described, and for each source identify the person(s) who have custody and/or control of documents relating or referring to the income.

10.    Do you intend to call anyone at trial to offer expert testimony? If yes, state the name, address, current occupation, employer, title (if any), specialty and qualifications of any expert who you have retained or specially employed in anticipation of or to provide assistance in this litigation and who is not expected to be called to offer expert testimony.

11.    State the index, docket, complaint, charge or other identification number or designation of any civil or criminal litigation, charge, complaint, administrative charge, or bankruptcy petition in which you have been a party, or in which you have been called upon to provide any sworn testimony (other than the instant action), and provide the date(s) such proceeding(s) were initiated and the current status or disposition of each such proceeding. Identify every document you relied upon in answering, or which relates in any way to the information requested in this interrogatory.

12.    Have you maintained any Facebook or other blog or social media account since January 1, 2022? If so, please state the name and URL of the blog or social media account; your username; the email address associated with the account; and any other identifying information with the account.

13. State any additional information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed in your prior answers to these interrogatories and identify the person or persons possessing such information by name, address and relationship to the parties herein. This Interrogatory includes identifying any such document(s) that has been deleted, physically destroyed, discarded, or damaged since the commencement of this action.

Respectfully submitted,

CHAMPAIGN COMMUNITY UNIT
SCHOOL DISTRICT NO. 4, BOARD OF
EDUCATION OF CHAMPAIGN
COMMUNITY UNIT SCHOOL DISTRICT
NO. 4, SHELIA BOOZER, and KEN
KLEBER, Defendants.

By: */s/ Tracey L. Truesdale*_____
One of Their Attorneys

Caroline K. Kane
ckk@franczek.com
Tracey L. Truesdale
tlt@franczek.com
Hailey M. Golds
hmg@franczek.com
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606
(312) 986-0300

Dated: November 22, 2024

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that she caused a true and correct copy of the

foregoing **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF** to be

served upon the following counsel of record by electronic mail on this 22nd day of November,

2024:

> Jamie S. Franklin
> C-K LAW GROUP
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu

> */s/ Tracey L. Truesdale*
> tlt@franczek.com

9

3375251.1

**EXHIBIT 3**

**From:** Jamie Franklin
**To:** Kane, Caroline K.
**Cc:** Burke, Patrick K; Hailey M. Golds
**Subject:** Re: [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants" Responses to Discovery
**Date:** Friday, February 28, 2025 10:03:51 AM
**Attachments:** image001.png
0.png
image003.png

Caroline,

We are still waiting for information from our client and should have responses to you by the end of next week. We ask for an extension until then.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law    ILLINOIS TECH

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Friday, February 28, 2025 at 8:34 AM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Burke, Patrick K <pkb@franczek.com>, Hailey M. Golds <hmg@franczek.com>
**Subject:** RE: [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants' Responses to Discovery

Good morning Jamie,

We have not received Plaintiff's discovery responses, nor has Plaintiff sought an extension. Plaintiff's discovery responses are overdue, thus, any objections that Plaintiff may have had to the requests have been waived.  Please advise when we can expect Plaintiff's responses.

Thank you,
Caroline

**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Tuesday, February 11, 2025 3:40 PM
**To:** Kane, Caroline K. <ckk@franczek.com>
**Subject:** Re: [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants' Responses to Discovery

Got it – thank so much.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law    **ILLINOIS TECH**

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Tuesday, February 11, 2025 at 2:02 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Pacheco, Lourdes M. <lmp@franczek.com>, Truesdale, Tracey L. <tlt@franczek.com>, Hailey M. Golds <hmg@franczek.com>, Burke, Patrick K <pkb@franczek.com>
**Subject:** RE: [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants' Responses to Discovery

Hi Jamie,

You sent your request for an extension to our legal assistant, Lourdes, without cc'ing the attorneys of

record on this case. We are fine with your request for an additional two weeks of time to complete Plaintiff's responses to our discovery requests.

I am also back from leave and will be taking the lead on this case. Please include me on all emails going forward.

Thank you,
Caroline

**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Monday, February 10, 2025 4:46 PM
**To:** Pacheco, Lourdes M. <lmp@franczek.com>
**Subject:** Re: [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants' Responses to Discovery

Hello. We are working on responding to your discovery, but given the large number of documents we will be producing, we need some additional time. May we have 2 additional weeks?

Very best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law | ILLINOIS TECH

**From:** Pacheco, Lourdes M. <lmp@franczek.com>
**Date:** Thursday, February 6, 2025 at 3:33 PM
**To:** Jamie Franklin <Jfranklin5@kentlaw.iit.edu>
**Cc:** Truesdale, Tracey L. <tlt@franczek.com>, Kane, Caroline K. <ckk@franczek.com>, Hailey M. Golds <hmg@franczek.com>

**Subject:** [Ext]Wilcher v. Champaign Unit 4 SD, et al; USDC CD of IL No. 24 cv 2240 - Defendants' Responses to Discovery

February 6, 2025

Good afternoon counsel.

Attached please find Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories, Defendants' Objections and Responses to Plaintiff's First Set of Document Requests and Defendants' Document Production Table. Below is a link to the documents that are being produced. The password is also listed below. Please let me know if you are unable to open and view the documents or if you may need anything else.

2-6-25 Wilcher Defendant's Production CCSD4 W-0000001-872.pdf
Password:
Franczek2025!

Thank you, Lourdes Pacheco
Legal assistant for Tracey L. Truesdale and Hailey M. Golds

**Lourdes M. Pacheco** | Legal Assistant | T. 312.786.6135 | F. 312.986.9192 | lmp@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com



--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
--------------------------------------------------------

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com



--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you

have received this message in error, please contact the sender and delete all copies and attachments.
---------------------------------------------------------

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

---------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
---------------------------------------------------------

**EXHIBIT 4**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| KATINA WILCHER, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-02240-CSB-EIL |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, the BOARD OF EDUCATION OF CHAMPAIGN UNIT 4 SCHOOL DISTRICT, SHEILA BOOZER, and KEN KLEBER, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF DOCUMENT REQUESTS**

The plaintiff, Katina Wilcher, by her attorney, pursuant to the Federal Rules of Civil Procedure, serves the following responses to defendants' First Set of Document Requests.

**DOCUMENT REQUESTS**

1.       All documents that relate to or you believe support any allegations set forth in your First Amended Complaint.

**RESPONSE:**  All such documents in plaintiff's possession are being produced to you with these responses.

2.       All documents identified or referenced in your answers to Defendants' First Set of Interrogatories, or that you or your attorneys relied upon, referred to, considered, reviewed, or used in preparing your answers to Defendants' First Set of Interrogatories.

**RESPONSE:**  All such documents in plaintiff's possession are being produced to you with these responses.

3.       All documents that relate to your employment by the District or Board. This includes, but is not limited to, documents such as: your application materials (resume, employment application, etc.); employment agreements; employee handbooks; memoranda; policies; agreements regarding computation of compensation; your job assignments and duties; promotions sought or received, transfers, previous grievances or complaints filed against the District or Board; any correspondence between you and any of the Defendants and/or their employees; complaints; and any other documents relating to such employment, including business records.

**RESPONSE:** Plaintiff objects to defendants' request for all e-mails and internal and external correspondence between Plaintiff and Defendants and Defendants' employees and all business records as unduly burdensome and not proportional to the needs of the case. Ms. Wilcher sent and received e-mails and other communications on a daily basis and received many business records and documents during her employment, the vast multitude of which have nothing to do with this case. Requiring her to search for and produce all of those e-mails, communications, and documents would impose an onerous burden on her without advancing discovery relevant to this case.

With respect to the other documents requested by defendants, all responsive documents in plaintiff's possession are being produced to you with these responses.

4.      All documents relating to communications by you and any current or former employee of the District or Board relating to any allegations in the First Amended Complaint or Defendants' Answer and Affirmative Defenses to your original Complaint.

**RESPONSE:** Plaintiff will produce all non-privileged communications related to the allegations of the First Amended Complaint or Defendant's Answer and Affirmative Defenses to her original Complaint.

5.      All correspondence or other communications (including but not limited to mail, e-mail, instant messages, text messages, social media postings or messages, and any notes or other documents that reflect or relate to verbal communications) between you and any person or entity that relate to this lawsuit or the allegations in your First Amended Complaint.

**RESPONSE:** Plaintiff will produce all privileged correspondence or communications related to the allegations of the First Amended Complaint.

6.      All e-mail messages that you forwarded from any District e-mail account to any non-District e-mail account owned or controlled by you.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, seeks information not relevant to any party's claims or defenses, and is not proportional to the needs of the case. Plaintiff has been an employee of the School District for over two decades, and as such has forwarded a substantial number of emails to her personal account in her everyday use of her District e-mail. Without waiving her objections, plaintiff will produce forwarded email messages related to the allegations of the First Amended Complaint.

7.      All documents you contend contradict any part of any answer filed by Defendants in this lawsuit.

**RESPONSE:** The plaintiff will produce responsive documents herewith.

8.      Statements of any witness regarding the allegations in the First Amended Complaint or Defendants' Answer and Affirmative Defenses.

**RESPONSE:** The plaintiff will produce responsive documents herewith.

2

9.      All documents relating to any statement or action that you contend constitutes evidence of discrimination, hostile work environment, harassment or retaliation against you by Defendants, including all documents pertaining to any action you took in response to that alleged statement or action.

**RESPONSE:** The plaintiff will produce responsive documents herewith.

10.     All documents that relate to any complaint, internally or externally, either filed or communicated by you alleging discrimination, hostile work environment, harassment, or retaliation.

**RESPONSE:** The plaintiff will produce responsive documents related to complaints made that relate to this case herewith.

11.     All documents that relate to or support the allegation in your First Amended Complaint that you were demoted while you were on FMLA leave.

**RESPONSE:** The plaintiff will produce responsive documents herewith.

12.     All documents that relate to your request for FMLA leave, including but not limited to doctor's notes, certification of healthcare provider forms, and approval forms provided by Defendants District or Board.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and is not proportional to the needs of this case. Plaintiff further objects to this request because the requested documents are already in defendants' possession. Without waiving her objections, plaintiff will produce responsive documents herewith.

13.     To the extent not already produced in response to another Request, all communications between you and Scott Savage between January 1, 2022 and the present.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is duplicative of prior requests. Without waiving her objections, plaintiff will produce communications between her and Scott Savage that are related to this lawsuit or the allegations of the First Amended Complaint between January 1, 2022 and the present.

14.     All documents other than privileged communications with your attorneys relating to any court case (civil or criminal), lawsuit, administrative proceeding, grievance, or arbitration to which you have been a party in the last 10 years, including but not limited to all documents relating to any Charge of Discrimination that you filed with the Equal Employment Opportunity Commission, the Illinois Department of Human Rights or any other governmental agency.

**RESPONSE:** The plaintiff objects to this request because it seeks evidence not related to any party's claim or defense and is not proportional to the needs of the case. Without waiving her objections, plaintiff will produce documents related to her Charge of Discrimination.

3

15.    All files, calendars, diaries, notes, emails, memoranda or other documents that you have compiled or prepared that relate to or discuss the allegations in the First Amended Complaint or the damages or remedies that you seek in this lawsuit.

**RESPONSE:** Plaintiff will produce responsive documents herewith.

16.    All documents relating to lost wages, costs, expenses, and other financial harm or other damages you claim to have suffered resulting from the allegations in the First Amended Complaint.

**RESPONSE:** Plaintiff will produce responsive documents herewith.

17.    All documents relating to your federal and state income tax returns from tax years 2019 to the present, including, without limitation, all forms W-2 and 1099, schedules, and worksheets.

**RESPONSE:** Plaintiff objects to this request because it seeks evidence not related to any party's claim or defense and is not proportional to the needs of the case. Without waiving her objections, plaintiff will produce W-2s and 1099s from 2019 to the present. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), plaintiff is withholding her federal and state income tax returns.

18.    If you have, at any time from January 1, 2022 to present, held any position of employment or have obtained any income as a result of any services you provided for anyone other than the District or Board, please provide all documents relating to such employment. Relevant documents include, but are not limited to, those that show the starting and, if applicable, ending dates of such employment, any compensation and benefits you received or to which you may be entitled, and, if applicable, the reason(s) for any discharge or termination of employment.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, seeks information not related to any party's claims or defenses, and is not relevant or proportional to the needs of this case. Without waiving this objection, Plaintiff provides in her response to Defendants' First Set of Interrogatories a list of employers Plaintiff has applied for work with within the Defendants' requested timeframe and will produce documents sufficient to document her current employment status and compensation.

19.    All documents relating to any claims that you have incurred or suffered emotional distress, embarrassment, humiliation or other physical and mental injuries due to some act or conduct of one or more of the Defendants, including all documents relating to medical, psychiatric or psychological treatment you have received or expenses you have incurred, such as medical records, insurance statements, medical bills, notes and correspondence.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is overly broad, unduly burdensome, and is not relevant or proportional to the needs of this case. Without waiving this objection, Plaintiff provides in her response to Defendants' First Set of Interrogatories a list of medical professionals from whom she has sought treatment.

20.    Please provide a signed Authorization to Release Medical Records (attached) for

4

each health care provider or medical professional identified in your Answers to Defendants' First Set of Interrogatories.

**RESPONSE:** Plaintiff will provide the required signature herewith.

21.    For each Facebook or other social media account maintained by you, please produce your account data for the period of January 1, 2022 through present. (Instructions on how to download your data from Facebook.com are currently available in the Facebook Help Center at the following address: https://www.facebook.com/help/302796099745838, visited August 15, 2023; instructions on how to download your data from Twitter.com are currently available in the Twitter Help Center at the following address https://support.twitter.com/articles/20170160- downloading-your-twitter-archive#, visited August 15, 2023; instructions on how to download your data from Linkedin.com are currently available in the LinkedIn Help Center at the following address https://help.linkedin.com/app/answers/detail/a_id/50191/~/accessing-your-account-data, visited August 15, 2023). Please provide this data in its original electronic format as downloaded without alteration.

**RESPONSE:** The plaintiff objects to this request as overbroad and seeking information that is not relevant to any party's claim or defense. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the plaintiff is withholding the pages of her Facebook and Twitter/X account. The plaintiff's LinkedIn account is publicly available.

22.    All documents, objects, or tangible items that you intend to introduce at trial in this matter or use as an exhibit in any deposition or any court filing in this case.

**RESPONSE:** Plaintiff objects to this request as it improperly calls for the work product. Plaintiff further objects to this request as premature. She will produce a list of trial exhibits according to the schedule set by the court.

23.    All documents you have given to, or received from, any expert contacted, interviewed, or engaged for this case who you intend to call at trial or in connection with a dispositive motion in this case.

**RESPONSE:** Plaintiff objects to this request on the ground that it is premature. Plaintiff will disclose information about her experts, if any, as required by Fed. R. Civ. P. 26(a)(2) and the orders of the Court.

24.    To the extent that you claim entitlement to the recovery of attorneys' fees and litigation costs, provide all non-privileged documents relating to the fee and/or compensation arrangements you have made with any attorney, consultant or expert regarding this matter.

**RESPONSE:** Plaintiff objects to this request as seeking information protected by attorney-client privilege and because it is not relevant to any party's claims and defenses and is not proportional to the needs of the case. Plaintiff further objects to this request as premature. She will produce information about attorneys' fees according to an appropriate order of the court.

25.    Any and all documents not already disclosed that relate to or support in any way

5

the claims and allegations in your First Amended Complaint that relate to Defendants, the relief you seek in connection with those claims and allegations, or your answers to any of Defendants' First Set of Interrogatories.

**RESPONSE:** Plaintiff will produce all responsive documents herewith. Investigation continues.


Respectfully Submitted,

/s/ Jamie S. Franklin


Dated: March 6, 2025

Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document, Plaintiff's Responses to Defendants' First Set of Document Requests, was served via email on March 6, 2025 on the following parties:

<u>/s/ Jamie S. Franklin</u>

<u>Service List:</u>

Caroline K. Kane
ckk@franczek.com
Tracey L. Truesdale
tlt@franczek.com
Hailey M. Golds
hmg@franczek.com
Franczek P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606

**EXHIBIT 5**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,

        Plaintiff,

        v.

CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
the BOARD OF EDUCATION OF
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
SHEILA BOOZER, and KEN KLEBER,

        Defendants.

Case No. 2:24-cv-02240-CSB-EIL

## PLAINTIFF'S ANSWERS TO DEFENDANTS'
## FIRST SET OF INTERROGATORIES

The plaintiff, Katina Wilcher, pursuant to Federal Rule of Civil Procedure 33, provides the following answers to Defendants' First Set of Interrogatories.

## INTERROGATORIES

1.     Identify the person(s) answering each of these Interrogatories on Plaintiff's behalf. If more than one person provided information in response to these Interrogatories, state the precise Interrogatories for which each person supplied information.

**ANSWER:** Plaintiff and her attorney, Jamie Franklin.

2.     State the full name and current address of each person known to Plaintiff who has knowledge or information pertaining to the facts and/or allegations set forth in the Amended Complaint and/or Answer filed in this case, and for each such individual describe his/her knowledge and state whether it is personal knowledge.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is duplicative and has, in substance, already been answered pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff will supplement those disclosures as appropriate in accordance with the rule.

3.     If you, or anyone acting on your behalf, communicated with any individual concerning your allegations against Defendants, please identify the following for each individual:

    a. The date and location of the communication;
    b. Whether the communication was oral or written;
    c. The name, address, telephone number and relationship to you of each person present for the communication, what each person said or, if you cannot recall, the substance of what each person said, any witnesses to the communication; and
    d. All documents that relate or refer to the communication.

    **ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and calls for information that is not relevant or proportional to the needs of this case. Further, it seeks information better suited to questions during a deposition. Without waiving this objection, Plaintiff provides the following list of people with whom Plaintiff has discussed the allegations of her First Amended Complaint. Plaintiff affirmatively incorporates these individuals into her Initial Disclosures pursuant to Rule 26(a)(1).

- Lindsey Trout
- Nicole McCurry
- Lori Thompson
- Sharva Hampton-Campbell
- Rita Conerly
- Mariam Ar-Raheem
- Shevon Brown-Walker
- Jonnell Baskett
- Jaime Roundtree
- Rebecca Ramey
- Diana Kistler-Ramey
- Tracy Thomas
- Kortney Wilcher
- Ian Tatum
- Jamila Appleby
- Verdell Jones
- Rickey Parks
- Imani Bazzell
- Kandace Turner
- Carissa Nickerson-Fourman
- Nick Swords
- Elizabeth Lang
- Craig Kerr
- Peter Foertsch
- Carla Samuel-Parks, MD
- Cynthia Bruno
- Viodelda Burts

- Shirley Kelli
- Tisha Gatson
- Jean Algee
- Alice Burton
- Bessie Wilcher
- Anitra Nance
- Murial Jones
- Michelle Washington
- Larry Simmons Jr.
- Amy Dean
- Meghan Gentry
- Ann Haas Dyson
- Frank McCurry
- Brenda Taylor
- Betsey Holder
- Tzia Hibler
- Brittany Algee
- Retesha Thadison

4.     If you, or anyone acting on your behalf, obtained any statements (oral or written) from any person relating to the allegations in your Amended Complaint, please identify by name, address, and phone number each person who gave a statement and state the dates on which each statement was obtained.

**ANSWER:** At this time, Plaintiff has not obtained any statements from any person relating to the allegations in the Amended Complaint.

5.     Identify, with specificity, all damages, monetary relief or other relief that you seek (including attorney's fees) and explain in detail the manner of calculation of the amounts sought, and the nature of and factual basis for any injunctive or other non-monetary relief sought. State whether you have any documents to substantiate your claims for damages and if so, identify every such document.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and premature. Plaintiff reserves the right to retain an expert witness to assist her in evaluating her damages. Without waiving her objections, plaintiff states that she seeks the following damages and costs:

- Payment of Ms. Wilcher's lost past and future wages and benefits, including lost retirement contributions, reduction in pension payments, vacation and sick time, and raises;
- Compensatory damages, emotional and mental distress damages, punitive damages, statutory damages, liquidated damages, interest, and civil penalties;

- Payment of Ms. Wilcher's attorneys' fees and all costs of litigation, including statutory fees and expert witness fees;
- Pre- and post-judgment interest; and
- All other relief, whether legal or equitable, that this Court may deem appropriate.

6.     Are you claiming any physical, psychiatric, psychological, and/or emotional injuries as a result of the acts or omissions described in the Complaint? If so, please state:

    a.  The name of any physical, psychiatric, psychological, and/or emotional injury claimed;

    b.  The name, address and telephone number of each health care provider that you consulted or received treatment from, including, but not limited to, any psychologist, psychiatrist or therapist, for any such injuries;

    c.  The date(s) of each consultation and treatment;

    d.  The diagnosis provided by the health care provider, if any;

    e.  The nature of any treatment received;

    f.  Whether you suffered any physical, psychiatric, psychological, and/or emotional injury or illness before the acts or omissions described in the Complaint; and

    g.  If (f) is in the affirmative, please state when the injury or illness arose and the nature of any physical, psychiatric, psychological, and/or emotional injury and the name, address, and telephone number of each health care professional who diagnosed or treated each such injury.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and calls for information that is not relevant or proportional to the needs of this case. Without waiving this objection, Plaintiff provides the following list of medical professionals who currently treat her. She will sign an appropriate authorization for release of certain medical records related to her claims in this case.

- Adam Yanke, RUSH Orthopedics, Chicago, IL.
- Matthew Jaycox, RUSH Pain Center, Chicago, IL.
- Carla Samuel Parks, Christie Clinic, Mahomet IL - Primary Care Physician
- Rakia Wilks, Carle Department of Psychology, Champaign, IL.
- Sarah Whalen, LCSW, Courage Connection Domestic Violence Shelter

7.     Please describe any efforts you have made since April 1, 2022 to obtain employment outside of your employment with the District/Board, and for each job that you were offered or for which you applied, please state:

    a.  If you applied, the date on which you submitted your application;

    b.  The name, address, and telephone number of the employer;

    c.  The name of each person with whom you communicated about the job or your application;

d. The job title or position that you were offered or for which you applied;
e. Whether you were interviewed, and if so, when and by whom;
f. The date of any offer of employment that you received;
g. Whether you accepted the offer, and, if so, the date on which you did so; and
h. If the offer was declined, reason for the rejection of the offer.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it is overbroad and calls for information that is not relevant or proportional to the needs of this case. Without waiving this objection, Plaintiff provides the following list of positions that she applied for within the timeframe indicated:

- Danville Illiana Healthcare System, GS-11 BHIP Social Worker – accepted, resigned
- St. Louis VA, GS-12 Homeless Program Coordinator – declined
- State of Illinois Family Engagement Clinical Social Worker – declined
- Department of Veterans Affairs – accepted but resigned
- State of Illinois Victim Services Clinical Social Worker – accepted, currently working

Additionally, Plaintiff will disclose 1099 forms as they are available from additional employment providing therapy services.

8.     Do you contend that you incurred any medical expenses as a result of the acts or omissions described in the Amended Complaint? If so, for each hospital, clinic, or health care provider to whom you have paid or owe such expenses:

a. State the name and address of all hospitals, clinics, or health care providers;
b. State the date or inclusive dates of the services provided;
c. State the total amount billed by the health care provider for the services;
d. State whether you have paid this amount in whole or in part; and
e. State whether you possess documents relating to the alleged expenses and, if so, identify those documents.

**ANSWER**: Plaintiff objects to this interrogatory on the grounds that it is overbroad and calls for information that is not relevant or proportional to the needs of this case. Without waiving her objections, plaintiff states that she is currently investigating whether she has any unpaid medical expenses and will update her answer accordingly.

9.     Identify all income you received from any source (other than Defendants District and Board) for the period from January 1, 2022 to the present, including without limitation any amounts received in the form of self-employment, unemployment compensation, workers compensation, social security, life insurance, veteran's disability or any disability benefits of any sort, and other compensation not previously described, and for each source identify the person(s) who have custody and/or control of documents relating or referring to the income.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and

calls for information that is not relevant or proportional to the needs of this case. Without waiving her objections, plaintiff states that she received income from the following sources:

<u>2022</u>
- Unit 4 School District, Champaign, IL: $105,944.60
- BetterHelp – Teledoc Inc.: $1,769.61
- Trauma & Resilience Initiative Inc.: $2,170.00
- Thriveworks Clinical – Illinois: 1,654.33
- State of Illinois: $2095.0

<u>2023</u>
- Unit 4 School District, Champaign, IL (July 1, 2022-June 30,2023): $73,384.26
- Department of Veterans Affairs: $43,712.47
- University of Illinois: $17,437.50
- Thriveworks Clinical - Illinois: $8,850.33
- Heritage Behavioral Health: $1,367.13
- Wise Counsel for Mental Health LLC: $3.279.72
- Trauma and Resilience Initiative Inc.: $19,947
- State of Illinois: $13,240.38
- State of Illinois: $3,546.98

<u>2024</u>
- Heritage Behavioral Health: $1,429.83
- Trauma & Resilience Initiative: $6,118.00
- State of Illinois: $112,398.63

10.    Do you intend to call anyone at trial to offer expert testimony? If yes, state the name, address, current occupation, employer, title (if any), specialty and qualifications of any expert whom you have retained or specially employed in anticipation of or to provide assistance in this litigation and who is not expected to be called to offer expert testimony.

**ANSWER:** Plaintiff objects to this interrogatory on the ground that it is premature. Plaintiff will disclose information about her experts, if any, as required by Fed. R. Civ. P. 26(a)(2) and the orders of the Court.

11.    State the index, docket, complaint, charge or other identification number or designation of any civil or criminal litigation, charge, complaint, administrative charge, or bankruptcy petition in which you have been a party, or in which you have been called upon to provide any sworn testimony (other than the instant action), and provide the date(s) such proceeding(s) were initiated and the current status or disposition of each such proceeding. Identify every document you relied upon in answering, or which relates in any way to the information requested in this interrogatory.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is overbroad and calls for information that is not relevant to any party's claim or defense and is not proportional to the needs of this case.

12.     Have you maintained any Facebook or other blog or social media account since January 1, 2022? If so, please state the name and URL of the blog or social media account; your username; the email address associated with the account; and any other identifying information with the account.

**ANSWER:** Plaintiff objects to this interrogatory on the grounds that it is not related to any party's claim or defense and is not proportional to the needs of the case. Further, it seeks private information of a type that is not generally discoverable under the Illinois Right to Privacy in the Workplace Act.

13.     State any additional information, facts, writings or evidence relating to this litigation that has not been fully and completely disclosed in your prior answers to these interrogatories and identify the person or persons possessing such information by name, address and relationship to the parties herein. This Interrogatory includes identifying any such document(s) that has been deleted, physically destroyed, discarded, or damaged since the commencement of this action.

**ANSWER:** All relevant, non-privileged information plaintiff has obtained that is related to this lawsuit has been produced to you with these responses. If any additional relevant information is located, plaintiff will supplement in additional productions.


Respectfully Submitted,


/s/ Jamie S. Franklin


Dated: March 10, 2025


Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

## **VERIFICATION**

I, Katina Wilcher, verify that the foregoing interrogatory answers are accurate and complete to the best of my knowledge at this time.

_____    _____
Signature                          Date

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document, Plaintiff's Answers to Defendants' First Set of Interrogatories, was served via email on March 10, 2025 on the following parties:

<u>/s/ Jamie S. Franklin</u>

<u>Service List:</u>

Caroline K. Kane
ckk@franczek.com
Tracey L. Truesdale
tlt@franczek.com
Hailey M. Golds
hmg@franczek.com
Franczek P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606

**EXHIBIT 6**

| | |
|---|---|
| **From:** | Jamie Franklin |
| **To:** | Kane, Caroline K. |
| **Cc:** | Burke, Patrick K; Hailey M. Golds |
| **Subject:** | Re: [Ext]RE: Wilcher documents |
| **Date:** | Friday, May 2, 2025 9:20:11 AM |
| **Attachments:** | image001.png |
| | 0.png |
| | image002.png |

Caroline,

Let's set up a time to talk next week. Early in the week and in the afternoons is best for me.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law   ILLINOIS TECH

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Wednesday, April 23, 2025 at 3:38 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Burke, Patrick K <pkb@franczek.com>, Hailey M. Golds <hmg@franczek.com>
**Subject:** RE: [Ext]RE: Wilcher documents

Hi Jaime,

I am following up to my email below. Please let me know if we can agree to move forward based on the allegations in the complaint. I am happy to set up a time to discuss further. We would like to move forward with discovery given the current deadlines in place.

Thank you,
Caroline

**From:** Kane, Caroline K.
**Sent:** Monday, April 14, 2025 2:08 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Burke, Patrick K <pkb@franczek.com>; Hailey M. Golds <hmg@franczek.com>
**Subject:** RE: [Ext]RE: Wilcher documents

Hi Jamie,

Thank you for clarifying. I reviewed the First Amended Complaint as well as Plaintiff's answers to Defendant's Interrogatories. In the complaint, Ms. Wilcher identifies Scott Savage as her abuser and alleges that he engaged in past physical and emotional abuse, which caused her emotional distress. Therefore, any medical records related to this alleged abuse are relevant to her claims in this litigation and we are seeking those records as part of our requests. We ask that Ms. Wilcher supplement her responses to include any medical providers that treated her related to any alleged abuse she endured or any emotional distress she endured as a result of the alleged abuse. If Ms. Wilcher did not seek any medical treatment related to the abuse she alleged occurred or emotional distress resulting from the abuse, please let us know.

Further, Ms. Wilcher limited her response to Interrogatory No. 6 to medical providers who are currently treating her. We ask that Ms. Wilcher supplement her response to include any medical providers she saw during the full duration of the relevant timeframe, which is from the time she alleges Scott Savage abused her until the present.

Please let me know if you would like to discuss further and if we can agree to the above so that we can move forward with issuing the subpoenas for medical records.

Thank you,
Caroline

**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Friday, April 11, 2025 2:45 PM
**To:** Kane, Caroline K. <ckk@franczek.com>
**Cc:** Burke, Patrick K <pkb@franczek.com>; Hailey M. Golds <hmg@franczek.com>
**Subject:** Re: [Ext]RE: Wilcher documents

I believe that is the date Ms. Wilcher filed a charge with the IDHR.

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic

Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law   ILLINOIS TECH

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Monday, April 7, 2025 at 3:51 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Burke, Patrick K <pkb@franczek.com>, Hailey M. Golds <hmg@franczek.com>
**Subject:** RE: [Ext]RE: Wilcher documents

Hi Jamie,

Thank you for getting back to me. What is the significance of October 2021?

**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Monday, April 7, 2025 12:53 PM
**To:** Kane, Caroline K. <ckk@franczek.com>
**Cc:** Burke, Patrick K <pkb@franczek.com>; Hailey M. Golds <hmg@franczek.com>
**Subject:** Re: [Ext]RE: Wilcher documents

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Caroline,

The release is too broad. It must be limited to the five providers indicated in the interrogatory answers and for the time period Oct. 2021 to the present (the time period relevant to this case). Attached are my proposed changes.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law

565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law    ILLINOIS TECH

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Tuesday, April 1, 2025 at 1:28 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Burke, Patrick K <pkb@franczek.com>, Hailey M. Golds <hmg@franczek.com>
**Subject:** [Ext]RE: Wilcher documents


Hi Jamie,

I am following up on this matter. Did Ms. Wilcher sign the release for medical records?  I didn't see that come through. Please forward to us as soon as you can so that we can move forward with issuing subpoenas.

Thank you,
Caroline

**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Monday, March 10, 2025 7:36 PM
**To:** Kane, Caroline K. <ckk@franczek.com>
**Cc:** Burke, Patrick K <pkb@franczek.com>; Hailey M. Golds <hmg@franczek.com>
**Subject:** Wilcher documents

Counsel,

You can access Ms. Wilcher's document production at the following link:

https://www.dropbox.com/scl/fo/sllg1mrbl8gjjpglh80ui/AJKWyqe3u13zKHB-dy6eucE?rlkey=1daj9x1rq7y8fgifeefhhup9a&st=83pue005&dl=0

Best,
Jamie Franklin

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law   ILLINOIS TECH

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

---------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
---------------------------------------------------------

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

---------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
---------------------------------------------------------

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

---------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you

have received this message in error, please contact the sender and delete all copies and attachments.

--------------------------------------------------------

**EXHIBIT 7**

# FRANCZEK

300 SOUTH WACKER DRIVE, SUITE 3400 | CHICAGO, IL 60606
T: 312.986.0300 | F: 312.986.9192 | FRANCZEK.COM

CAROLINE K. KANE
ckk@franczek.com
312.786.6103

May 15, 2025

**VIA ELECTRONIC MAIL**
Jamie S. Franklin
Associate Clinical Professor of Law
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661

> RE:    *Wilcher v. Champaign Unit 4 School District*
>        Case No: 2:24-cv-02240-CSB-EIL
>        Plaintiff's Discovery Responses

Dear Jamie,

  This letter serves as a follow-up to our phone call on May 5, 2025 as well as my emails regarding the deficiencies in Plaintiff's Responses to Defendant's First Set of Interrogatories and First Requests for Production in the above referenced matter. After reviewing Plaintiff's responses, and engaging in subsequent discussions with you, our position remains the same. Plaintiff's responses are incomplete. Pursuant to Federal Rule of Civil Procedure 37, and in an effort to resolve this discovery dispute in good faith without court intervention, Defendants again request that Plaintiff supplement her initial responses to certain discovery requests as detailed below. Most urgently, please send us a signed release for the records that you agree are relevant so that we can issue our subpoenas. There is no reason to continue to delay providing this. Please supplement Plaintiff's responses by **Friday, May 23, 2025.**

Records Related to Plaintiff's Alleged Physical and Emotional Abuse by Mr. Savage: Plaintiff alleges that she began working at the District in August 2001. Am. Compl. ¶ 1. Approximately, 20 years ago, and while employed by the District, Plaintiff alleges that she was in a relationship with Scott Savage, who was also working as a teacher at the District at the time of their relationship. Am. Compl. ¶ 15, 20. Plaintiff further alleges that Mr. Savage subjected her to severe physical and emotional abuse and stalked her at home and work, and the relationship ended in 2003. Am. Compl. ¶16. According to Plaintiff, she continued to work with Mr. Savage at the District until 2006, when he left the District to teach elsewhere. Am. Compl. ¶ 17. Plaintiff claims she was damaged by the District's conduct, including being forced to work with her alleged abuser. Am. Compl. ¶ 65.

# FRANCZEK

May 15, 2025
Page 2

Plaintiff seeks to hold the District liable for emotional distress damages she alleged incurred as a result of the hostile work environment caused by Mr. Savage. In order to recover her requested relief, the Plaintiff is required to prove the elements of her claims, including that 1) the Plaintiff was physically and emotionally abused by Mr. Savage, and 2) that the District had actual or constructive knowledge of the alleged abuse. *See Knox v. State of Ind.*, 93 F.3d 1327 (7th Cir. 1996) (citing *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir. 1994)); *Lawrence v. East Cent. Ill. Area Agency on Aging*, 2011 WL 1100506 at *6 (C.D. Ill. 2011).

Defendants are therefore entitled to discovery regarding the underlying claims of alleged abuse by Mr. Savage towards Plaintiff. If the alleged abuse did not occur, then the Defendants could not have knowledge of Plaintiff's harm, retaliate against her in the manner alleged, or otherwise subject her to ongoing emotional distress. Nor could Defendants have negligently hired or retained Mr. Savage. This is part of Defendant's arguments against liability for which they are entitled to in discovery. Fed. R. Civ. P. 26(b)(1). Thus, Defendants are entitled to any medical or other records which show the Plaintiff did suffer abuse from Mr. Savage, if those records exist. If they do not, please confirm the same in Plaintiff's responses.

<u>Records Related to Plaintiff's Mental Health Damages:</u> The Parties agree Defendants are entitled to Plaintiff's mental health records from at least October 2021 to the present. It is my understanding from our phone call that Plaintiff believes that the District is only entitled to medical records from October 2021 to present because that is when her claim with the Illinois Department of Human Rights was filed. However, it is our position that the Plaintiff's allegations in the Amended Complaint, as outlined above, establish that the District is entitled to her medical records dating back to 2001, when she initially started working with Mr. Savage at the District and when the abuse allegedly occurred. Fed. R. Civ. P. 26(b)(1); *Doe v. Oberweis Dairy*, 456 F.3d 704 (7th Cir. 2006); *Krueger v. Petrak*, 2025 WL 354990, at *23 (C.D. Ill. 2025) ( "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."); *Laudicina v. City of Crystal Lake*, 328 F.R.D. at 518–19 ("No citation is needed to support the proposition that discovery related to a plaintiff's claim for damages is relevant" and finding defendants were entitled to discovery on plaintiff's mental health, drug and alcohol treatment where evidence of such treatment provided explanation of the credibility of defendant's claims over plaintiff's claims); *see also*, *Taylor v. City of Chicago*, 2016 WL 11945123, at *10 (N.D. Ill. 2016) (finding the plaintiff claimed emotional distress damages after being wrongfully incarcerated for over twenty years, that mental health records from a few months before plaintiff's incarceration were relevant because they "provide[d] extensive information relating to [p]laintiff's mental state at the time and in previous years," which could be relevant to plaintiff's emotional distress damages, and therefore the defendant was entitled to those records); *Krueger*, 2025 WL 354990, at *23 (C.D. Ill. 2025).

Records from when Plaintiff worked with Mr. Savage back from 2001-2006, are essential to the Defendant's defense as well as mitigating damages. Plainly, based on Plaintiff's own allegations, it appears that she continued to work with Mr. Savage at the time she allegedly endured abuse, without issue and without notifying the District. If that is the case, there is no basis to hold the District liable for Mr. Savage's hiring and retention 20 years later. Defendants are entitled to all records which show the Plaintiff's alleged ongoing emotional distress from the time of she was

3415806.2

# FRANCZEK

May 15, 2025
Page 3

first exposed to working with her alleged abuser in 2001 to present. *See Krueger*, 2025 WL 354990, at *23 (C.D. Ill. 2025) (finding plaintiff was required to provide authorization to they physicians for medical records which would be used to prove their emotional distress damages where they sought monetary damages due to the defendant's conduct); *See Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 518 (N.D. Ill. 2018).

Defendants request Plaintiff supplement her responses to Defendant's Interrogatory requests No. 6 and No. 8 as well as Requests for Production No. 19 and No. 20. Specifically, Defendants request Plaintiff execute a release of medical records for any and all medical providers who may have provided Plaintiff ongoing medical or mental health treatment from 2001 to present, including any and all medical and mental health providers who may have treated Plaintiff for her alleged abuse by Mr. Savage. Although Plaintiff has already provided information regarding her current providers, information regarding past providers has not been produced and we have yet to receive a signed release, even for providers you agree are relevant.

In the event the Plaintiff did not seek medical treatment for the abuse she allegedly suffered by Mr. Savage, or for her subsequent mental and emotional distress, we ask that Plaintiff clarify the same. We are serving the enclosed Requests to Admit to attempt to clarify Plaintiff's position.

Again, I have attempted multiple times to resolve this issue and have yet to receive a release for the records. Please provide the release and clarify your position on the remaining records by **May 23, 2025**. If we receive no response, we will proceed to seek court intervention as well as our attorneys fees.

Separately, and in addition to the above, please clarify if Plaintiff has withheld any records sought in Request to Produce No. 13, which seeks communications between Plaintiff and Scott Savage between January 1, 2022 to the present. Plaintiff represents that she is providing communications that she deems relevant to her lawsuit; however, it is our position that all communications with Mr. Savage from January 1, 2022 to the present would be relevant to Defendants' defense.

Sincerely,

Caroline K. Kane

Enclosure: Requests to Admit

3415806.2

**EXHIBIT 8**

| | |
|---|---|
| **From:** | Jamie Franklin |
| **To:** | Burke, Patrick K |
| **Cc:** | Kane, Caroline K.; Reva G. Ghadge; Jennifer Guerrero |
| **Subject:** | Re: [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL |
| **Date:** | Tuesday, June 3, 2025 3:29:28 PM |
| **Attachments:** | 0.png |
| | image001[56].png |

Thank you – we will respond shortly.

Very best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com

Chicago-Kent College of Law    **ILLINOIS TECH**

**From:** Burke, Patrick K <pkb@franczek.com>
**Date:** Thursday, May 15, 2025 at 3:42 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Kane, Caroline K. <ckk@franczek.com>, Reva G. Ghadge <rgg@franczek.com>,
Jennifer Guerrero <JGU@franczek.com>
**Subject:** [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-
CSB-EIL

Counsel,

Please see the attached correspondence from Caroline K. Kane and Defendant's First Set of
Request for Admissions to Plaintiff in the above referenced matter.

Thank you,

Patrick K. Burke

Legal Assistant to Caroline K. Kane

**Patrick K Burke** (He/Him/His) | | T. 312.786.6109 | F. 312.986.9192 | pkb@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged
and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby
notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you
have received this message in error, please contact the sender and delete all copies and attachments.
--------------------------------------------------------

**EXHIBIT 9**

| | |
|---|---|
| **From:** | Jamie Franklin |
| **To:** | Burke, Patrick K |
| **Cc:** | Kane, Caroline K.; Reva G. Ghadge; Jennifer Guerrero |
| **Subject:** | Re: [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL |
| **Date:** | Friday, June 13, 2025 6:42:50 PM |
| **Attachments:** | 0.png |
| | image001[35].png |
| | We sent you safe versions of your files.msg |
| | Plaintiffs Response to Defendants First Requests for Admission_For Signature.pdf |

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Counsel,

Attached, please find Plaintiff's Answers to Defendants' First Requests for Admission. We are still waiting for our client's signature and will get that to you shortly.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law    **ILLINOIS TECH**

**From:** Burke, Patrick K <pkb@franczek.com>
**Date:** Thursday, May 15, 2025 at 3:42 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Kane, Caroline K. <ckk@franczek.com>, Reva G. Ghadge <rgg@franczek.com>, Jennifer Guerrero <JGU@franczek.com>
**Subject:** [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL

Counsel,

Please see the attached correspondence from Caroline K. Kane and Defendant's First Set of Request for Admissions to Plaintiff in the above referenced matter.

Thank you,

Patrick K. Burke
Legal Assistant to Caroline K. Kane

**Patrick K Burke** (He/Him/His) | | T. 312.786.6109 | F. 312.986.9192 | pkb@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
--------------------------------------------------------

**EXHIBIT 10**

| | |
|---|---|
| **From:** | Jamie Franklin |
| **To:** | Kane, Caroline K. |
| **Subject:** | Re: [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL |
| **Date:** | Monday, June 16, 2025 12:00:10 PM |
| **Attachments:** | image001.png |
| | 0.png |
| | image002.png |
| | We sent you safe versions of your files.msg |
| | Signed Plaintiffs Response to Defendants First Requests for Admission_For Signature.pdf (2).pdf |

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Caroline,

Attached, please find the plaintiff's verified answers to the requests for admission.

Best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law    ILLINOIS TECH

**From:** Kane, Caroline K. <ckk@franczek.com>
**Date:** Friday, June 13, 2025 at 9:23 AM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>, Burke, Patrick K <pkb@franczek.com>
**Cc:** Reva G. Ghadge <rgg@franczek.com>, Jennifer Guerrero <JGU@franczek.com>
**Subject:** RE: [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL

Jamie,

Over a week ago, you indicated that Plaintiff would respond to our Rule 37 letter regarding

outstanding issues with Plaintiff's discovery responses. To date, we have not received any response or supplemental production. Please be advised that we intend to move forward with filing a motion to compel. I am happy to continue discussing the issues with you, and will withdraw the motion should we come to an agreement, however it does not appear to me Plaintiff is going to respond or that the parties are going to come to an agreement. Therefore, we are seeking court intervention.


Thank you,
Caroline


**From:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Sent:** Tuesday, June 3, 2025 3:29 PM
**To:** Burke, Patrick K <pkb@franczek.com>
**Cc:** Kane, Caroline K. <ckk@franczek.com>; Reva G. Ghadge <rgg@franczek.com>; Jennifer Guerrero <JGU@franczek.com>
**Subject:** Re: [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL

Thank you – we will respond shortly.

Very best,
Jamie

Jamie S. Franklin
Associate Clinical Professor of Law
Supervising Attorney for the Civil Litigation Clinic
Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu
www.civillitigationclinic.com
Chicago-Kent College of Law | ILLINOIS TECH


**From:** Burke, Patrick K <pkb@franczek.com>
**Date:** Thursday, May 15, 2025 at 3:42 PM
**To:** Jamie Franklin <jfranklin5@kentlaw.iit.edu>
**Cc:** Kane, Caroline K. <ckk@franczek.com>, Reva G. Ghadge <rgg@franczek.com>, Jennifer Guerrero <JGU@franczek.com>
**Subject:** [Ext]Wilcher v. Champaign Unit 4 School District, Case No. 2:24-cv-02240-CSB-EIL

Counsel,

Please see the attached correspondence from Caroline K. Kane and Defendant's First Set of Request for Admissions to Plaintiff in the above referenced matter.

Thank you,

Patrick K. Burke

Legal Assistant to Caroline K. Kane

**Patrick K Burke** (He/Him/His) | | T. 312.786.6109 | F. 312.986.9192 | pkb@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
--------------------------------------------------------

**Caroline K. Kane** (She/Her/Hers) | Partner | T. 312.786.6103 | F. 312.986.9192 | ckk@franczek.com
**Franczek P.C.** | 300 South Wacker Drive, Suite 3400 | Chicago, IL 60606 | www.franczek.com

# FRANCZEK

--------------------------------------------------------
The information contained in this e-mail message and any attachments may be confidential or privileged and is intended only for the use of the named recipient. If you are not the named recipient, you are hereby notified that any dissemination or copying of this message or any attachment is strictly prohibited. If you have received this message in error, please contact the sender and delete all copies and attachments.
--------------------------------------------------------

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,

Plaintiff,

v.

CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
the BOARD OF EDUCATION OF
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,
SHEILA BOOZER, and KEN KLEBER,

Defendants.

Case No. 2:24-cv-02240-CSB-EIL

## PLAINTIFF'S ANSWERS TO DEFENDANTS'
## FIRST SET OF REQUESTS FOR ADMISSION

The plaintiff, Katina Wilcher, pursuant to Federal Rule of Civil Procedure 36, provides

the following answers to Defendants' First Set of Requests for Admission.

## REQUESTS FOR ADMISSION

1. Plaintiff did not seek any type of treatment for physical injuries sustained as a result of

   alleged abuse by Mr. Scott Savage towards her from 2001 to the present.

**RESPONSE:** Plaintiff objects to this request because the phrase "any type of treatment" is

vague and ambiguous. Plaintiff further objects to this request because it is overbroad in temporal

scope and not related to any party's claims or defenses. Subject to and without waiving these

objections, plaintiff denies.

2. Plaintiff did not seek any type of treatment for emotional or mental injuries sustained as a

   result of alleged abuse by Mr. Scott Savage towards her from 2001 to the present.

**RESPONSE:** Plaintiff objects to this request because the phrase "any type of treatment" is

vague and ambiguous. Plaintiff further objects to this request because it is overbroad in temporal

scope and not related to any party's claims or defenses. Subject to and without waiving these objections, plaintiff denies.

3.  Plaintiff suffered no physical injuries as a result of alleged abuse by Mr. Scott Savage towards her from 2001 to the present.

**RESPONSE:** Plaintiff objects to this request because it is overbroad in temporal scope and not related to any party's claims or defenses. Subject to and without waiving these objections, plaintiff denies.

4.  Plaintiff suffered no emotional or mental health injuries as a result of alleged abuse by Mr. Scott Savage towards her from 2001 to the present.

**RESPONSE:** Plaintiff objects to this request because it is overbroad in temporal scope and not related to any party's claims or defenses. Subject to and without waiving these objections, plaintiff denies.


Respectfully submitted,


Dated: June 13, 2025


Jamie S. Franklin
Law Offices of Chicago-Kent
565 W. Adams St., Ste. 600
Chicago, IL 60661
(312) 906-5048
(312) 906-5280 (fax)
jfranklin5@kentlaw.iit.edu

## VERIFICATION

I, Katina Wilcher, verify that the foregoing responses are accurate and complete to the best of my knowledge at this time.

_____    June 13, 2025
Signature                                              Date

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document, Plaintiff's Answers to Defendants' First Set of Requests for Admission, was served via email on June 13, 2025 on the following parties:


Service List:

Caroline K. Kane
ckk@franczek.com
Tracey L. Truesdale
tlt@franczek.com
Hailey M. Golds
hmg@franczek.com
Franczek P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606