E-FILED
Monday, 07 July, 2025  09:37:10 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| KATINA WILCHER, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 2:24-cv-02240-CSB-EIL |
| v. | ) | |
| | ) | |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, | ) | |
| the BOARD OF EDUCATION OF | ) | |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, | ) | |
| SHEILA BOOZER, and KEN KLEBER, | ) | |
| | ) | |
| *Defendants.* | | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL

### INTRODUCTION

Defendants seek to compel the plaintiff's medical and mental health records from 2001-2006, arguing that her claims of a hostile work environment and emotional distress damages entitle them to highly sensitive and private information that is more than two decades old. The plaintiff has already agreed to produce records from October 2021 forward, the relevant time period during which the alleged discriminatory and retaliatory conduct occurred, and has provided verified interrogatory responses, responses to document requests, and responses to requests for admission. The defendants' motion ignores the temporal scope and nature of the plaintiff's claims and overreaches by demanding irrelevant and invasive discovery tied to events that occurred twenty years ago and predate any alleged wrongdoing by the defendants.

### BACKGROUND

1.     Plaintiff Katina Wilcher, a dedicated and long-time employee of Champaign School District (CSD), seeks to hold the defendants liable for creating a hostile work

environment and retaliating against her under Title VII and the Illinois Human Rights Act related to the hiring and retention of Scott Savage.

2.    In the early 2000s, the plaintiff was subjected to emotional and physical abuse by Mr. Savage while they were in a romantic relationship. Am. Compl. ¶ 16. Both the plaintiff and Mr. Savage were employed at different schools in the District. By 2006, when Mr. Savage left the District's employ, three female partners of Mr. Savage had filed orders of protection against him. Am. Compl. ¶ 17; https://www.wcia.com/news/community-asks-for-accountability-from-centennial-high-school-principal/.

3.    In April 2022, the plaintiff learned that Mr. Savage was under consideration for the role of Principal at CSD's Centennial High School. Am. Compl. ¶ 19. Concerned that Mr. Savage's hiring would result in her having regular and sustained contact with him, the plaintiff brought her concerns regarding his hiring to the defendants. Am. Compl. ¶ 20, 21. Defendants Kleber and Boozer met with the plaintiff regarding her concerns, but were largely dismissive, insisting that Mr. Savage had been vetted and was the top candidate for the position. Am. Compl. ¶ 23.

4.    The District hired Mr. Savage as Principal of Centennial High School despite the plaintiff's concerns and complaints and with the knowledge that she would have to work in the same building as Mr. Savage. Am. Compl. ¶ 25.

5.    Following Mr. Savage's hiring, the defendants insisted that the plaintiff attend meetings where he was present, causing her extreme emotional distress. Am. Compl. ¶ 28, 30. When the plaintiff attempted to find ways to meet her job requirements without being present at these meetings, she was reprimanded and eventually demoted to a lower-paying position at the District. Am. Compl. ¶ 34, 40.

6.    The plaintiff is seeking relief for lost wages and emotional distress, partially on the basis of the hostile environment created and perpetuated by the defendants. Am. Compl. ¶ 56, 72. The plaintiff is also alleging retaliation and violation of the FMLA by the defendants.

7.    The defendants have filed a motion to compel the production of the plaintiff's medical records from 2001 to 2006, covering the period from when the plaintiff was in an abusive relationship with Mr. Savage until he left the District for the first time. For the reasons stated below, their motion should be denied.

## ARGUMENT

8.    The plaintiff's mental and physical health records from 2001-2006 are not relevant, as the plaintiff's claim for relief is based on the hostile work environment created by the defendants ***beginning in 2022***. As with any case, the production of documents in discovery turns on the relevancy of the records sought. *Elliott v. Superior Pool Prods., LLC,* 15-cv-1126, U.S. Dist. LEXIS 293, *3-4 (C.D. Ill. Jan. 6, 2016).

9.    The plaintiff is seeking relief on the basis of emotional damages she suffered from the defendants' creation and perpetuation of a hostile work environment by hiring Scott Savage and forcing the plaintiff to work closely with him, despite their knowledge of Mr. Savage's alleged abuse of the plaintiff. This hostile work environment began with the hiring of Mr. Savage as Principal of Centennial High School in April 2022, not during the period from 2001 to 2006. During that period, the plaintiff and Mr. Savage were employed in different positions at separate schools and did not interact with or see each other in the work environment.

10.    Whether Plaintiff sought medical treatment for the abuse she faced from Mr. Savage during their relationship is not at issue in this case. The plaintiff must only prove that her work environment was subjectively and objectively offensive and interfered unreasonably with

her work performance. *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880-81 (7th Cir. 2018). Plaintiff's medical records dating back more than twenty years are not relevant to such a determination, and disclosure would constitute an unwarranted violation of the plaintiff's privacy. Her legal claims are not based on the abuse itself, but rather on the defendants' conduct in choosing to rehire Mr. Savage decades later and subject her to a hostile work environment.

11.     The defendants' case law does not support their attempt to reach back a quarter century. It merely recites the well-established point that plaintiffs seeking emotional distress may be required to produce medical records documenting their treatment. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) holds that "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of *that state*." (Italics added.) But the "state" at issue in this case is the plaintiff's emotional distress from 2022 onward – not her emotional state in 2001. Here, the plaintiff will provide medical records from 2021 to the present, which will document any treatment related to emotional distress caused by the claims she brings in this case.

12.     Defendants attempt to justify their motion by stating that the old records will show "the ongoing damage, either physical, mental, or emotional distress, that Plaintiff alleges to have suffered in her First Amended Complaint." Def. Mtn., ¶ 36. Not so. The plaintiff's emotional distress caused by the defendants' actions is not premised on her mental state in 2001 – rather, it is solely tied to the hiring of Mr. Savage in 2022.

13.     Defendants also argue that the 2001-2006 records will provide "information upon which to argue it could not have known about alleged abuse or there were other causes of any alleged emotional distress Plaintiff experienced." Def. Mtn., ¶ 37. Again, incorrect. The defendants were aware of the alleged abuse because they were ***notified by the plaintiff*** before

they hired Mr. Savage. Medical records from the turn of the century will shed no light on that issue.

14.     "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." But courts must "balance[e] the privacy interests that Plaintiffs have in [medical] records with the relevancy." *Coleman v. City of Chicago*, No. 18-cv-00998, 2019 U.S. Dist. LEXIS 219753, *23 (N.D.Ill. Dec. 23, 2019). Here, medical records from 2001-2006 are neither relevant nor proportional.

15.     Defendants also include in their motion a request for any unproduced communications between Mr. Savage and the plaintiff from January 1, 2022 to the present. The plaintiff has already produced all such documents in her possession.

16.     For these reasons, Defendants' Motion to Compel should be denied.

Respectfully Submitted July 7, 2025

*/s Jamie S. Franklin*

Jamie S. Franklin
C-K Law Group
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this July 7, 2025, she caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Compel be filed with the Clerk of the Court using the CM-ECF Filing system, which electronically serves a copy upon the following counsel of record.

/s/ Jamie S. Franklin

Jamie S. Franklin

<u>Service List:</u>

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606