E-FILED
Thursday, 07 August, 2025  02:53:25 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

KATINA WILCHER,

        **Plaintiff,**

**v.**                                      **Case No. 24-2240**

**CHAMPAIGN UNIT 4 SCHOOL
DISTRICT, et al.,**

        **Defendants.**

### ORDER

This case is before the Court on the Motion to Compel Plaintiff's Response to Defendants' Initial Discovery Requests (#18), filed by Defendants Champaign Unit 4 School District, Board of Education of Champaign Unit 4 School District, Sheila Boozer, and Ken Kleber (collectively, "Defendants"). Plaintiff Katina Wilcher ("Plaintiff") filed a Response (#19) in opposition. For the reasons discussed below, Defendants' Motion to Compel (#18) is GRANTED in part and DENIED in part.

### I.    Background

In her Complaint, Plaintiff alleges Defendants created a hostile work environment and retaliated against her under Title VII and the Illinois Human Rights Act by hiring and retaining Scott Savage. Plaintiff also alleges Defendants violated and retaliated against her in violation of the Family Medical Leave Act. In addition, Plaintiff brings a claim for negligent hiring and retention.

Plaintiff alleges that from 2001-2003, she was in a relationship with Savage while they were both employed at different schools in the District. According to Plaintiff, Savage severely physically and emotionally abused her and stalked her at home and work until the relationship ended in 2003. Savage was employed by the District until 2006, when he left the District's employment. According to Plaintiff, during the time they

were both employed with the District, they did not interact with or see each other in the work environment.

In April 2022, Plaintiff learned the District was considering Savage for the role of Principal at Centennial High School. Plaintiff alleges she was concerned that hiring Savage would result in her having regular and sustained contact with him. She brought her concerns to Defendants Kleber and Boozer and told them that Savage had abused her when they were in a relationship and that she did not believe it was appropriate to consider him for Principal. Plaintiff alleges they were largely dismissive, stating they were fully vetting Savage by doing background and reference checks and that he was their top candidate. In April 2022, the District hired Savage as Principal. Plaintiff alleges Defendants hired him "with full knowledge of his history of allegedly abusing women."

Plaintiff alleges Savage's presence at work created a hostile and intimidating environment for her and seeks damages for the emotional distress she allegedly endured because of Savage's presence. In support of her negligent hiring and retention claim, Plaintiff alleges the District knew or should have known Savage was unfit for the position so as to create a danger of harm to third persons and that Savage's unfitness caused her injuries.

 The present discovery dispute relates to Plaintiff's medical records. The parties agree that Defendants are entitled to Plaintiff's mental health records from at least October 2021 to the present. However, they disagree on whether Defendants are entitled to any records prior to October 2021 related to any abuse and emotional distress Plaintiff allegedly endured.

The parties have met and conferred but have been unable to resolve the dispute. Accordingly, Defendants filed the present Motion to Compel. Defendants seek (1) any medical or other records that show Plaintiff suffered abuse from Savage from 2001 to the present, and (2) any medical, mental health, or other records related to Plaintiff's alleged emotional distress damages from 2001 to the present.

## II.    Legal Standard

Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case …. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. (b)(1). The district court exercises significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-496 (7th Cir. 1996). It may grant or deny the motion in whole or in part. *Id.* "The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Peppers v. Credit One Bank, N.A.*, 2018 WL 8244003 (C.D. Ill. Dec. 21, 2018) (quoting *Openheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).

## III.    Analysis

Defendants argue that Plaintiff's physical and mental health medical records from 2001 to at least 2006, the time period when Plaintiff was in a relationship with Savage and when they were both employed with the District, are relevant evidence. Plaintiff argues that these records are not relevant because the hostile work environment began with the re-hiring of Savage in April 2022, not during the period from 2001 to 2006.

Although mental health records are generally privileged, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006).

Here, Plaintiff seeks damages, in part, based on the alleged emotional distress she experienced by being required to work with her alleged abuser. Thus, she has placed her psychological state at issue, and Defendants are entitled to discover records of that state.

Plaintiff argues the "state" at issue is her emotional distress from 2022 onward, not her emotional state from 2001-2006. The question, though, is whether Plaintiff's medical records from 2001-2006 are relevant to her emotional distress from 2022 onward or to her claims that Savage mistreated her during that time period. The Court finds that Plaintiff's medical records from 2001-2006 are relevant and proportional to both Plaintiff's hostile

3

work environment claim and claim of negligent hiring and retention. Those documents must be produced.

As to Plaintiff's hostile work environment claim, Plaintiff alleges Defendants allowed a hostile work environment to be created and perpetuated, in part, by hiring her alleged abuser and requiring her to work with her alleged abuser. (#11 at 9). A sexual harassment claim under Title VII requires Plaintiff to show: "(1) her work environment was objectively and subjectively offensive, (2) the harassment she complained of was based on her gender, (3) the conduct was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment, and (4) there is a basis for employer liability." *Swyear v. Fare Foods Corp.*, 911 F.3d 874, 880 (7th Cir. 2018).

Whether Plaintiff's work environment was objectively offensive, and whether Defendants allowed a hostile or abusive working environment, is more or less probable depending on whether Plaintiff was required to work in 2022 with the man who abused her from 2001-2003. This, in turn, depends on whether she was in fact abused from 2001-2003. Plaintiff's medical records from 2001-2003 (the time during which Plaintiff alleges Savage abused her) may lead to evidence of whether she suffered mental or physical harm during the time in which she was in a relationship with Savage. Therefore, the medical records from during their relationship and shortly thereafter (3 years) are relevant to the alleged emotional distress Plaintiff experienced later when Savage returned to employment with the District.

For similar reasons, Plaintiff's medical records from 2001-2003 are relevant to her claim of negligent hiring and retention. Plaintiff alleges Defendants knew or should have known Savage was unfit for the position so as to create a danger of harm to her or other third persons. (#11 at 11). Plaintiff also alleges that because of Savages' hiring and retention, she suffered emotional distress. (#11 at 11). Whether Defendants knew or should have known that Savage was unfit, and whether and to what degree Plaintiff suffered emotional distress from 2022 onward, depends at least in part on whether Plaintiff was in fact abused during the earlier relationship. This becomes more or less

probable depending on whether there is evidence – such as her medical records – of her alleged abuse.

In sum, for purposes of discovery, any evidence that Savage physically or emotionally abused Plaintiff from 2001-2003 makes it more probable that Plaintiff experienced a hostile work environment and suffered emotional distress from 2022 onward. Thus, Plaintiff's medical records from 2001-2003 are relevant and proportional to the needs of this case.

Accordingly, Plaintiff shall produce records of emotional distress (whether from a mental health provider or a medical provider) for the period of 2001-2006. Plaintiff shall produce medical records relating to any injury or harm caused by Savage between 2001-2003. Because of the private nature of such records, the Court directs that they be produced under an "attorney's eyes only" protective order.

Defendants also seek any communications not previously produced between Plaintiff and Savage from January 1, 2022, to the present. Plaintiff reports that she has turned over to Defendants all such documents in her possession. Accordingly, that request is denied as moot.

## IV.    Conclusion

For the reasons discussed above, Defendants' Motion to Compel (#18) is GRANTED in part and DENIED in part. The Court orders as follows:

1) Within 14 days, the parties shall submit a protective order with an "attorney's eyes only" provision governing mental health and medical records. Within 14 days of the Court adopting the protective order, Plaintiff shall produce to Defendants under an "attorney's eyes only" designation any medical records from 2001-2003 related to the alleged abuse Plaintiff endured by Scott Savage and records from 2001-2006 related to any emotional distress she experienced as a result of the alleged abuse.

2) Defendants' Motion is denied in all other respects.

3) No fees or costs awarded.

ENTERED this 7th day of August, 2025.

s/ERIC I. LONG
_____
UNITED STATES MAGISTRATE JUDGE
