E-FILED
Friday, 17 October, 2025  08:25:27 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| KATINA WILCHER,<br><br>               Plaintiff,<br><br>v.<br><br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT,<br>the BOARD OF EDUCATION OF<br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT,<br>SHEILA BOOZER, and KEN KLEBER,<br><br>               Defendants. | Case No. 2:24-cv-02240-CSB-EIL |

### DEFENDANTS' MOTION TO DISMISS OR FOR ALTERNATIVE RELIEF

Defendants Champaign Unit 4 School District, Board of Education of Champaign Unit 4 School District, Sheila Boozer, and Ken Kleber (collectively "Defendants") by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 37 and 41, move this Court to enter an order dismissing the Plaintiff's remaining claims for her failure to comply in discovery. Defendants further request that the Court order Plaintiff to pay Defendants' reasonable attorneys' fees incurred in obtaining the order entered on August 7, 2025 as well as in bringing this motion. In support, the Defendants state as follows:

### BACKGROUND FACTS

Plaintiff, a former employee at Champaign Community School District, No. 4, filed a Complaint on July 9, 2024. Dkt. No. 1. Plaintiff filed her First Amended Complaint on November 21, 2024, alleging that Defendants created a hostile work environment and retaliated against her in violation of Title VII and the Illinois Human Rights Act ("IHRA") by hiring and retaining Dr. Scott Savage, with whom she had a relationship with in 2001-2003. Dkt. No. 11. Plaintiff also alleges Defendants violated the Family Medical Leave Act ("FMLA") and asserted a claim for

negligent hiring and retention. Dkt. No. 11. Plaintiff seeks lost wages and benefits, compensatory damages, emotional and mental distress damages, punitive damages, and attorneys' fees and costs. Dkt. No. 11. The Defendants deny Plaintiff's allegations.

On June 20, 2025, Defendants filed a motion to compel Plaintiff to provide medical records. Dkt. No 18. Prior to filing this motion, Defendants' counsel had numerous conversations with Plaintiff's counsel to resolve the dispute as detailed within Defendants' motion to compel. Dkt. No. 18. Specifically, during a Teams conference on May 5, 2025, Defendants' counsel told Plaintiff's counsel that if there are no records from 2001-2003 when the alleged abuse occurred, there was no dispute. Dkt. No. 18, ¶¶21-23; Dkt. No. 18-1, Ex. 7. In a good faith attempt to avoid the motion to compel, Defendants' counsel issued requests to admit to determine whether there were records at issue and avoid a motion to compel. *Id*.

On June 13, 2025, Plaintiff's counsel provided Plaintiff's unsigned answers to pending requests for admission. Dkt. No. 18-1, Ex, No. 9. On June 16, 2025, Plaintiff's counsel provided Plaintiff's verified answers to the request for admission. Dkt. No. 18-1, Ex. 10. The Plaintiff's responses indicate that she sought treatment for her alleged physical, emotional, and mental injuries, and thus, she represented that there were medical records in existence that would be responsive to the outstanding discovery requests, prompting Defendants' counsel to file a motion to compel. Dkt. No. 18-1, Ex. 10.

On August 7, 2025, this Court entered an order granting Defendants' motion to compel, and specifically ordering Plaintiff to produce medical records from 2001-2003 related to the abuse Plaintiff allegedly endured by Scott Savage and records from 2001-2006 related to any emotional distress she experienced as a result of the alleged abuse. Dkt. No. 21. The court also ordered the parties to enter a protective order so such records could be produced under an "attorney's eyes

only" designation. Dkt. No. 21. The parties did so, and the protective order was entered on August

25, 2025. Dkt. No. 23.  Plaintiff was ordered to produce the responsive records by September 8,

2025. Dkt. No. 21.

On September 9, 2025, Plaintiff's counsel sent Defendants' counsel an email stating, "I

have consulted with Ms. Wilcher, and she has confirmed that she did not seek any medical

treatment related to the abuse during the time it was taking place." **Exhibit A**.  That same day,

Defendants' Counsel responded:

> I raised this issue with you during our Rule 37 conference prior to filing the motion to
> compel. I asked you directly if the Plaintiff received treatment when she alleged the abuse
> occurred. If she didn't, then this would be a non-issue. I also served the attached requests
> for admission before filing the motion to compel in an effort to find out if there were
> documents at issue. Plaintiff submitted verified responses indicating that she did in fact
> receive treatment during the relevant time period. Therefore, I moved forward with filing
> the motion to compel with the understanding that there were records at issue. Plaintiff has
> now contradicted her verified response, which premised the basis for Defendants' motion.
> Further Plaintiff has not provided us with the medical records that she agrees are relevant
> from the doctors disclosed on her interrogatories, nor has she provided a signed release so
> that we can subpoena them. At this point, I am requesting another Rule 37 conference with
> you so that we can discuss and I can move forward with seeking court intervention if
> necessary.

**Exhibit A**. Counsel spoke over Microsoft Teams on September 26, 2025. Defendants'

counsel asked Plaintiff's counsel to explain Plaintiff's position given her contradictory responses

regarding the outstanding medical records. Plaintiff's counsel stated that at the time she drafted

the responses to the request to admit, she felt they were ambiguous and they should have been

drafted more specifically. Defendants' counsel disagreed with this position and cited to their

previous conversations where they discussed this very issue and Plaintiff never claimed that there

were no records. The parties could not resolve this issue.

Next, Defendants' counsel asked for a status on the outstanding medical records for the

providers that Plaintiff agreed were relevant. The Defendants sought these records in its requests

issued on November 22, 2024, which included a release for these records. Dkt. No. 18-1, Exhibits 1 and 2. When Plaintiff did not provide a signed release, Defendants' counsel followed up with Plaintiff's counsel on April 1, 2025. Dkt. No. 18-1, Ex. 6. One week later Plaintiff provided red-line edits to the release. Dkt. No. 18-1, Ex. 6.  The parties agreed to the form of the release on May 5, 2025 during their Teams conference. Dkt. No. 18, ¶ 21. During the Teams conference on September 26, 2025, Plaintiff's counsel asserted for the first time that she believes that Defendants' counsel must send the release with the treaters filled in before her client signs it. Although Defendants' counsel maintains that Plaintiff should either provide the records herself or should fill out the release with her treater's information, which she has, Defendants' counsel complied with Plaintiff's counsel's request to the best of her ability and sent the revised release on September 30, 2025. **Exhibit A**.  Defendants' counsel has still not received the signed release, even though this was initially sent to Plaintiff almost a year ago. Defendants have also still not received any records from Plaintiff herself.

On September 26, 2025, Defendants' counsel also asked Plaintiff's counsel whether Plaintiff intended to pursue her claims given her actions in this case and her failure to comply with discovery. Plaintiff's counsel represented that Plaintiff intends to continue litigating this case. The call ended with the parties agreeing to disagree. Defendants' counsel indicated that she would be filing this motion.

The Court has since granted Defendants' partial motion to dismiss Plaintiff's claims on September 29, 2025. Dkt. No. 24. The only remaining claims in this case include Plaintiff's retaliation claims against the District under Title VII and the IHRA (Counts I and III), and Plaintiff's claim that the Defendants violated the FMLA (Count V). Dkt. No. 24. Plaintiff is seeking emotional distress damages. Dkt. No. 11.

## **ARGUMENT**

Plaintiff provided misleading responses to Defendants' requests for admission, unnecessarily increasing the costs of litigation, and sanctions are proper. Under Rule 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, the Court may issue an order dismissing the action in whole or in part. Pursuant to Rule 37(b)(2)(C), the Court may also order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees. Additionally, Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal is appropriate under Rule 41(b) in cases where "there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir.2003). "[T]he power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc*., 811 F.2d 1175, 1178 (7th Cir.1987).

Additionally, "any attorney or other person admitted to conduct cases in any court of the United States, or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

There is no reasonable excuse for Plaintiff's conduct in this case. First, the Plaintiff has always agreed that certain medical records are relevant. Defendants' counsel has attempted numerous times to obtain the signed release so that she can subpoena the medical records that were

cv

CSB

EIL

not in dispute. Dkt. No. 18, ¶¶21-23, 31, 44; Dkt. No. 18-1, Ex. 7. Plaintiff has unnecessarily and unreasonably delayed providing that release and to date, has not provided the release or relevant medical records despite her agreement that they are relevant to her claims and this Court's order stating that Plaintiff must provide them. Dkt. No. 21.

Second, the requests to admit were issued for the limited purpose of determining whether there were records at issue and whether a motion to compel was necessary. This was discussed with Plaintiff's counsel during the Rule 37 conference that occurred on May 5, 2025 as well as within Defendants' follow up Rule 37 letter. Dkt. No. 18, ¶ 21; Dkt. No. 18-1, Exhibit 7. The requests to admit were written in clear, plain language. Plaintiff, while represented by counsel and while under oath, denied those requests, indicating that there were records at issue, prompting Defendants' counsel to draft the motion to compel. Further, in Plaintiff's response to the motion to compel, Plaintiff did not indicate that there were no records responsive to the requests at issue and instead indicated that she objected to providing them based on relevance. Dkt. No. 19. At the time Defendants' motion was filed, these records related to a central issue in the case and still remain relevant to Defendants' defense as well as the issue of damages.

Plaintiff knowingly misled Defendants' counsel and this Court, and through her actions, required Defendants to needlessly expend litigation costs. Plaintiff's conduct has undoubtedly prejudiced Defendants not only in the costs incurred but also in the delay in providing this information. Again, Plaintiff still has not provided Defendants with the medical release for medical records that she agrees are relevant. Absent an extension, Defendants have no ability to timely seek these medical records or conduct depositions.

This Court may impose any sanction set forth in Rule 37(b)(2)(A) and may also award the Defendants' expenses and attorney fees caused by Plaintiff's failure to respond. Fed. R. Civ. P.

37(d)(3). Defendants believe that the circumstances in this case warrant dismissal and the Defendants should not be dragged along any further if Plaintiff does not intend to prosecute this case or comply with this Court's orders or the rules of discovery. *Williams v. Bd. of Educ.*, 155 F.3d 853, 858 (7th Cir.1998) (dismissal for failure to prosecute appropriate where plaintiff's counsel frequently disregarded discovery rules, protocol, and the court's deadlines and schedule); *EEOC v. Sears Roebuck and Co,* 114 F.R.D. 615, 626-27 (N.D. Ill. 1987)(court granted sanctions under Rule 37(d) where plaintiff provided incorrect, incomplete and misleading data in response to discovery requests).

Additionally, an award of attorneys' fees is proper. If an attorney pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006). Whether to grant sanctions under §1927 is entrusted to the discretion of the district court. *Fletcher v. Doig*, 145 F.4th 756, 764 (7th Cir. 2025) (quoting 28 U.S.C. § 1927) (finding district courts have "broad discretion to impose sanction under § 1927, which authorizes sanctions against any attorney who so multiplies the proceedings in any case unreasonably and vexatiously."). Here, instead of communicating that there were no documents subject to Defendants' request, Plaintiff took the position that there were records at issue and such records were being withheld based on relevance. Plaintiff has now contradicted her verified responses to the requests to admit. This conduct has needlessly multiplied the proceedings in this case unreasonably and vexatiously. *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("A frivolous argument or claim is one that is baseless and made without a reasonable and competent inquiry."). As such, an award of attorneys' fees under 28 U.S.C. § 1927 is proper.

WHEREFORE, Defendants respectfully ask the Court to dismiss this case with prejudice based on Plaintiff's actions, her failure to comply with this Court's order, and for her repeated failure to provide her signed release for documents she agrees are relevant. In the alternative, Defendants ask this Court to enter another order compelling Plaintiff to comply in discovery by providing the medical records and extend discovery to allow Defendants to review the records and take depositions. Defendants further ask the Court to order Plaintiff to pay Defendants' reasonable expenses, including attorney's fees incurred in filing its motion to compel as well as those incurred in drafting this motion, and for any other relief deemed proper and just.

Dated: October 17, 2025                          Respectfully submitted,

**CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, SHELIA BOOZER, and KEN KLEBER**, Defendants.

By: _/s/ Caroline K. Kane- 6324144_
    One of Their Attorneys

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 17th day of October, 2025, she caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS OR FOR ALTERNATIVE RELIEF** to be filed with the Clerk of the Court using the CM-ECF Filing system which electronically serves a copy upon the following counsel of record:

> Jamie S. Franklin
> C-K Law Group
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu

*/s/ Caroline K. Kane - 6324144*