## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

KATINA WILCHER,                              )
                                             )
    *Plaintiff,*                         )
                                             )    Case No. 2:24-cv-02240-CSB-EIL
v.                                           )
                                             )
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,            )
the BOARD OF EDUCATION OF                    )
CHAMPAIGN UNIT 4 SCHOOL DISTRICT,            )
SHEILA BOOZER, and KEN KLEBER,               )
                                             )
    *Defendants.*                        )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## TO DISMISS OR FOR ALTERNATIVE RELIEF

### I.    Introduction

Defendants' motion to dismiss or for alternative relief is based on a one-sided account that omits their *own* months-long delays. They ask the Court to dismiss this case pursuant to Rules 37(b) or 41(b) and assess fees pursuant to 28 U.S.C. § 1927. As shown below, Defendants' motion is meritless and should be denied in its entirety

### II.    Legal Standard

Dismissal under Rule 37(b) or Rule 41(b) is a last resort for serious violations of the judicial process. The Seventh Circuit requires a finding of "willfulness, bad faith, or fault," and requires that lesser sanctions have been considered and found inadequate, before imposing dismissal under Rule 37(b) or Rule 41(b). *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003) (overruled on other grounds by *Ramirez v. T&H Lemont, Inc*., 845 F.3d 772 (7th Cir. 2016)). The *Ramirez* court stressed that dismissal is appropriate only when a litigant has "willfully abused the judicial process or otherwise conducted the litigation in bad faith." Nothing

like that has occurred here. And sanctions under Section 1927 apply only where counsel acts with objective bad faith-conduct that is "extremely negligent" or a "serious and studied disregard" for the judicial process, not mere disagreement over discovery matters. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016). Again, there is no record of any such behavior by Plaintiff or her counsel in this case.

III.    **Argument**

A.    **Plaintiff did not act improperly with respect to her medical records or releases.**

This Court ordered on August 7, 2025 that Plaintiff produce medical records from 2001-2003 (and 2001-2006 for emotional distress). On September 9, 2025, Plaintiff informed Defendants that she did not seek medical treatment for the alleged abuse. That is compliance: one cannot produce what does not exist. See *Maynard*, 332 F.3d at 468 (sanctions require culpable noncompliance, not inability); *Ramirez*, 845 F.3d at 781 (sanction must fit the misconduct and actual prejudice).

Defendants argue that Plaintiff's lack of medical records "contradicted" her verified Responses to Defendants' Requests for Admission, which then misled them into pursuing medical records. This is incorrect. Defendants' RFAs 1 and 2 demanded Plaintiff admit she "did not seek any type of treatment … from 2001 to the present." Plaintiff denied the RFA because she did treat herself through over-the-counter means and talked to confidantes, which are types of treatment and require an answer of "deny," given the RFA's all-encompassing phrasing ("any type"). That answer does not imply the existence of provider records from 2001-2003. Defendants' porous drafting does not convert Plaintiff's accurate denial into misconduct.

As for the present-day provider releases, Defendants initially served a version that was overbroad and did not even specify the name of the provider. Plaintiff's counsel sent back a

more-appropriate version and the parties' counsel agreed on an acceptable version several weeks later, as Defendnats' brief notes. But plaintiff never heard back from defendant about the releases until last month, when Defendants made clear that they had expected Ms. Wilcher to issue the releases to herself. Once Defendants provided Plaintiffs with completed releases, she signed and returned them promptly.

### B. Defendants' own delays and refusal to provide deposition dates preclude dismissal for "failure to prosecute" and defeat claims of prejudice.

Defendants waited three months to answer written discovery and still have not provided dates for depositions noticed in November 2024. Yet they ask the Court to dismiss this case because Plaintiff did not produce medical records that did not exist, and waited for Defendants to issue medical releases before signing them. Rule 41(b) dismissal requires a clear record of delay or contumacious conduct attributable to the plaintiff, typically after warning and lesser measures. *Maynard*, 332 F.3d at 467. The mixed record here, where Defendants have themselves engaged in delay and blocked depositions – undercuts any finding of contumacy or prejudice warranting dismissal. *Id*. at 468 (considering both parties' conduct and lesser remedies).

### C. The imposition of fees is unwarranted.

Under Rule 37(a)(5)(A), a party may not recover reasonable expenses if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). Courts have consistently interpreted "substantially justified" to mean that the position taken was reasonable in law and fact, even if ultimately unsuccessful. See *Oce–Business Systems, Inc. v. Dual Office Suppliers, Inc.,* No. 87-cv-8613, 1988 U.S. Dist. LEXIS 3411, at *3–5 (N.D. Ill. Apr. 21, 1988), quoting Wright & Miller, Federal Practice & Procedure § 2288, at 790 (1970). Here, the circumstances do not warrant the award of fees.

**D.      Defendants should be ordered to produce the witnesses Plaintiff noticed nearly one year ago.**

Not only must Defendants' motion be denied, but the Court should order Defendants to produce Boozer, Kleber, and Savage for their depositions, which Plaintiff noticed nearly a year ago on November 22, 2024.

**IV.      Conclusion**

Defendants' motion to dismiss, for fees, and for sanctions is unwarranted, unnecessary, and should be denied in its entirety.

Respectfully Submitted October 31, 2025

*/s Jamie S. Franklin*

Jamie S. Franklin
C-K Law Group
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned attorney hereby certifies that on this October 31, 2025, she caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss and for Other Relief be filed with the Clerk of the Court using the CM-ECF Filing system, which electronically serves a copy upon the following counsel of record.

        <u>/s/ Jamie S. Franklin</u>

        Jamie S. Franklin


<u>Service List:</u>

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606