E-FILED
Wednesday, 18 March, 2026  02:14:55 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

KATINA WILCHER,

      **Plaintiff,**

v.

      **Case No. 24-2240**

CHAMPAIGN UNIT 4 SCHOOL
DISTRICT, et al.,

      **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

Before the Court is the Motion to Dismiss or for Alternative Relief (#26), filed by Defendants Champaign Unit 4 School District, Board of Education of Champaign Unit 4 School District, Shelia Boozer, and Ken Kleber (collectively, "Defendants"). Plaintiff Katina Wilcher ("Plaintiff") filed a Response (#27) in opposition. At the Court's direction, Defendants filed a Petition for Attorneys' Fees (#29) as a supplement to their Motion.

In addition, Plaintiff filed a Motion for Leave to File Second Amended Complaint (#28). Defendants filed a Response (#29) in opposition.

For the reasons discussed below, the Court recommends that Defendants' Motion to Dismiss or for Alternative Relief (#26) be GRANTED in part and DENIED in part. Plaintiff's Motion for Leave to File Second Amended Complaint (#28) is GRANTED.

## I.    Defendants' Motion to Dismiss or for Alternative Relief

In her First Amended Complaint, Plaintiff alleges Defendants created a hostile work environment and retaliated against her. Plaintiff's Amended Complaint asserts six causes of action: retaliation in violation of the Illinois Human Rights Act ("the IHRA") (Count I), discrimination and hostile work environment in violation of the IHRA (Count II), retaliation in violation of Title VII (Count III), discrimination and hostile work environment in violation of Title VII (Count IV), violation of the Family and Medical

1

Leave Act ("FMLA") and retaliation in violation of the FMLA (Count V), and negligent hiring and retention (Count VI).

Plaintiff alleges that from 2001-2003, she was in a relationship with Savage while they were both employed at different schools in the District. According to Plaintiff, Savage severely physically and emotionally abused her and stalked her at home and work until the relationship ended in 2003. Savage was employed by the District until 2006, when he left the District's employment.

In April 2022, Plaintiff learned the District was considering Savage for the role of principal at Centennial High School. Plaintiff alleges she was concerned that hiring Savage would result in her having regular and sustained contact with him. She brought her concerns to Defendants Kleber and Boozer and told them Savage had abused her when they were in a relationship and she did not believe it was appropriate to consider him for principal. Plaintiff alleges they were largely dismissive, stating they were fully vetting Savage by doing background and reference checks and he was their top candidate. Eventually, Savage was hired as principal. Relevant to the present Motion, Plaintiff alleges Savage's presence at work created a hostile and intimidating environment for her and seeks damages for the emotional distress she allegedly endured because of Savage's presence.

During discovery, the parties agreed Defendants were entitled to Plaintiff's mental health records from at least October 2021 to the present. However, the parties disputed whether Defendants were entitled to any records prior to October 2021 related to any abuse and emotional distress Plaintiff allegedly endured. The parties met and conferred but were unable to resolve the dispute. On June 20, 2025, Defendants filed a Motion to Compel (#18) seeking any medical records showing Plaintiff suffered abuse from Savage from 2001 to the present, as well as any records related to Plaintiff's alleged emotional distress damages from 2001 to the present.

The Court granted in part and denied in part Defendants' Motion. The Court directed Plaintiff to produce all medical records from 2001-2003 related to the alleged abuse Plaintiff endured by Savage and records from 2001-2006 related to any emotional

2

distress she experienced due to the alleged abuse. The Court noted that these records should be produced with an "attorney's eyes only" designation. (*See* #21, Order).

On August 25, the Court entered the parties' agreed protective order, directing Plaintiff to produce the medical records by September 8. However, on September 9, Plaintiff's counsel emailed defense counsel stating, "I have consulted with Ms. Wilcher, and she has confirmed that she did not seek any medical treatment related to the abuse during the time it was taking place." (#26, Ex. A at 4). That same day, defense counsel responded:

> I raised this issue with you during our Rule 37 conference prior to filing the motion to compel. I asked you directly if the Plaintiff received treatment when she alleged the abuse occurred. If she didn't, then this would be a non-issue. I also served the attached requests for admission before filing the motion to compel in an effort to find out if there were documents at issue. Plaintiff submitted verified responses indicating that she did in fact receive treatment during the relevant time period. Therefore, I moved forward with filing the motion to compel with the understanding that there were records at issue. Plaintiff has now contradicted her verified response, which premised the basis for Defendants' motion. Further Plaintiff has not provided us with the medical records that she agrees are relevant from the doctors disclosed on her interrogatories, nor has she provided a signed release so that we can subpoena them.
>
> At this point, I am requesting another Rule 37 conference with you so that we can discuss and I can move forward with seeking court intervention if necessary. Please let me know your availability.

(#26, Ex. A at 4).

On September 26, the parties met and conferred. Defense counsel asked Plaintiff's counsel to explain Plaintiff's position, arguing she gave contradictory responses regarding the outstanding medical records. According to defense counsel, Plaintiff's counsel responded that when she drafted the responses to the Requests for Admission, the drafts were ambiguous and should have been drafted more specifically. The parties did not resolve this issue.

At the meet and confer, the parties also discussed outstanding medical records for the providers Plaintiff agreed were relevant. Defendants sought these in their

requests issued on November 22, 2024, which included a release for these records. (#18-1, Exhs. 1-2). Defense counsel followed up about the release on April 1, 2025. (#18-1, Ex. 6). Plaintiff's counsel proposed changes on April 7. (#18-1, Ex. 6). According to Defendant, the parties agreed to the form of the release on May 5.

Defendants argue that during the meet and confer on September 26, Plaintiff's counsel asserted for the first time that she believed defense counsel needed to send the release with the treaters included before Plaintiff signed it. While defense counsel disagreed, she asserts she complied with Plaintiff's counsel's request to the best of her ability and sent the revised release on September 30. (#26, Ex. A). At the time of Defendant's present Motion on October 17, defense counsel had not received the signed releases. However, Plaintiff reports in her October 31 Response that after Defendants provided Plaintiff with completed releases, she signed and returned them promptly.

On October 17, Defendants filed the present Motion. Defendants ask the Court to dismiss this case with prejudice based on Plaintiff's actions, failure to comply with this Court's prior Order (#21), and failure to provide the signed releases. Alternatively, Defendants ask the Court to compel Plaintiff to provide the medical records and extend discovery to allow Defendants to review the records and take depositions. Defendants further ask the Court to order Plaintiff to pay Defendants' reasonable expenses, including attorney's fees incurred in filing their prior Motion to Compel and in drafting this Motion.

Under Rule 37(b), a party who fails to obey an order to provide discovery may be subject to sanctions, including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). The district court is authorized to order sanctions as severe as dismissing the action when a litigant fails to obey a court order compelling discovery. *See Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992) ("Our case law makes it clear that a district court has the discretion to dismiss a claim when a party demonstrates a pattern of dilatory and evasive discovery tactics and when that party willfully persists in such tactics in violation of court warnings and orders."). However, the sanction must "be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). "Of all

possible sanctions, dismissal is considered draconian." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). Entry of dismissal for a litigant's failure to cooperate in the discovery process requires a showing of willfulness, bad faith, or fault on the part of the non-moving party. *Id.* To apply the sanction of dismissal, the court must first consider and explain why lesser sanctions would be inappropriate. *See Long*, 213 F.3d at 986.

In addition, Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Seventh Circuit has held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Williams v. Chicago Bd. of Educ.,* 155 F.3d 853, 857 (7th Cir. 1998).

Here, the Court ordered Plaintiff to produce medical records from 2001-2003 related to the alleged abuse Plaintiff endured by Savage and records from 2001-2006 related to any emotional distress she experienced due to the alleged abuse. Subsequently, Plaintiff informed Defendants that she did not seek medical treatment for the alleged abuse, and therefore, no such records exist. "The sanction of dismissal is not appropriate if the noncompliance in question was occasioned by inability and not to willfulness, bad faith or fault." *Moore v. Doe*, 108 F.3d 1379 (7th Cir. 1997). Plaintiff cannot produce what does not exist. Plaintiff's noncompliance is due to inability, and therefore, the sanction of dismissal on this point is not appropriate. For the same reasons, sanctions are not appropriate under Rule 41(b) for failing to comply with a court order.

However, Defendants met and conferred with Plaintiff about, among other things, the potential existence of these medical records prior to filing their Motion to Compel. In the Rule 37 letter following that meet and confer, defense counsel stated, "In the event the Plaintiff did not seek medical treatment for the abuse she allegedly suffered by Mr. Savage, or for her subsequent mental and emotional distress, we ask that Plaintiff clarify the same. We are serving the enclosed Requests for Admission to attempt to clarify Plaintiff's position." (#18-1, Ex. 7 at 3). Defendants' RFAs 1 and 2 asked Plaintiff to admit that she "did not seek any type of treatment" for physical, emotional, or mental "injuries

sustained as a result of alleged abuse by Mr. Scott Savage towards her from 2001 to the present." Defendants objected that the phrase "any type of treatment" in both RFAs was vague and ambiguous, but subject to and without waiving these objections, Plaintiff denied both RFAs. (#18-1, Ex. 10 at 1).

Defendants contend that because Plaintiff denied both RFAs, that implied such medical records existed, which misled them into pursuing the medical records in their Motion to Compel. Plaintiff responds that she denied the RFAs because she treated herself through over-the-counter means and talked to confidants, which are types of treatment and required an answer of "deny" given the RFA's phrasing of "any type."

Plaintiff may have a point, but it is a weak one at best. Plaintiff could have clarified at any time during the meet and confer, in response to the Rule 37 letter, or in response to the RFAs that Plaintiff did not have medical records relating to treatment for the alleged abuse. Certainly, Plaintiff could have informed Defendants and the Court of this in response to Defendant's Motion to Compel. Plaintiff did not do so. Thus, Plaintiff at a minimum negligently, and probably knowingly, misled defense counsel and this Court by failing to cooperate in the discovery process. Plaintiff's actions led to needless time being expended and litigation costs being incurred. Sanctions are therefore warranted.

Defendants also argue sanctions are warranted for Plaintiff's delay and failure to provide the signed release for the medical records the parties agreed were relevant. Plaintiff responds that Defendants initially served a version that was overbroad and did not specify the name of the provider. According to Plaintiff, Plaintiff's counsel sent back an updated version, but Plaintiff's counsel never heard back about the releases until September, when Defendants clarified that they expected Plaintiff to issue the releases. According to Plaintiff, once Defendants provided the completed releases, she signed and returned them promptly.

The parties were still meeting and conferring regarding the signed releases as late as September 30 when Defendants sent Plaintiff the signed releases. While Plaintiff contends she signed and returned them promptly once she received them, Defendants had apparently still not received them when they filed their Motion on October 17. It

seems Plaintiff returned them only after Defendants filed their Motion and apparently in response to that Motion. Rule 37(a)(5)(A) provides that expenses are owed "if the disclosure or requested discovery is provided after the motion was filed."

In sum, sanctions are warranted for Plaintiff's failure to cooperate in the discovery process regarding the existence of medical records relating to the alleged abuse by Savage. Sanctions also are warranted for the signed releases, but those sanctions are minimal because the same costs and fees are due for the prior misconduct and the filing of this Motion.

As to the appropriate sanction here, both Rule 37 and this Court's inherent authority to manage the judicial process provide a variety of options. First, if the motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff has not provided any reason why she misled defense counsel about the existence of medical records or why other circumstances would make an award of expenses unjust. As already noted, Plaintiff should have clarified during the meet and confer, in response to the Rule 37 letter or RFAs, or in response to the Motion to Compel that no medical records existed of her seeking medical treatment for the alleged abuse. Plaintiff failed to do so, continuing the charade until ordered by the Court to produce records that did not exist.

Thus, the Court recommends that Defendants be awarded reasonable expenses and attorney's fees incurred in bringing the Motion to Compel and the present Motion to Dismiss. The Court further recommends that Plaintiff pay those fees and expenses incurred by Defendants from the date after the Requests for Admission related to these medical records, as required by Rule 37(c)(2). Defendants have already supplemented their Motion with evidence of all expenses incurred, including attorney fees, associated with the Motion to Compel and the present Motion to Dismiss. (*See* #30). The Court

recommends that Plaintiff be directed to file a Response to Defendants' supplement within 14 days.[1]

## II.    Plaintiff's Motion for Leave to File Second Amended Complaint

Relevant to this Motion, Plaintiff's First Amended Complaint alleged discrimination based on sex and hostile work environment in violation of the IHRA (Count II) and Title VII (Count IV). Defendants filed a Partial Motion to Dismiss (#15). On September 29, 2025, the District Court granted Defendants' Motion, and in relevant part, dismissed Counts II and IV without prejudice as to Defendants Champaign Unit 4 School District ("CSD") and the Board of Education for Champaign Unit 4 School District ("the Board").[2] (*See* #24, Order). The Court concluded Plaintiff's claims of discrimination and hostile work environment were not "like or reasonably related" to the allegations of her May 2023 charge to the Illinois Department of Human Rights ("IDHR"), which only alleged retaliation.

On December 17, Plaintiff filed the present Motion. Plaintiff seeks to amend her Complaint to re-allege Counts II and IV. Plaintiff states she filed two earlier charges before the March 2023 IDHR charge, which are mentioned in her First Amended Complaint, but are not discussed in detail and list erroneous dates. (*See* #11 ¶ 37). According to Plaintiff, Counts II and IV are "like or reasonably related" to the allegations of the first, second, and third charges. Plaintiff asks the Court to permit her to file the Second Amended Complaint to clarify the timeline, describe the two earlier charges, and append those charges as exhibits to the Second Amended Complaint.

To amend a pleading after a court's scheduled deadline, the moving party must show "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily

---

[1] Defendants also seek sanctions under 28 U.S.C. § 1927, which provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This request is also appropriate.

[2] Counts I, II, III, and IV were dismissed with prejudice as to Boozer and Kleber. Count VI was dismissed with prejudice as to all Defendants. (*See* #24 at 19). The only remaining claims are Plaintiff's retaliation claims under the IHRA (Count I), Title VII (Count III), and FMLA (Count V).

considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

After considering Rule 16(b), the court considers Rule 15, which provides that when a responsive pleading has already been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "leave to amend need not be given if there is an apparent reason not to do so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). "Two of the most important factors to consider are delay and prejudice." *Anderson City of Rockford*, 2016 WL 748823, at *2 (N.D. Ill. Feb. 5, 2016) (citing *Chavez*, 251 F.3d at 632-633). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011).

The deadline for amending pleadings was March 4, 2025. However, Plaintiff filed the present Motion within a few months of the District Court entering its Order dismissing Counts II and IV without prejudice. Thus, Plaintiff has shown good cause to allow the amendment.

Next, under Rule 15, the Court should freely allow Plaintiff to amend her operative Complaint if "justice so requires." There is no indication of undue delay, bad faith, or dilatory motive. Defendants, however, argue that Plaintiff's proposed Second Amended Complaint does not cure the deficiencies outlined in the District Court's prior Order and that allowing amendment would be futile.

The first charge Plaintiff seeks to add is a charge filed with the IDHR on June 13, 2022, alleging discrimination based on age, sex, and race; retaliation; and harassment. In the charge, Plaintiff alleges several incidents of discrimination and harassment because of her sex. (*See* #28, Ex. A).

9

The second charge was filed on November 4, 2022, alleging retaliation for her prior complaints. The charge reads:

1.   On October 14, 2021, I engaged in a protected activity when I filed Illinois Department of Human Rights charge number 2022SF1357.

2.   On April 11, 2022, I disclosed to Sheila Boozer, Superintendent, and Kenneth Kleber, Superintendent of Human Resources and Organizational Effectiveness, that one of their potential candidates for rehire had abused me in the past and was forced to resign in 2005 due to abusive behavior. Boozer and Klebler created a hostile environment for me when the [sic] hired the candidate.

3.   The adverse actions followed my involvement in a protected activity within such period as to raise an inference of retaliatory motivation.

(#28, Ex. B).

As to the June 2022 charge, Defendants argue none of the allegations relate to her claims in this case based on the alleged actions of Savage, Kleber, and Boozer. In addition, they argue the claims are untimely. As to the November 2022 charge, Defendants argue that the charge does not allege Plaintiff was discriminated against or subject to a hostile work environment based on her sex or gender and that the claims are untimely.

While Defendants may ultimately be correct, at this stage, the futility of the amendment is not obvious from the information before the Court. Once the Second Amended Complaint is allowed, Defendants may move to dismiss Counts II and IV. If they choose to do so, the timeliness issue will be fully briefed by the parties and addressed by the Court at that time.

As to prejudice, "[a]n amended pleading is less likely to cause prejudice if it comes without delay or asserts claims related to allegations asserted in prior pleadings. Conversely, prejudice is more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) (citations omitted). Plaintiff's amendment comes somewhat late in this litigation, as the discovery deadline is April 30 and dispositive motions are due by June 30. However, the asserted claims are sufficiently related to the allegations asserted in

Plaintiff's operative Complaint and will not drive the proceedings in a new direction. Thus, Defendants will not suffer undue prejudice by allowing Plaintiff to amend her Complaint.

Accordingly, Plaintiff is granted leave to file her Second Amended Complaint. The Court does not anticipate allowing any further amendments to the Complaint.

## III.   Conclusion

For the reasons discussed above, the Court recommends that Defendants' Motion to Dismiss or for Alternative Relief (#26) be GRANTED in part and DENIED in part. The Court recommends that Defendants be awarded reasonable expenses and attorney's fees incurred in bringing the Motion to Compel (#18) and the Motion to Dismiss (#26). The Court further recommends that Plaintiff pay those fees and expenses incurred by Defendants from the date after the Requests for Admission related to these medical records, as required by Rule 37(c)(2). The Court recommends that the request for a dismissal sanction be denied. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

Plaintiff's Motion for Leave to File Second Amended Complaint (#28) is GRANTED. The Clerk is directed to file Plaintiff's Second Amended Complaint, attached as Exhibit D to Plaintiff's Motion (#28). Defendants are directed to respond to Plaintiff's Second Amended Complaint within 21 days of this Order being entered.

ENTERED this 18th day of March, 2026.

_____
s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE