E-FILED
Wednesday, 01 April, 2026  08:30:41 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| KATINA WILCHER, )<br><br>*Plaintiff,*  )<br><br>v.  )<br><br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, )<br>the BOARD OF EDUCATION OF  )<br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, )<br>SHEILA BOOZER, and KEN KLEBER,  )<br><br>*Defendants.*  ) | Case No. 2:24-cv-02240-CSB-EIL |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
PETITION FOR ATTORNEYS' FEES**

**I.      Introduction**

Plaintiff respectfully submits this Response to Defendants' Petition for Attorneys' Fees. Defendants ask the Court to award $8,687.00 in fees for work they contend was caused by Plaintiff's discovery conduct. That request should be denied. At a minimum, it should be substantially reduced because Defendants have not carried their burden to show that the rates and hours claimed are reasonable and because the petition sweeps in work that falls outside the limited scope of any recoverable award.

Plaintiff preserves her position that no fee award should issue because her discovery positions were substantially justified and because other circumstances make an award unjust. But even assuming some fee award is appropriate, the amount Defendants request is overbroad and unsupported.

**II.      Argument**

**A.      Defendants have not carried their burden of proving that the requested rates and hours are reasonable.**

A party seeking fees bears the burden of establishing both a reasonable hourly rate and a reasonable number of hours. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 554–56 (7th Cir. 1999). A reasonable hourly rate is the market rate for lawyers of comparable skill and experience in the relevant community. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). The fee applicant ordinarily meets that burden by showing counsel's actual billing rate for comparable work, affidavits from similarly situated attorneys, or comparable fee awards. *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003); *Spegon*, 175 F.3d at 555–56.

Defendants have not made that showing here. Their petition and declarations say only that counsel billed at $250 to $270 per hour and that those rates were "set by the insurance company." That is not evidence of the prevailing market rate in the Central District of Illinois for comparable work. Defendants provide no evidence of counsel's ordinary paying-client rates for similar matters, no affidavits from comparable practitioners in this market, and no evidence of comparable fee awards. That omission alone warrants denial or reduction of the request.

The hours claimed are likewise inadequately supported. A fee applicant must exclude hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. Yet Defendants seek recovery for broad categories of work described at a high level of generality, including generalized research, strategy review, complaint review, correspondence, and drafting tasks that were not themselves incurred in making the motions at issue or caused by the specific conduct for which sanctions were recommended. The Court should decline to award the requested amount on this record.

**B.      The petition seeks fees outside the scope of any recoverable award.**

Even if some fee award is appropriate, Defendants' request exceeds the scope of what Rule 37 permits and what the Court has recommended. Rule 37(a)(5)(A) permits recovery only of the "reasonable expenses incurred in making the motion," and Rule 37(b)(2)(C) permits only expenses "caused by the failure." Fed. R. Civ. P. 37(a)(5)(A), 37(b)(2)(C). Rule 37(c)(2) is similarly limited to reasonable expenses incurred in making proof after a failure to admit. Fed. R. Civ. P. 37(c)(2). And when a motion is granted only in part, the Court may apportion expenses rather than award them wholesale. Fed. R. Civ. P. 37(a)(5)(C).

Here, the Court's Report and Recommendation did not endorse the full breadth of Defendants' petition. Rather, it recommended a limited fee award and further stated that Plaintiff should pay only those fees and expenses incurred "from the date after the Requests for Admission related to these medical records." Defendants' billing records nevertheless include earlier work such as pre-RFA conferences, emails, research, complaint review, Rule 37-letter drafting, and preparation of the RFAs themselves.

Those earlier entries are outside the scope of the recommended award and should be excluded. By Plaintiff's calculation, the entries dated before and including May 15, 2025 total $2,738.00. At a minimum, those entries should not be considered.

In addition, the October 16, 2025 entry for "Conduct research on claim for attorneys fees and revise motion to dismiss or for alternative relief related to same" ($297.00) should be excluded. That is not time incurred in making the underlying discovery motions; it is time spent researching Defendants' fee demand. Likewise, the October 15, 2025 entry for partner "Review strategy regarding motion to compel and for sanctions" ($270.00) is too vague and duplicative to justify shifting to Plaintiff.

3

At minimum, then, the Court should subtract $3,305.00 from the petitioned amount, reducing the request from $8,687.00 to no more than $5,382.00, before any further apportionment for Defendants' limited success.

### C.     Any award must be apportioned because Defendants did not obtain all of the relief they sought.

Defendants' request also fails because it does not account for their limited success. First, the motion to compel was granted only in part. Defendants sought records reaching far beyond what the Court ultimately ordered produced. Where a motion is granted in part and denied in part, Rule 37(a)(5)(C) expressly permits the Court to apportion expenses. Defendants do not attempt any such apportionment. Instead, they seek to recover the full amount of all time associated with the motion to compel, despite the fact that their relief was narrowed.

Second, Defendants seek recovery for all time spent on their later motion to dismiss or for alternative relief, even though the Court recommended denial of the dismissal sanction. That motion sought drastic relief under Rules 37 and 41, and also invoked 28 U.S.C. § 1927, but Defendants did not obtain dismissal. Fees for an overbroad motion that largely sought unsuccessful relief should not be shifted in full. See *Hensley*, 461 U.S. at 434.

The billing records show that Defendants seek $3,105.00 for work associated with the September/October sanctions motion. Because Defendants did not obtain dismissal, and because the relief ultimately recommended was far narrower than the relief sought, those entries must be reduced substantially, if not excluded in large part.

### D.     Other circumstances make a full fee award unjust.

Rule 37 expressly bars a fee award where the opposing party's position was substantially justified or where other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii); 37(b)(2)(C). Plaintiff has already explained that the discovery dispute arose

4

from ambiguity in Defendants' Requests for Admission and from a protracted release process in which Defendants themselves contributed to the delay. Plaintiff also informed Defendants that no records existed from the relevant period because no such treatment occurred. To the extent the Court concludes some sanction is warranted, the circumstances still do not justify shifting the full amount of a broad, multi-lawyer fee request that includes pre-motion work, vague entries, duplicative review, fee-research time, and work on motions that were only partially successful.

### III.    Conclusion

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Petition for Attorneys' Fees. In the alternative, Plaintiff asks the Court to reduce the request substantially by excluding all entries outside the scope of the Court's recommended award, including pre-RFA work; excluding fee-research and vague or duplicative strategy-review entries; apportioning any award to reflect that the motion to compel was granted only in part; and reducing or excluding time devoted to Defendants' unsuccessful request for dismissal and other overbroad sanctions.

Dated April 1, 2026

*/s Jamie S. Franklin*

Jamie S. Franklin
C-K Law Group
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this April 1, 2026, she caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court using the CM-ECF Filing system, which electronically serves a copy upon the following counsel of record.

<u>/s/ Jamie S. Franklin</u>

Jamie S. Franklin

<u>Service List:</u>

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606

6