E-FILED
Wednesday, 08 April, 2026  10:23:32 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

|  |  |
|---|---|
| KATINA WILCHER,<br><br>     Plaintiff,<br><br>  v.<br><br>CHAMPAIGN UNIT 4 SCHOOL DISTRICT, the BOARD OF EDUCATION OF CHAMPAIGN UNIT 4 SCHOOL DISTRICT, SHEILA BOOZER, and KEN KLEBER,<br><br>     Defendants. | Case No. 2:24-cv-02240-CSB-EIL |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff was employed at Champaign Unit 4 School District. Dkt. No. 33, at ¶ 1. On July 9, 2024, Plaintiff filed her initial Complaint. Dkt. No. 1. Plaintiff filed her First Amended Complaint on November 21, 2024, alleging that she was retaliated against after filing a charge of discrimination and taking FMLA leave, and that the District negligently hired and retained Dr. Savage, with whom she had a relationship over twenty years ago. Dkt. No. 11, ¶¶ 49–51, 64–65, 81–82, 85. She also alleged that the hiring of Dr. Savage constituted discrimination against her based on sex and that the District created a hostile work environment. Dkt. No. 11, ¶¶ 56, 71–72. These are the same allegations that Plaintiff includes in her Second Amended Complaint. Dkt. No. 33, ¶¶ 50–52, 57, 76–77, 83–84, 108–09.

Defendants filed a Partial Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. No. 15, 16. On September 29, 2025, the Court granted Defendants' Motion, including dismissal without prejudice of Counts II and IV, alleging discrimination based on sex and gender as well as a hostile work environment in violation of the IHRA and Title VII. Dkt. No. 24. On December 18,

2025, Plaintiff filed a motion seeking leave to file her Second Amended Complaint, in which she sought to re-allege Counts II and IV, asserting that the District discriminated against her based on sex and gender, and created a hostile work environment in violation of the IHRA and Title VII. Dkt. No. 28. Plaintiff fails to cure the defects outlined in this Court's order dismissing those claims; therefore, Counts II and IV should be dismissed, with prejudice.

## I.    FACTUAL ALLEGATIONS[1]

Plaintiff Katina Wilcher has been employed by Champaign Unit 4 School District since August 2001. Dkt. No. 33, ¶ 1. She alleges that more than twenty years ago, and ending in 2003, she was involved in a personal relationship with Scott Savage, a former District employee, and that he abused her during that relationship. Dkt. No. 33, ¶¶ 16–17. She further alleges in April 2022, after leaving his employment with the District, Plaintiff learned he was under consideration for the position of principal at Centennial High School. Dkt. No. 33, ¶¶ 18–19, 20. She reported her prior relationship with Savage and objected to his hire to Shelia Boozer and Ken Kleber. Dkt. No. 33, ¶¶ 22–24. Savage was hired as principal in April 2022. Dkt. No. 33, ¶ 26.

Plaintiff alleges that following Savage's hire, Defendants required her to attend meetings at which Savage was present despite her requests to avoid contact. Dkt. No. 33 ¶¶ 28–31. She claims that his presence caused her distress, and that when she stopped attending certain meetings, Defendants scrutinized her work and reprimanded her. Dkt. No. 33, ¶¶ 31–34, 35, 37.

Plaintiff alleges that in December 2022, she took approved leave under the Family and Medical Leave Act ("FMLA"). Dkt. No. 33, ¶ 39. In April 2023, while allegedly still on FMLA leave, Defendants demoted her position and reduced her salary. Dkt. No. 33, ¶¶ 41, 44. Plaintiff

---

[1] Defendants treat Plaintiff's allegations as true solely for purpose of this Motion.

contends that Defendants' actions constituted unlawful discrimination, retaliation, and interference with her rights under the FMLA. Dkt. No. 33, ¶¶ 45, 52, 68–69, 108.

Between June 2022 and May 2023, Plaintiff filed three administrative charges with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 33, ¶¶ 10, 38. Plaintiff has attached the Charges of Discrimination ("Charge") to her motion for leave to file an amended complaint. *See* Dkt. No. 28, Exs. A, B, C; *see also* Dkt. No. 33, ¶ 10.

In Charge 1, Charge No. 2022SF1357, filed on June 13, 2022, Plaintiff alleged discrimination based on age, race, and sex for an alleged "interrogation" from a colleague, Valarian Couch, and she further alleges that she was retaliated against when "she was interrogated on issues related to the surroundings of her position" and her master key was confiscated. Dkt. No. 28, Ex. A. She alleged that Dr. Couch "confronted [her] in an aggressive manner falsely claiming [that plaintiff] was giving his staff directives." Dkt. No. 28, Ex. A. Plaintiff alleged that two District staff members—Angela Ward and Rhonda Thornton—interviewed Plaintiff's staff and "pressured them to make negative statements" and questioned her about an apology from Dr. Couch. Dkt. No. 28, Ex. A. Months after these purported incidents, Plaintiff was informed of performance issues in a meeting with Angela Ward and Daniel Casillas. Dkt. No. 28, Ex. A. Her Charge alleged that these actions were taken due to Plaintiff's race, gender, and age. Charge 1 also included that Plaintiff faced retaliation after she reported discrimination related to the denial of a monetary stipend. Dkt. No. 28, Ex. A. This Charge was dismissed on March 3, 2023 for lack of substantial evidence. *See* Exhibit 1.[2]

---

[2] "A court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint [and] documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Courts also may take judicial notice of matters of public record and matters appearing in the record of the case or a related case. *General Elec. Capital*

In Charge 2, Charge No. 2022CF2130, filed on November 4, 2022, Plaintiff alleged retaliation due to her filing Charge 1 with the IDHR on June 13, 2022. Dkt. No. 28, Ex. B. The Charge states that on April 11, 2022, Plaintiff communicated concerns to Boozer and Kleber, regarding Savage being hired. Dkt. No. 28, Ex. B. This charge was dismissed for lack of substantial evidence on April 27, 2023. *See* Exhibit 2.

In Charge 3, Charge No. 2023SE1707, filed on May 23, 2023, Plaintiff alleges retaliation as the sole basis for the Charge and identifies the earliest date of discrimination as April 11, 2023. *See* Dkt. No. 28, Ex. C. She alleged that in or around April 2022, Plaintiff communicated with Human Resources and her direct supervisor regarding alleged safety concerns related to the District's decision to rehire Savage, with whom she had a prior personal relationship. Dkt. No. 28, Ex. C. Plaintiff alleged that the District continued to expect Plaintiff to attend meetings that Savage would be present at. Dkt. No. 28, Ex. C. Plaintiff alleged that she began to receive reprimands and other scrutiny after she refused to attend in person meetings. Dkt. No. 28, Ex. C. She further alleged that she was demoted on April 24, 2023 after she filed two complaints with the IDHR. Dkt. No. 28, Ex. C. This charge was dismissed on April 10, 2024 for lack of substantial evidence. *See* Exhibit 3.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is necessary if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997). "A plaintiff can plead herself out of court by alleging facts which show

---

*Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *see also*, *Palay v. United States*, 349 F.3d 418, 425 n.5 (7th Cir. 2003); *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000).

she has no claim." *Jackson v. Marion Cty.*, 66 F.3d 151, 153 (7th Cir. 1995). Plaintiff has already been given the opportunity to amend, and she remains unable to sufficiently allege facts to support her claims. Any additional amendments would be futile, and her complaint should be dismissed with prejudice. *See, e.g., Hughes v. Sw. Airlines Co.*, 409 F. Supp. 3d 653, 659 (N.D. Ill. 2019), *aff'd*, 961 F.3d 986 (7th Cir. 2020) (*citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).

### III.    ARGUMENT

Plaintiff's Second Amended Complaint does not cure the defects outlined in this Court's Order. Dkt. No. 24. This Court dismissed Counts II and IV against the District because Plaintiff's discrimination and hostile work environment claims were not like or reasonably related to her retaliation claim alleged in her third charge of discrimination; and, therefore, were outside the scope of her charge. Dkt. No. 24, at 19. The Court considered all the allegations in the charge— even the ones that did not appear to form the basis of the retaliation claim—and found that Plaintiff's claims still failed based on Seventh Circuit precedent. Dkt. No. 24, at 16–17, *citing Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003); *Bergholz v. John Marshall L. Sch.*, 2018 WL 5622052, at *3 (N.D. Ill. Oct. 30, 2018) (collecting cases). In short, nothing in Plaintiff's Charge 3 linked Defendants' alleged conduct to her sex or gender in any way. Dkt. No. 24, at 17. Thus, dismissal was and remains proper. Dkt. No. 24, at 17–18, *citing Nolan v. City of Chicago*, 2017 WL 569154, at *5 (N.D. Ill. Feb. 13, 2017); *Richardson v. Pharmaca Integrative Pharmacy, Inc.*, 2022 WL 220302, at *2 (N.D. Ill. Jan. 25, 2022); *and Graham v. AT&T Mobility*, LLC, 247 F. App'x 26, 29 (7th Cir. 2007). Plaintiff now seeks to incorporate her first two charges of discrimination; however, this attempt must be rejected. She failed to timely file suit based on

5

Charge 1 and Charge 2 and, thus, her purported reliance on these allegations fails. Counts II and IV should be dismissed.

### A.  Plaintiff's Right to Sue Based on Charge 1 and Charge 2 Has Expired

Plaintiff seeks to incorporate allegations from two previously filed charges of discrimination that were not referenced or incorporated in her Complaint or her First Amended Complaint. Dkt. No. 1; Dkt. No. 28. The window that Plaintiff could file a lawsuit based on Charge No. 1 and Charge No. 2 expired on June 6, 2023, and July 31, 2023, respectively. *See* Exhibits 1, 2. Plaintiff did not file her complaint until July 9, 2024. Dkt. No. 1. Thus, she failed to exercise her "right to sue" within 90 days as required. 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge by the person claiming to be aggrieved."). "[I]f the claimant fails to file suit within the ninety-day window, the lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017). The same is true for the IDHR. *See Arbogast v. Parker Fabrication, Inc.*, No. 23-CV-1103, 2023 WL 8790260, at *6 (C.D. Ill. Dec. 19, 2023) ("Once the IDHR issues a final decision, the claimant has 90 days to sue." (citing 775 ILCS 5/7A–102(D)(4))).

Any claim that Plaintiff attempts to assert based on Charge 1 and Charge 2 is untimely and should be dismissed.

### B.  Plaintiff's IHRA and Title VII Discrimination and Hostile Environment Claims (Counts II and IV) Must Be Dismissed Consistent with this Court's Ruling as They Remain Outside the Scope of Charge 3.

The Second Amended Complaint does not cure the defects that caused this Court to dismiss Counts II and IV, and Plaintiff's two untimely charges of discrimination predating Charge 3 do not save her claims. It is well-settled that a plaintiff may not raise a discrimination claim in a lawsuit that she did not assert in an administrative charge. *Jackson v. Urbana School Dist. No.*

*116*, 2013 WL 718666 at *6 (C.D. Ill. 2013); *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005) ("[C]laims brought in judicial proceedings must be within the scope of charges filed with the EEOC; '[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.'").

A plaintiff may proceed on claims not explicitly raised in her administrative charge only if the claim is "like or reasonably related to" the charge, such that it "reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Claims are "like or reasonably related" to the charge when "(1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint;' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations of the charge.'" *Chaidez*, 937 F.3d at 1004 (quotations omitted). At minimum, the charge and complaint must "describe the same conduct and implicate the *same individuals*." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

Here, Count II alleges that Defendants were aware of her prior relationship with Savage and its effects on her, that she repeatedly reported her concerns and fear for her safety to Superintendent Boozer, Assistant Superintendent Kleber, and Human Resources in early April 2022; and despite those objections, Defendants hired Savage and required Plaintiff to attend meetings he was present for, while subjecting her work to increased scrutiny after his hire. Dkt. No. 33 ¶¶ 59–66. She alleges that these actions created a hostile, offensive, and intimidating work environment that ultimately led to her purported retaliatory demotion. Dkt. No. 33 ¶¶ 57, 68–72. Count IV is based on the same factual allegations. She alleges that she was put in harm's way due to her gender, that she believed avoiding contact with Dr. Savage was necessary for her safety,

7

that being required to remain in close proximity to him caused her stress, that Defendants failed to provide an adequate solution, that the alleged conduct was motivated by her sex or gender, and that Defendants acted willfully or with reckless indifference to her rights. Dkt. No. 33 ¶¶ 95–101.

None of these allegations are "like or reasonably related" to Charge 3, the only timely charge that Plaintiff may pursue in this lawsuit. Dkt. No. 24, at 15-16. Instead, Plaintiff seeks to incorporate allegations from Charge No. 1 and Charge No. 2 that were not referenced or incorporated in her Complaint or her First Amended Complaint and are not timely. Dkt. No. 1; 11; 28. Nevertheless, the fact remains that these allegations are not "like or reasonably related" to Charge 3 because these allegations do not involve the same conduct or implicate the same individuals. Here, Charge 1 describes allegations of discrimination based on age, sex and race, as well as retaliation based on the alleged conduct of Valarian Coach, Angela Ward and Rhonda Thornton. Dkt. No. 28, Ex. A. None of her allegations relate to her claims in this lawsuit based on the alleged actions of Savage, Kleber, and Boozer. There is no connection from the Charge to the allegations here, and that the Charge and complaint "generally assert the same kind of discrimination is not sufficient without some factual relationship between them." *Chaidez*, 937 F.3d at 1005. Thus, these allegations are not "like or reasonably related" to those alleged in the Second Amended Complaint. *Id.* at 1004–06; *see e.g.*, *Harden v. Bd. of Trs. E. Illinois Univ.*, No. 12-CV-2199, 2013 WL 6248500, at *2 (C.D. Ill. Dec. 2, 2013) (dismissing wrongful termination, hostile environment, harassment, and discriminatory pattern or practice claims with prejudice because they were not reasonably related to the EEOC charge asserting a failure to promote).

Charge 2, filed in November 2022, similarly does not allege that she was discriminated against or subject to a hostile work environment based on her sex or gender. Dkt. No. 28, 15–16. Rather, Charge 2 alleges only that she was retaliated against for filing Charge 1. Dkt. No. 28, Ex.

8

A. Thus, Plaintiff's inclusion of this charge does not save her discrimination and hostile work environment claims. As the Seventh Circuit stated, "[a]n aggrieved [plaintiff] may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

Plaintiff also alleges that she filed another Charge filed on May 2, 2022. Dkt. No. 33, ¶ 92. Defendants are not aware of any charge filed on May 2, 2022, nor does Plaintiff allege any facts to indicate what was contained within this alleged charge. This is not enough to preclude dismissal. *Thompson v. Bhd. of Maint. of Way Emp. Div. of Int'l Bhd. of Teamsters*, No. 24 CV 13368, 2025 WL 2522660, at *6 (N.D. Ill. Sept. 2, 2025) ("[T]he Court cannot analyze whether any of the plaintiff's allegations from 'the last five years' reasonably grow out of the initial EEOC charge because the plaintiff failed to provide the Court with a copy of the document. . . . any claim of Title VII discrimination . . . is dismissed.").

In short, this Court already liberally analyzed all the allegations in Charge 3—even the ones that did not appear to form the basis of the retaliation claim—and found that Plaintiff's claims failed. Dkt. No. 24, at 16–17, *citing Sitar*, 344 F.3d at 726; *Bergholz*, 2018 WL 5622052, at *3; *Nolan*, 2017 WL 569154 at *5; *Richardson*, 2022 WL 220302 at *2; *Graham*, 247 F. App'x at 29. Consistent with this Court's previous ruling, this Court should dismiss Counts II and IV with prejudice, as Plaintiff has been provided with the opportunity to amend and cannot cure the defects already outlined by this Court. *See Mendenhall v. FedEx Ground Package Sys., Inc.*, No. 23-CV-11025, 2025 WL 371822, at *3 (N.D. Ill. Feb. 3, 2025) (dismissing claims with prejudice after the plaintiff had opportunity to amend).

9

A.  **Those Aspects of Plaintiff's Title VII and IHRA Claims Based on Actions Occurring Before July 27, 2022, Are Time-Barred**

Any allegations of wrongdoing occurring before July 27, 2022 (300 days before the filing of Charge No. 3 on May 23, 2023) are time-barred. *Brown v. Illinois Dept. of Natural Resources*, 499 F.3d 675, 681 (7th Cir. 2007) (writing that "discrete acts" occurring more than 300 days before the filing of the charge were time-barred); *Mull v. Abbott Laboratories*, 563 F. Supp. 2d 925, 929-30 (N.D. Ill. June 30, 2008) (dismissing claims premised on discrete acts that occurred outside the 300-day window). "[E]ach discrete discriminatory act 'starts a new clock for filing charges alleging that act,' and charges not filed within 300 days of the act in question are not actionable". *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 860 (7th Cir. 2005). On September 29, 2025, this Court wrote:

> Plaintiff filed her charge with the EEOC on May 23, 2023. Ordinarily, that means claims based on conduct that occurred before July 27, 2022, are time-barred. Plaintiff acknowledges a relevant three-month period that occurred outside the 300-day window—from Savage's hiring in April 2022 to July 27, 2022. But Plaintiff argues that her claim is timely because she brings a hostile work environment claim, and at least one of the events creating the hostile work environment fell within the 300-day period.
>
> In *Morgan*, the U.S. Supreme Court "distinguished claims involving discrete acts of discrimination from claims alleging a hostile work environment: 'Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014) (quoting *Morgan*, 536 U.S. at 115). "Thus, a hostile-work-environment charge is timely as long as '*any* act falls within the statutory time period,' even if the charge encompasses events occurring prior to the statutory time period." *Id.* (quoting *Morgan*, 536 U.S. at 120). But that reasoning applies *only* to Plaintiff's hostile work environment claims. See *id.* As will be discussed below, Plaintiff's hostile work environment claims are dismissed. Accordingly, Plaintiff's claims are limited to alleged discrete discriminatory acts that occurred on after July 27, 2022. See *Brown v. Illinois Dep't of Nat. Res.*, 499 F.3d 675, 680-81 (7th Cir. 2007).

Dkt. No. 24 at 11–12.

10

The same reasoning applies here to the Second Amended Complaint. Plaintiff again seeks to reallege her claims that were already properly limited by this Court. *Id.* Because Plaintiff's hostile work environment claims under both Title VII and the IHRA remain outside the scope of her Charge, this Court should again limit her claims to alleged discrete discriminatory acts that occurred on or after July 27, 2022. *See* 42 U.S.C. §2000e-5(e); 775 ILCS 5/7A-102(A)(1). Any alleged wrongdoing, including Savage's April 2022 hire and any alleged discrimination or retaliation occurring before July 27, 2022, is time barred.

## IV.    CONCLUSION

In short, Plaintiff has not alleged any new facts that plausibly suggest her allegations are timely or that she properly exhausted administrative remedies in order to pursue claims of discrimination and a hostile work environment based on her sex or gender. Plaintiff's inclusion of her previously filed charges does not cure the defects found by this Court. Defendants respectfully request that this Court dismiss with prejudice the discrimination and hostile work environment claims in Counts II and IV as outside of the scope of Charge No. 3 and limit Plaintiff's IHRA and Title VII claims to only those events occurring after July 27, 2022.

Dated: April 8, 2026

Respectfully submitted,

**CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4, and BOARD OF EDUCATION OF CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4,** Defendants.

By: */s/ Caroline K. Kane- 6324144*
     One of Their Attorneys

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 8th day of April 2026, she caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THE PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** to be filed with the Clerk of the Court using the CM-ECF Filing system which electronically serves a copy upon the following counsel of record:

> Jamie S. Franklin
> C-K Law Group
> 565 West Adams Street
> Suite 600
> Chicago, IL 60661
> Jfranklin5@kentlaw.iit.edu

> */s/ Caroline K. Kane*