E-FILED
Tuesday, 21 April, 2026  05:16:23 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| KATINA WILCHER, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 2:24-cv-02240-CSB-EIL |
| v. ) | |
| ) | |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, ) | |
| the BOARD OF EDUCATION OF ) | |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, ) | |
| SHEILA BOOZER, and KEN KLEBER, ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS HER SECOND AMENDED COMPLAINT**

Plaintiff Katina Wilcher respectfully opposes Defendants' Partial Motion to Dismiss her

Second Amended Complaint.

**I.    BACKGROUND**

Katina Wilcher originally filed this action in state court on July 9, 2024. Defendants

removed it to this Court on October 22, 2024. Dkt. No. 1 (Notice of Removal), 1-1 (Complaint).

Ms. Wilcher's Complaint asserted claims of retaliation under the Illinois Human Rights Act,

violation of the Family and Medical Leave Act, and Negligent Hiring and Retention. On October

29, 2024, the defendants filed their Answer to the Complaint. Dkt. No. 5.

On September 26, 2024, Ms. Wilcher received a Notice of Right to Sue from the EEOC

pursuant to her pending EEOC charge, enabling her to assert claims under Title VII. (Because

she had not received the notice at the time she filed her original Complaint, she could not include

those claims in it). She moved for leave to amend her complaint to add Title VII discrimination

claims on November 20, 2024, and her motion was granted. Dkt. Nos. 10, 11.

On December 5, 2024, Defendants moved to dismiss Counts I and III as to the individual defendants Boozer and Kleber, and Counts II, IV, and VI as to all defendants. Dkt. No. 14. Over plaintiff's opposition, on September 29, 2025, the Court granted dismissal with prejudice of Counts I, II, III, and IV as to the individual defendants Boozer and Kleber; dismissal without prejudice of Counts II and IV with respect to the District and the Board; and dismissal with prejudice of Count VI as to all defendants. The surviving claims were Counts I, III, and V against the District and the Board. Dkt. No. 24.

Ms. Wilcher moved for leave to file an amended complaint to replead Counts II and IV with respect to the District and the Board on December 17, 2025. Dkt. No. 28. The motion was granted, and she filed her Second Amended Complaint on March 18, 2026. Dkt. No. 33. On April 8, 2026, the District and the Board again moved to dismiss Counts II and IV. Dkt. No. 37. For the reasons presented below, their arguments are unavailing, and the Court should deny the motion.

## II.    ARGUMENT

### A.    Ms. Wilcher's Third Charge Encompasses Sex or Gender.

This Court's prior order found that "none of the allegations in the charge ever mention or allude to sex or gender." Dkt. No. 24, at 17. Plaintiff respectfully submits that this conclusion, while understandable when the charge was read in isolation, does not account for the inherently sex-based nature of the conduct described in Charge 3's factual narrative.

Charge 3 describes the following: A female employee reported to her employer that her former *abusive partner*, a man with "a history and propensity towards violence" and "a reputation in the community" for that violence, was being rehired. She raised a "safety concern" about being forced to share space with this man on a regular basis. The employer dismissed her

2

concerns, hired the man seven days later, and required her to attend meetings with him. When she refused, she was reprimanded, scrutinized, and ultimately demoted. The man was later fired for physically assaulting a female student.

This is not a generic workplace dispute. This is a case about domestic violence and an employer's response to a female employee's report that she was being forced to work with her male abuser. Domestic violence is inherently sex-based conduct. The Illinois Gender Violence Act, 740 ILCS 82, *et seq.*, explicitly recognizes that "Gender-related violence […] is a form of sex discrimination." Further, in *Swyear v. Fare Foods Corp.*, 911 F.3d 874 (7th Cir. 2018), the Seventh Circuit noted that a hostile work environment claim based on sexual harassment could succeed by demonstrating "anti-female animus," even without explicit sexual conduct. This principle reflects the court's recognition that gender-based animus can manifest in various forms of abusive or violent behavior. The EEOC has recognized that adverse treatment of domestic violence victims can constitute sex discrimination. See EEOC, "Questions and Answers: The Application of Title VII and the ADA to Applicants or Employees Who Experience Domestic or Dating Violence, Sexual Assault, or Stalking" (last visited April 21, 2026).

The Seventh Circuit has held that courts should look to the "factual narrative of the charge" to decide whether the plaintiff raised a claim of discrimination because of a protected characteristic without outright invoking that characteristic. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) ([w]e agree that a lenient standard is appropriate"); *McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022). The factual narrative of Charge 3 describes a woman reporting intimate partner violence by a man; an employer's indifference to her safety; and the employer's decision to force her into proximity with her abuser. That narrative inherently implicates sex. An EEOC investigator reviewing these facts would reasonably investigate

3

whether the employer's treatment of this female domestic violence survivor constituted sex discrimination.

Moreover, the charge states that Ms. Wilcher "believes that she was *discriminated against* and retaliated against in violation of Title VII." While this Court previously noted that this language "is still silent as to any protected characteristic," Dkt. No. 24, at 17, Plaintiff submits that when the word "discriminated" is read in the context of a narrative about domestic violence, the sex-based nature of the claim is apparent. The charge need not use the word "sex" if the factual narrative implicates it. *Rush*, 966 F.2d at 1111.

> **B.**     **Plaintiff's Earlier Charges Provide Essential Context and Are Not Time-Barred for This Purpose.**

Defendants argue that because the 90-day right-to-sue window for Charges 1 and 2 has expired, those charges are irrelevant. Dkt. No. 38, at 6. This argument conflates two distinct issues: (1) whether Plaintiff can bring an independent lawsuit based on Charges 1 and 2, and (2) whether those charges inform the scope of Charge 3 for purposes of the "like or reasonably related" test.

Plaintiff does not seek to bring independent claims based on Charges 1 and 2. She acknowledges that the 90-day window to file suit on those charges has passed. But the expiration of the right to sue on earlier charges does not erase their existence from the administrative record. The earlier charges are relevant because they demonstrate that: (1) Plaintiff was alleging sex discrimination from the outset, beginning with Charge 1 in June 2022; (2) Defendants had actual notice that Plaintiff was challenging their conduct as sex-based discrimination.

The "like or reasonably related" test asks what "reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). An EEOC investigation of Charge 3 would necessarily reveal Charges

1 and 2, which were filed against the same employer. Charge 1 explicitly alleged sex discrimination. An EEOC investigator would naturally connect the sex discrimination allegations in Charge 1 to the retaliatory conduct described in Charge 3, because the retaliation in Charge 3 arose directly from Plaintiff's complaints about the same sex-based hostile work environment. "The Seventh Circuit has adopted a liberal standard for reviewing the scope of an EEOC charge and has held that [a]ll claims of discrimination are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Lietz v. Vill. of Schiller Park,* Case No. 18-cv-4139, 2019 U.S. Dist. LEXIS 250314, *10 (N.D.Ill. Mar. 26, 2019) (cleaned up); *Oglesby v. Coca-Cola Bottling Co.*, 620 F. Supp. 1336, 1344 (N.D. Ill. 1985) ("What controls is not what the EEOC did but what it was given the opportunity to do.").

Defendants' reliance on *King v. Ford Motor Co.*, 872 F.3d 833 (7th Cir. 2017), is misplaced. In *King*, the claimant filed a new EEOC charge attempting to revive stale claims by restarting the administrative process. *Id.* at 839. Here, Plaintiff is not filing new charges or restarting any process. She is arguing that the sex discrimination claims in her complaint are like or reasonably related to the timely-filed Charge 3, as informed by the factual context of the earlier charges. That is a fundamentally different argument. *King* bars the filing of untimely independent suits; it does not bar courts from considering the broader administrative record when evaluating the scope of a timely charge.

C.    **The Second Amended Complaint Adequately Alleges That the Challenged Conduct Was Because of Sex.**

Defendants argued in the first round, and this Court noted in a footnote, that "[n]o facts are alleged plausibly suggesting that Kleber or Boozer acted on any sex-based animus; there are only boilerplate recitations of the elements." Dkt. No. 24, at 18 n.5. The Second Amended Complaint addresses this.

The Second Amended Complaint alleges that Plaintiff's sex is what made her vulnerable to Savage's abuse and what made the employer's decision to force her into proximity with him harmful. Dkt. No. 33, ¶ 94 ("Plaintiff was put in harm's way due to her gender."). It alleges that she feared for her safety specifically because previous confrontations with Savage had been physically dangerous to her as a woman. Dkt. No. 33, ¶¶ 95–97. It alleges that Savage had a known pattern of violence against women, as evidenced by multiple orders of protection sought by other women. Dkt. No. 33, ¶¶ 17–19, 93. And it alleges that Defendants' conduct was motivated by her sex or gender. Dkt. No. 33, ¶ 99.

These are not boilerplate recitations. They describe a specific factual pattern: a man with a documented history of violence against women was hired to supervise the building where his female victim worked, over her explicit objections grounded in her physical safety as a woman. The employer's indifference to these sex-specific safety concerns, and its subsequent punishment of Plaintiff for raising them, plausibly constitutes discrimination because of sex.

The theory is straightforward. Ms. Wilcher was subjected to a hostile work environment *because she is a woman who was the victim of male intimate partner violence*. A male employee would not have been Savage's intimate partner and would not have been placed in this situation.

### D.    Paragraph 92 of the Second Amended Complaint References a Cross-Filed Charge Already in the Record.

Defendants state they "are not aware of any charge filed on May 2, 2022." Dkt. No. 38, at 9. Plaintiff acknowledges that paragraph 92 of the Second Amended Complaint contains an error in the date. EEOC Charge No. 21BA30051 is the EEOC number of the cross-filed IDHR Charge No. 2022CF2130, which was originally filed with the IDHR on November 4, 2022 (Charge 2). The charge's contents are already part of the record in this case. See Dkt. No. 28, Ex. B. The

incorrect date in paragraph 92 does not create a new or phantom charge; it is an error referencing a charge that both parties have discussed extensively.

### E.    Plaintiff's Hostile Work Environment Claims Are Timely.

Defendants again seek to limit Plaintiff's claims to discrete acts occurring after July 27, 2022. Dkt. No. 38, at 10–11. As Plaintiff argued in the first round of briefing, a hostile work environment claim is timely so long as any act contributing to the hostile environment falls within the 300-day period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002); *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014).

Plaintiff was required to attend meetings with Savage throughout his employment from April 2022 through April 2023. She faced continuous reprimands and scrutiny during this period. She was demoted on April 24, 2023. The continuing nature of the hostile work environment makes the entire course of conduct actionable, including events before July 27, 2022, because the hostile environment claim encompasses the full pattern. *Morgan*, 536 U.S. at 117. This Court's prior order acknowledged this framework but declined to apply it because the hostile work environment claims were dismissed for failing to fall within the scope of the EEOC charge. Dkt. No. 24, at 12. If the Court now finds the hostile work environment claims are within the scope of the charge, as Plaintiff argues they are, then the *Morgan* continuing violation framework applies, and acts before July 27, 2022 are properly considered part of the hostile environment.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Partial Motion to Dismiss Counts II and IV.

7

Respectfully Submitted this 21st day of April, 2026.

*/s Jamie S. Franklin*

Jamie S. Franklin
C-K Law Group
565 West Adams Street, Suite 600
Chicago, IL 60661
(312) 906-5048 (direct)
(773) 696-1478 (fax)
(312) 498-5143 (mobile)
jfranklin5@kentlaw.iit.edu

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 21st day of April 2026, she caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Partial Motion to Dismiss to be filed with the Clerk of the Court using the CM-ECF Filing system, which electronically serves a copy upon the following counsel of record.

/s/ Jamie S. Franklin

Jamie S. Franklin

Service List:

Caroline K. Kane (ckk@franczek.com)
Sally J. Scott (sjs@franczek.com)
FRANCZEK P.C.
300 S. Wacker Drive
Suite 3400
Chicago, IL 60606

# Exhibit A