E-FILED
Tuesday, 05 May, 2026 04:36:30 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

**KATINA WILCHER,**

**Plaintiff,**

**v.**

**CHAMPAIGN UNIT 4 SCHOOL DISTRICT, et al.,**

**Defendants.**

**Case No. 24-2240**

## REPORT AND RECOMMENDATION

Before the Court is the Petition for Attorneys' Fees (#30) filed by Defendants the Board of Education of Champaign Community Unit School District #4, Shelia Boozer, and Ken Kleber (collectively, Defendants). Plaintiff Katina Wilcher ("Plaintiff") filed a Response (#34) in opposition.

On April 2, the District Court adopted this Court's Report and Recommendation (#32) and granted in part and denied in part Defendants' Motion to Dismiss or for Alternative Relief (#26). Defendants were awarded reasonable expenses and attorney's fees incurred in bringing their Motion to Compel (#18) and Motion to Dismiss (#26). Plaintiff was directed to pay those fees and expenses incurred by Defendants from the date after Defendants' Requests for Admission related to the medical records at issue. This matter was referred back to this Court to consider Defendants' Petition and Plaintiff's Response in determining the appropriate amount of attorney's fees.

Defendants seek $8,687 in attorney's fees for work done by attorneys Caroline K. Kane, Sally J. Scott, and Reva Ghadge. Defendants attach declarations from Kane, Scott, and Ghadge, as well as a schedule of the time entries for each attorney (#30, Ex. 1-A), and a copy of the invoices billed to Defendants (#30, Ex. 1-B).

"The starting point for a court's evaluation of any fee petition . . . 'is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate.'" *Sonrai Sys., LLC v. Romano*, 2022 WL 4551893, at *3 (N.D. Ill. Sept. 29, 2022) (quoting *Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 859 (7th Cir. 2016)). "District courts have wide discretion in determining the appropriate amount of attorney's fees," and the "party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

First, the Court must determine the number of hours reasonably expended. "What qualifies as a 'reasonable' use of a lawyer's time 'is a highly contextual and fact specific enterprise[.]'" *Melikhov v. Drab*, 2018 WL 3190824, at *4 (N.D. Ill. May 21, 2018) (quoting *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010)). When reporting the hours expended on the motion, counsel must use billing judgment in deciding which hours are reasonable and "properly billed to one's *adversary* pursuant to statutory authority." *Spegon,* 175 F.3d at 552 (internal quotations and citation omitted) (emphasis in original). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id.* (internal quotations and citation omitted). "Among other things, the Court must assess the attorneys' time entries and must exclude from the lodestar hours that are excessive, redundant, vague, inadequately documented or otherwise unnecessary." *Sonrai Sys., LLC*, 2022 WL 4551893, at *4.

Defendants argue their attorneys reasonably expended 32.9 hours on tasks associated with their Motions to Compel and to Dismiss. Specifically, Defendants state:

- Kane, a partner with nine years of litigation experience, expended 22.1 hours;
- Scott, a partner with more than 30 years of experience, expended 1.0 hours; and
- Ghadge, an associate with five years of experience, expended 9.8 hours.

Defense counsel's entries include time billed for conferences and correspondence as well preparation and research for such, drafting discovery deficiency letters, and motion practice related to the Motion to Compel and Motion to Dismiss. Generally, such work is recoverable. *See Melikhov*, 2018 WL 3190824, at *5 (allowing recovery of fees for

"meeting and conferring, bringing motions, and attending hearings related to Defendants' failure to satisfy their discovery obligations").

However, Defendants seek fees outside the scope of what the District Court allowed. Namely, Defendants seek fees for work dating back to April 23, 2025. The District Court directed Plaintiff to pay those fees and expenses incurred from the date *after* the Requests for Admission related to the medical records at issue. Defendants issued their Requests for Admission on May 15, 2025. (*See* #18-1, Ex. 8). Thus, all hours expended on or before May 15, 2025, will be excluded from the lodestar calculation.

Plaintiff argues that other entries should be excluded as well. First, Plaintiff argues that Defendants' time entries list broad categories of work described at a high level of generality and should be excluded or reduced. The Court disagrees. The time entries are specific enough for this Court to determine that they are sufficiently related to the Motion to Compel and Motion to Dismiss.

Second, Plaintiff argues the Court should exclude the October 16, 2025, entry for "Conduct research on claim for attorneys' fees and revise motion to dismiss or for alternative relief related to the same" because this entry reflects time spent on Defendants' fee petition, not the Motion to Compel or Motion to Dismiss. "[A]ttorneys' fees incurred in bringing fee petitions are recoverable under Rule 37." *Catapult Commc'ns Corp. v. Foster*, 2009 WL 2707040, at *2 (N.D. Ill. Aug. 25, 2009). Thus, this time entry will be included.

Next, Plaintiff argues the Court should apportion fees because Defendants' Motions to Compel and to Dismiss were both granted in part and denied in part and the relief granted was narrower than the relief sought. While this is true, Defendants had to file both Motions largely because Plaintiff misled defense counsel and the Court about the existence of medical records. As Plaintiff negligently, and perhaps knowingly, misled defense counsel and this Court, the Court declines to apportion the fees.

Finally, Plaintiff argues other circumstances make a full fee award unjust because the discovery dispute arose from ambiguity in Defendants' Request for Admission. The

Court already rejected this argument in its Report and Recommendation. As the Court noted in its Report and Recommendation,

> Plaintiff has not provided any reason why she misled defense counsel about the existence of medical records or why other circumstances would make an award of expenses unjust. As already noted, Plaintiff should have clarified during the meet and confer, in response to the Rule 37 letter or RFAs, or in response to the Motion to Compel that no medical records existed of her seeking medical treatment for the alleged abuse. Plaintiff failed to do so, continuing the charade until ordered by the Court to produce records that did not exist.

In sum, all time entries after May 15, 2025, reflect reasonable hours expended and will be included in the lodestar calculation.

Next, the Court must determine the reasonable hourly rate for each defense attorney. "A reasonable hourly rate is based on the local market rate for the attorney's services." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). An attorney's "market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Bankston v. State of Ill.*, 60 F.3d 1249, 1256 (7th Cir. 1995) (quotation omitted). "The best evidence of the market rate is the amount the attorney actually bills for similar work," *id.* at 1256, and it "is presumptively appropriate to use as the market rate." *Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909–10 (7th Cir. 2007) (internal quotations and citation omitted).

"The burden of proving the 'market rate' is on the fee applicant; however, once the attorney provides evidence establishing his market rate, the burden shifts to the defendant to demonstrate why a lower rate should be awarded." *Spegon*, 175 F.3d at 554-555 (citations omitted). "[I]f a fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "In making that determination, the Court can review publicly available information about rates charged by similarly experienced attorneys in the community for similar work and the attorney's experience." *Sonrai Sys., LLC*, 2022 WL 4551893, at *7.

Defense counsel attaches a copy of the invoices for payment of the attorney's fees Defendants incurred. According to Kane's declaration, the work reflected in the invoices is billed to Defendants at the rate of $250-$270 per hour. Specifically, Kane's hourly rate is $270 per hour, Scott's is $270 per hour, and Ghadge's is $250 per hour. The submitted invoices along with the time entries and Kane's declaration are sufficient to establish the attorneys' market rates.

Defendants have met their burden of establishing that their attorneys' rates are reasonable and appropriate for the lodestar calculation. The burden now shifts to Plaintiff to show why a lower rate should be awarded.

Plaintiff argues that Defendants provide no evidence of defense counsel's ordinary paying-client rates for similar matters, no affidavits from comparable attorneys in this market, and no evidence of comparable fee award. "It is true that in some cases an 'attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services.'" *U.S.A. v. CDW–Government, Inc.*, 2013 WL 11267176, at *2 (S.D. Ill. May 17, 2013) (quoting *Spegon,* 175 F.3d at 556). But "evidence of the prevailing market rate in the community (necessarily evidence beyond the fee petitioner's affidavit) is required only in the absence of evidence of the fee petitioner's actual billing rate." *Id.* at *3. "Only if an attorney is unable to provide evidence of her actual billing rates should a district court look to other evidence, including 'rates similar experienced attorneys in the community charge paying clients for similar work.'" *Mathur v. Bd. of Trustees of S. Illinois Univ.*, 317 F.3d 738, 743 (7th Cir. 2003) (quoting *Spegon*, 175 F.3d at 555).

Since defense counsel has established their actual billing rate, Plaintiff's argument has no merit. Defendants have established the true billing rate of their counsel, and these rates will be awarded. The resulting lodestar calculation is as follows:

| Attorney Name | Compensable Hours | Hourly Rate | Fee Award |
|---|---|---|---|
| Caroline K. Kane | 17.7 | $270 | $4,779 |
| Sally J. Scott | 1.0 | $270 | $270 |
| Reva G. Ghadge | 3.6 | $250 | $900 |
| | | **Total:** | **$5,949** |

While the lodestar gives a presumptively reasonable fee, after determining the lodestar, the court "may determine whether an adjustment is warranted under the case-specific circumstances." *Nichols v. Illinois Dep't of Transportation*, 4 F.4th 437, 441 (7th Cir. 2021). There is nothing unique about these circumstances that warrants further adjustments.

For these reasons, the Court recommends that Defendants' Petition for Attorneys' Fees (#30) be granted in part and denied in part and that Defendants be awarded **$5,949** in attorney's fees. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 5th day of May, 2026.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE